IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

      Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

## DEFENDANT'S UNOPPOSED MOTION FOR
## LEVEL 1 RESTRICTED ACCESS TO ECF NO. 32

Pursuant to D.C.COLO.LCivR 7.2, Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") respectfully requests that the Court maintain Level 1 restricted access to Exhibit 3 [ECF No. 32] of Bradley Lambert's Declaration, which is attached to Frontier's Motion to Dismiss Under Rules 12(b)(6) and 12(b)(1) ("Motion to Dismiss") [ECF No. 33] as Exhibit A [ECF No. 33-1]. In support of its Motion, Frontier states as follows:

### CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Frontier conferred with counsel for Plaintiffs regarding this Motion. Counsel for Plaintiffs do not oppose Frontier's request to restrict Exhibit 3 [ECF No. 32] of Bradley Lambert's Declaration [ECF No. 33-1] from public access on a "Level 1" basis.

### MOTION

1. On August 10, 2020, Frontier filed its Motion to Dismiss [ECF No. 33] Plaintiffs' Complaint.

2. Exhibit A to Frontier's Motion to Dismiss is a declaration provided by Bradley Lambert (the "Declaration") [ECF No. 33-1].

3. Mr. Lambert's Declaration attaches four (4) Exhibits [ECF Nos. 32, 33-2-5].

4. Exhibit 3 [ECF No. 32] to Mr. Lambert's Declaration is a copy of the proposed revision to Frontier's Flight Operations Manual Volume 1 ("Manual"), which Frontier requested from the Federal Aviation Administration ("FAA") in a letter dated June 26, 2020.

5. When Frontier filed its Motion to Dismiss, it filed Exhibit 3 [ECF No. 32] under Level 1 restriction.

6. "Courts have long recognized a common-law right of access to judicial records." *Dawson v. Coleman,* No. 18-CV-01112-MSK-SKC, 2020 WL 1511127, at *8 (D. Colo. Mar. 30, 2020), quoting *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). "Although this common law right is not absolute, there is a strong presumption in favor of public access." *Id.* (internal quotation marks and citations omitted). However, this presumption can "be overcome where countervailing interests heavily outweigh the public interests in access" to the judicial record. *Id.*

7. One exception that courts have consistently held outweighs public interest in access to judicial records is the need to safeguard information protected from disclosure by law. *See e.g., Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of New York,* No. 18-CV-4994-AKH, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (Although a right of public access generally attaches to pleadings, portions of

pleadings may be filed under seal where doing so is necessary to "preserve higher values," and the request "is narrowly tailored to serve that interest…One such "higher value" is the need to safeguard information protected from disclosure by law."), citing *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445–46 (E.D.N.Y. 2016) (granting motion to seal complaint allegations containing information protected from disclosure by law), *vacated on other grounds*, 676 F. App'x 51 (2d Cir. 2017); *In re: Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001) (reversing district court order denying motion to seal where Federal Election Campaign Act and implementing regulations prohibited Federal Election Commission from publicly disclosing certain information); *Strauss v. Credit Lyonnais, S.A.*, No. 06-CV-702 (DLI) (MDG), 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011) (requiring parties to file under seal certain financial records the disclosure of which is prohibited by French bank secrecy laws); *see also Corbett v. Transportation Sec. Admin.*, 767 F.3d 1171, 1183 (11th Cir. 2014) (granting TSA's motion to seal SSI materials).

8. Here, federal law prohibits Frontier from disclosing the information reflected in Exhibit 3 [ECF No. 32] to the general public, and subjects Frontier to civil penalties for any unauthorized disclosure.

9. Pursuant to 49 U.S.C. § 114(r)(1)(C), Congress has directed the Transportation Security Administration (TSA) to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security ... if [TSA] decides that disclosing the information would ... be detrimental to the security of transportation." 49 U.S.C. § 114(r)(1)(C).

10. In response to that directive, TSA has defined a body of information as Sensitive Security Information ("SSI") that may not be disclosed except in certain limited circumstances. *See* 49 C.F.R. § 1520.5 (describing information that constitutes SSI); *id.* § 1520.9(a)(2) explaining that SSI may generally be disclosed only to "covered persons who have a need to know"); *id.* § 1520.7 (defining "[c]overed persons"); *id.* § 1520.11 (defining "need to know"); *id.* § 1520.13 (describing protective marking requirements).

11. In this case, Exhibit 3 [ECF No. 32] to Mr. Lambert's Declaration [ECF No. 33-1] contains SSI in that the document seeks to address safety concerns on aircrafts.

12. Therefore, in compliance with § 1520.5, Frontier appropriately marked the document as follows:

> SENSITIVE SECURITY INFORMATION – DESTROY PRINTED PAGES UPON REVISION
>
> WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 C.F.R. PARTS 15 AND 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW," AS DEFINED IN 49 C.F.R. PARTS 15 AND 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECURITY OF TRANSPORTATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTIES OR OTHER ACTION. FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE GOVERNED BY 5 U.S.C. 552 AND 49 C.F.F. PARTS 15 AND 1530.

ECF No. 32.

13. Because the general public has no right to access the SSI reflected in Exhibit 3 [ECF No. 32] and because Frontier is obligated by law to protect the information from disclosure, Exhibit 3's Level 1 restriction should be maintained. *See id.* §§1520.7(j)-(k) (listing persons with a "need to know" SSI).

14. Redacting the information contained in Exhibit 3 [ECF No. 32] is not practical in that the entirety of the information relevant to this litigation reflected in Exhibit 3 [ECF No. 32] is SII and therefore, protected from disclosure.

15. Accordingly, Frontier respectfully requests that the Court maintain the Level 1 restriction on Exhibit 3 [ECF No. 32] to Mr. Lambert's Declaration attached as Exhibit A [ECF No. 33-1] to Frontier's Motion to Dismiss [ECF No. 33] .

Respectfully submitted this 18th day of August, 2020.

*s/ Danielle L. Kitson*
Danielle L. Kitson
Erin A. Webber
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: dkitson@littler.com
        ewebber@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2020, I electronically filed the foregoing **DEFENDANT'S UNOPPOSED MOTION FOR LEVEL 1 RESTRICTED ACCESS TO ECF NO. 32** via the CM/ECF system, which will send notification of such filing to the following:

Jayme Jonat
Vincent Gregory Levy
Holwell Shuster & Goldberg LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: vlevy@hsgllp.com
       jjonat@hsgllp.com

Galen Leigh Sherwin
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-519-7819
Fax: 212-549-2580
Email: gsherwin@aclu.org

Mark Silverstein
Sara R. Neel
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO 80203
Phone: 303-777-5482
Fax: 303-777-1773
Email: msilverstein@aclu-co.org
       sneel@aclu-co.org

*Attorneys for Plaintiffs*

                                        *s/Joanna Fox*
                                        Joanna Fox