IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER,
BRANDY BECK,
ERIN ZIELINSKI, and
SHANNON KIEDROWSKI

        Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

        Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference is set for August 26, 2020 at 9:30 AM.

| For the Plaintiffs | For the Defendant |
|---|---|
| Sara R. Neel<br>Mark Silverstein<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO<br>303 East 17thAvenue, Suite 350<br>Denver, CO 80203<br>Phone: 720-402-3107<br>Fax: 303-777-1773<br>Email: sneel@aclu-co.org<br>Email: msilverstein@aclu-co.org<br><br>Galen Sherwin<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>WOMEN'S RIGHTS PROJECT<br>125 Broad Street, 18th Floor | Erin A. Webber<br>Danielle L. Kitson<br>LITTLER MENDELSON P.C.<br>1900 16th Street<br>Suite 800<br>Denver, CO 80202<br>Phone: 303-629-6200<br>Fax: 303-629-0200<br>Email: ewebber@littler.com<br>Email: dkitson@littler.com |

| | |
|---|---|
| New York, New York 10004<br>Phone: 212-519-7819<br>Email: gsherwin@aclu.org<br><br>Vincent Levy<br>Jayme Jonat<br>HOLWELL SHUSTER & GOLDBERG LLP<br>IN COOPERATION WITH THE AMERICAN CIVIL LIBERTIES UNION<br>425 Lexington Avenue, 14th Floor<br>New York, NY 10019<br>Phone: 646-837-5151<br>Fax: 646-837-5150<br>Email: vlevy@hsgllp.com<br>Email: jjonat@hsgllp.com | |

## 2. STATEMENT OF JURISDICTION

### a. Plaintiffs:

The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case raises claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). The Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has supplemental jurisdiction over Plaintiffs' Colorado state law claims under 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as Plaintiffs' federal statutory claims.

### b. Defendant:

Defendant Frontier Airlines, Inc. ("Frontier") does not dispute that this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Frontier does dispute, however, that the Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act "does not create its own substantive cause of action; rather, it is 'remedial only, and is not itself a basis for federal subject matter

jurisdiction.'" *Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 381 (D.S.C. 2019) (collecting cases and quoting *Volvo GM Heavy Truck Corp. v. United States DOL*, 118 F.3d 205, 210 (4th Cir. 1997)). While Frontier does not dispute that the Court has supplemental jurisdiction over Plaintiffs' Colorado state law claims under 28 U.S.C. § 1367, Frontier takes the position that those claims are preempted by the Federal Aviation Act and Airline Deregulation Act. *See* Frontier's Motion to Dismiss [ECF No. 33].

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. <u>Plaintiffs:</u>

Plaintiffs in this case are four female pilots at Frontier Airlines, with several decades of flying experience between them, who had children and breastfed their babies during their employment with Frontier. Plaintiffs allege that Frontier Airlines unlawfully discriminated against them by forcing them onto unpaid leave during their pregnancies, failing to provide them with any alternatives that would have enabled them to continue earning an income, and refusing to accommodate their medical needs related to lactation and breastfeeding upon their return to work. Each of the Plaintiffs has been subject to and harmed by these unlawful policies and practices.

Plaintiffs allege that Frontier's policies and practices related to the treatment of pilots who are pregnant or breastfeeding has violated and continues to violate state and federal law, including: Title VII; the Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions, Colo. Rev. Stat. Ann. § 24-34-402.3; the Colorado Workplace Accommodations for Nursing Mothers Act, Colo. Rev. Stat. § 13-1-124(1) ("WANMA"); and the Colorado Anti-discrimination Act, Colo. Rev. Stat. § 24-34-401, *et seq.* ("CADA"). They seek declaratory and injunctive relief and monetary

damages to redress the effects of Frontier's systemic, pervasive and discriminatory employment policies and practices.

### b. Defendant:

Plaintiffs in this Title VII action are four pilots who assert that Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and lactation. Among other things, they claim that Frontier should have provided them with paid medical leave – even though no applicable law requires it. They further assert that the job-protected unpaid leave provided by Frontier (at least three years for Plaintiff Beck; 14 months for Plaintiffs Freyer and Zielinski; and seven months for Plaintiff Kiedrowski) was insufficient – even though the amount of leave granted was well in excess of what any applicable law requires.

Plaintiffs' 67-page Complaint, laced with inflammatory rhetoric and legal conclusion, is largely devoid of substance. The vast majority of the actions that Plaintiffs challenge are long time-barred, some extending as far back as 2010. Plaintiffs' Colorado statutory claims are preempted by federal law occupying the fields of aviation safety and air transportation services. Further, most of Plaintiffs' remaining causes of action fail to state a claim upon which relief can be granted.

When distilled down, Plaintiffs' timely claims in essence relate to Plaintiff Beck's and Plaintiff Freyer's requests for breaks of up to 25 minutes every two to four hours – while on duty, in flight – to pump breast milk in the aircraft's cockpit or lavatory. Their claims fail as a matter of law for a number of reasons, including, but not limited to the fact that they have not pointed to any other individuals or groups similar in their ability or inability to work who were granted the same accommodations. Plaintiffs' claims should

be dismissed as a matter of law in their entirety, with the one exception of Plaintiff Freyer's First Cause of Action (as to Plaintiff Freyer only), and limited to her grounding in October 2015 at 32 weeks of pregnancy.  *See* Frontier's Motion to Dismiss [ECF No. 33].

For its defenses, Frontier asserts that Plaintiffs' Complaint fails to state a claim upon which relief may be granted as argued in Frontier's Motion to Dismiss [ECF No. 33]. Plaintiffs' claims further fail because Plaintiffs did not timely exhaust their administrative remedies.  *See id.*  Plaintiffs' claims are additionally barred, in whole or in part, by the applicable statutes of limitations.  *See id.*  Moreover, Plaintiffs' state law claims are preempted by federal law.  *See id.*  Plaintiffs' WANMA claim fails to the extent it is based on extraterritorial application.  *See id.*

As additional defenses, without limitation, Frontier will assert that Plaintiffs had a duty to mitigate any damages, and that any failure on their part to do so limits or eliminates any right to recovery.  Plaintiffs' claims are subject to statutory caps or other limitations on remedies, and any damages awarded must be reduced to the level of the caps or pursuant to other limitations.

Further, the challenged policies applied by Frontier do not result in a disparate impact on protected classes.  In any event, there is no alternative policy that exists that would serve Frontier's legitimate goals with less discriminatory effect than the challenged policies.  Some or all of the challenged policies are based on bona fide occupational qualifications.  The challenged policies and practices are job related and consistent with business necessity.

Frontier will establish that its actions were at all times taken without malice, and without reckless indifference to Plaintiffs' federally protected rights.  All actions taken by

Frontier were taken in good faith, and were based on legitimate, non-discriminatory reasons. Frontier at all times has made good faith attempts to comply with the law, including but not limited to, by adopting policies and procedures designed to prevent unlawful discrimination.

Additionally, Plaintiffs' request for declaratory relief fails because no administratively exhausted substantial controversy of sufficient immediacy exists between the parties now, on a going forward basis. A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply proclaim liability from a past act. Plaintiffs here seek a declaration based entirely on past acts.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Defendant Frontier Airlines, Inc., is a Colorado corporation with a principal place of business located in Denver, Colorado.
b. Plaintiffs are all currently employed as pilots for Frontier.
c. On May 6, 2016, Plaintiffs each filed charges with the Equal Employment Opportunity Commission, cross-filed with the Colorado Civil Rights Division. .

d.
e. All Plaintiffs gave birth to at least one child during the time period when they were employed as pilots at Frontier.
f.
g.

Further undisputed facts may be determined upon Frontier's filing of an Answer, or in the course of discovery and filing of any dispositive motions.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiffs:

Plaintiffs seek economic and non-economic damages, including compensatory damages, restitution, penalties, liquidated damages, exemplary damages, punitive damages, and pre-judgment and post-judgment interest, as provided by law.  A more precise computation of Plaintiffs' damages, to the extent Plaintiffs' damages are subject to such computation, will be provided during the normal course of discovery and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.  Damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1).  "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000).  Plaintiffs also seek attorney's fees and costs under federal and Colorado law.

### b. Defendant:

Frontier is not seeking damages per se, but reserves its right to seek prevailing party attorneys' fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) meeting. August 12, 2020.

### b. Names of each participant and party he/she represented.

Galen Sherwin for the Plaintiffs.

Danielle Kitson for Frontier.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures will be made on or before **August 31, 2020**.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties have agreed to exchange initial disclosures on or before August 31, 2020.

e. **Statement concerning any agreements to conduct informal discovery.**

None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Counsel for the parties have agreed to work together to resolve discovery disputes as they may arise. Counsel for the parties will agree on a unified exhibit numbering system. The parties have agreed to make all productions electronically wherever possible.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that the case will involve extensive electronically stored information. The parties will discuss the most efficient means for exchanging electronically stored information.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

During the Rule 26(f) conference, the parties continued to discuss the possibilities for a prompt settlement, including early mediation. The parties have participated in three settlement conferences conducted by Judge Hegarty, on May 13, 2020, June 4, 2020,

and July 15, 2020, in an attempt to reach a mutually acceptable resolution with respect to this action as well as in *Hodgkins et al. v. Frontier Airlines*, 1:19-cv-03468. While the parties made progress toward a resolution in the *Hodgkins* action, they have reached an impasse in the present action.

**7. CONSENT**

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

**a. <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.</u>**

~~None.~~ **Each side may take 10 depositions and each side may serve 25 interrogatories including discreet subparts.**

**b. <u>Limitations which any party proposes on the length of depositions.</u>**

~~None other than the presumptive limits contained in the Federal Rules.~~

**Depositions shall not exceed 1 day of 7 hours.**

**c. <u>Limitations which any party proposes on the number of requests for production and/or requests for admission.</u>**

30 Requests for Production per side.

30 Requests for Admission per side.

**d. <u>Other Planning or Discovery Orders</u>**

On the same day this case was filed, Counsel for the Plaintiffs filed another case that they marked as a related case, *Hodgkins et al. v. Frontier Airlines*, 1:19-cv-03468, assigned to the Honorable Judge Moore and referred to the Honorable Magistrate Judge Hegarty. Should the two cases be deemed related and transferred to be heard by the same judicial officer, Plaintiffs would seek to have the discovery in this case proceed on a parallel track and be coordinated with the discovery in the *Hodgkins* case in order to

promote judicial efficiencies.  Plaintiffs anticipate this would include an agreement by the Parties that all written discovery requests and responses would be coordinated to the extent practicable to avoid duplication, and that document production may be shared across the two cases.  Plaintiffs anticipate that depositions of fact witnesses and experts would be held separately in the two cases unless both Plaintiffs and Defendant consent otherwise.

**Defendant:**  Frontier does not believe that the *Freyer* and *Hodgkins* cases should be consolidated in any way, particularly because *Hodgkins* is a putative class action case involving flight attendants (not pilots), with unique issues specific to flight attendants.

Frontier has filed a Motion to Dismiss [ECF No. 33] in this action with respect to the vast majority of Plaintiffs' claims, and Frontier will be filing a motion to stay or limit discovery as to all but the remaining one claim that remains viable past the pleadings stage:  Plaintiff Freyer's First Cause of Action (as to Plaintiff Freyer only), and limited to her grounding in October 2015 at 32 weeks of pregnancy.

9. **CASE PLAN AND SCHEDULE**

    a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

    December  23, 2020

    b. **Discovery Cut-off: April 23, 2021**

    ~~June 22, 2021.  The deadline for fact discovery shall be January 22, 2021.~~

    c. **Dispositive Motion Deadline: May 24, 2021**

    ~~November 22, 2021~~

    d. **Expert Witness Disclosure:**

       1. **The parties shall identify anticipated fields of expert testimony, if any**

At this time, both sides anticipate possibly using expert witnesses in the fields of lactation, airline safety, company policies and practices, as well as damages.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

   **Each side is limited to 3 retained experts.**

   ~~The parties do not anticipate any more than three experts per side, but each party reserves its right to identify additional experts should the need arise.~~

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 22, 2021.**

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 22, 2021.**

e. **Identification of Persons to Be Deposed:**

The parties have not yet exchanged discovery and therefore are not able to identify the particular persons to be deposed.

f. **Deadline for Interrogatories:**

Parties must serve interrogatories no later than **March 9, 2021** ~~the 45th day before the discovery cut-off date.~~

g. **Deadline for Requests for Production of Documents and/or Admissions**

Parties must serve requests for admissions and requests for production of documents no later than **March 9, 2021** ~~the 45th day before the discovery cut-off date.~~

**10.  DATES FOR FURTHER CONFERENCES**

**Counsel shall file a Joint Status Report on or before November 6, 2020 (see accompanying Courtroom Minutes for specifics).**

    a. A **telephone** final pretrial conference will be held in this case on **July 26, 2021 at 10:30 a.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

      The parties agree to work together to agree upon an appropriate protective order.

    b. **Anticipated length of trial and whether trial is to the court or jury.**

      This is a jury trial. The parties anticipate that a jury trial will take approximately 7 days.

    c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

      None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amend only upon a showing of good cause.

DATED at Denver, Colorado, this 26TH day of August, 2020.

BY THE COURT:

*s/ S. Kato Crews*

Magistrate Judge S. Kato Crews