**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

       Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

       Defendant.

---

**FRONTIER'S MOTION TO STAY DISCOVERY
OR, IN THE ALTERNATIVE, TO LIMIT DISCOVERY
TO PLAINTIFF FREYER'S FIRST CAUSE OF ACTION**

---

Under Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Frontier Airlines, Inc. ("Frontier") respectfully moves for a stay of discovery in this action pending the Court's ruling on Frontier's Motion to Dismiss under Rule 12(b)(6) and Rule 12(b)(1), filed on August 10, 2020 [ECF #33]. In the alternative, Frontier moves to limit discovery to Plaintiff Freyer's First Cause of Action, as articulated below. The parties have conferred through their counsel by telephone under **Local Rule 7.1** and **CMA Civ. Practice Standard 7.1D**, but were unable to reach agreement and Plaintiffs oppose the Motion. In support of the Motion, Frontier states as follows:

**I.    INTRODUCTION**

Plaintiffs in this Title VII action are four pilots who assert that Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and lactation. On August 10, 2020, Frontier filed a Motion to Dismiss under Rules 12(b)(6)

and (b)(1) of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiffs' claims in their entirety, with the one narrow exception of Plaintiff Freyer's First Cause of Action (as to Plaintiff Freyer only), limited to her grounding in October 2015 at 32 weeks of pregnancy.  *See* ECF #33 at 1, 30.

In seeking dismissal, Frontier argues that the vast majority of the actions that Plaintiffs challenge are long time-barred, some extending as far back as 2010.  *See* ECF #33 at 8-17.  In fact, Plaintiff Kiedrowski's and Plaintiff Zielinski's claims are time-barred in their entirety.  *See id.* at 11-13.  Frontier further argues that Plaintiffs' Colorado statutory claims are preempted by federal law occupying the fields of aviation safety and air transportation services.  *See id.* at 17-23.  Moreover, as articulated in the Motion to Dismiss, most of Plaintiffs' remaining causes of action fail to state a claim upon which relief can be granted.  *See id.* at 24-30.

The only claim not subject to dismissal relates to a negotiated provision in the collective bargaining agreement between Frontier and the Air Line Pilots in the Service of Frontier Airlines, Inc., as represented by the Air Line Pilots Association, International ("CBA"), requiring that pregnant pilots stop flying after their 32nd week of pregnancy.  *See* ECF #33 at 3, ¶ 2; 6, ¶ 19.  Plaintiff Freyer was grounded in October 2015 in accordance with the CBA, and her narrow claim is unique in that it will turn on a well-recognized bona fide occupational qualification ("BFOQ") defense based on public safety.  *See id*. at 24.

In situations like this one, where a dispositive motion could result in the dismissal of all or almost all of a plaintiff's claims, "a stay of discovery pending the determination of [the] dispositive motion is an eminently logical means to prevent wasting the time and

effort of all concerned, and to make the most efficient use of judicial resources." *Burba v. United States*, Civil Action No. 1:19-cv-00155-CMA-SKC, 2020 U.S. Dist. LEXIS 129238, at *2-3 (D. Colo. July 22, 2020) (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Toward the goal of judicial economy and the preservation of the parties' resources, Frontier respectfully requests that discovery in this case be stayed as to all claims and issues pending the resolution of Frontier's Motion to Dismiss. In the alternative, if the Court is not inclined to stay discovery as to the action as a whole, Frontier moves to strictly limit discovery to Plaintiff Freyer's First Cause of Action, and specifically to the issues related to her grounding in October 2015 under the CBA.

## II.  LEGAL ARGUMENT[1]

### A.  Discovery Should Be Stayed

A stay of discovery is warranted and appropriate in this case. The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). While stays are the exception and not the rule, this Court and others have entered stays when

---

[1] Under Rule 10(c) of the Federal Rules, Frontier incorporates by reference its Motion to Dismiss and all attached exhibits, which articulate in full Frontier's arguments in seeking dismissal. ECF #33.

3

a dispositive motion is pending, particularly those that involve threshold questions of law or jurisdictional issues. *See, e.g., Western Acceptance, LLC v. General Agric. Inc.*, Civil Action No. 20-cv-00052-CMA-KMT, 2020 U.S. Dist. LEXIS 119529, at *9-21 (D. Colo. July 8, 2020) (imposing a stay where outstanding dispositive motions "address[ed] threshold questions of law, including jurisdiction") (collecting cases); *J.Z.A. v. Centura Health Corp.*, Civil Action No. 1:19-cv-02369-CMA-SKC, 2019 U.S. Dist. LEXIS 195864, at *5-6 (D. Colo. Nov. 12, 2019) ("Courts in this district 'have routinely recognized that a stay of discovery may be appropriate where the court's jurisdiction is at issue.'").

Frontier's Motion to Dismiss raises both threshold questions of law (*e.g.*, whether Plaintiffs' claims are time-barred in whole or in part on the face of the Complaint), and jurisdictional issues (*e.g.*, whether Plaintiffs' state-law claims are preempted). A stay is therefore appropriate to conserve both the parties' and the Court's resources. Indeed, "[e]ven [where a] dispositive motion does not result in the complete dismissal" of a plaintiff's case, courts in the Tenth Circuit have entered stays where "a ruling could narrow the case, [thereby] 'making [pre-ruling] discovery . . . wasteful and burdensome.'" *Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM, 2019 U.S. Dist. LEXIS 85244, at *4 (D. Kan. May 20, 2019); *see also, e.g., Cooper v. Mayor of Savannah*, No. CV416-329, 2017 U.S. Dist. LEXIS 28084, at *4-5 (S.D. Ga. Feb. 28, 2017) (motion to stay granted where dispositive motion only addressed some, but not all, claims: "If the case, or any portion of it, is summarily resolved before discovery, both parties will avoid unnecessary expenses"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun,

unnecessary costs to the litigants and to the court system can be avoided. . . . [Thus,] any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."); *Anoruo v. Shinseki*, No. 2:11-cv-02070-MMD-CWH, 2012 U.S. Dist. LEXIS 110440, at *9-10 (D. Nev. Aug. 6, 2012) (staying Title VII case pending partial motion to dismiss based on failure to exhaust administrative remedies).

In determining whether to issue a stay, the Court considers and balances five factors: "(1) plaintiff's interest in proceeding expeditiously and the potential prejudice of a delay; (2) the burden on the defendant if no stay is issued; (3) the convenience to the court; (4) the interests of non-parties; and (5) the public interest." *Burba*, 2020 U.S. Dist. LEXIS 129238, at *2-3 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). Here, these well-known *String Cheese* factors militate in favor of a stay.

**1.  Plaintiffs Will Not Suffer Significant Prejudice if Discovery Is Stayed**

Plaintiffs' claims in this case are already over four years old, and are based on events beginning a decade ago. Any prejudice to Plaintiffs resulting from a relatively brief discovery stay will be minimal in that context, and the prejudice factor therefore does not weigh strongly against the imposition of a stay. *See e.g., In re Broiler Chicken Grower Litig.*, No. 6:17-CV-00033-RJS, 2017 U.S. Dist. LEXIS 142069, at *9-20 (E.D. Okla. Sep. 1, 2017) (concluding that plaintiffs' interests in proceeding expeditiously would not "be significantly affected by a limited discovery delay measured in months while the court considers motions to dismiss").

As one court in the Tenth Circuit reasoned under similar circumstances:

> "[T]he court cannot conclude a short period of additional time will work significant additional harm to Plaintiffs, particularly in view of the lengthy time this case has been percolating and will take to litigate. The conduct at issue in the Consolidated Amended Complaint began nearly a decade ago. . . . There is little doubt these claims will take a substantial amount of time to litigate. In this context, a few months' delay to permit evaluation of initial Motions to Dismiss as this case begins will work only a comparatively small amount of harm to Plaintiffs."

*In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *9-20. Likewise here, where the events detailed in the Complaint began ten years ago, and the litigation (beginning with the administrative charge phase) is already four years old, a brief delay to allow the Court to rule on Frontier's dispositive motion will not result in significant prejudice.

While Frontier does not know what prejudice, if any, Plaintiffs in this case will actually claim, Plaintiffs generally in the Tenth Circuit and in this Court have tried to argue that delay may cause "evidence to disappear" and "witnesses [to] become unavailable or have [their] memories fade." *See, e.g.*, *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *9-20. That argument is unavailing here.

First, Frontier is under an obligation to retain evidence, and has done so. *See, e.g.*, *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *9-20 (finding that preservation obligations and the issuance of litigation holds rendered it unlikely that there would be lost evidence). Further, this is not a case that will likely involve extensive fact disputes; instead, Plaintiffs largely challenge Frontier's policies, not whether specific acts or events occurred or did not occur. Frontier is not aware of any witnesses who might become unavailable or documents that might be lost, nor does Frontier believe that

6

Plaintiffs are aware of any.  *See, e.g., Chapman v. Federal Bur. of Prisons*, Civil Action No. 15-cv-00279-WYD-KLM, 2015 U.S. Dist. LEXIS 99648, at *1-12 (D. Colo. July 30, 2015) ("Plaintiff argues that he will be prejudiced if discovery is stayed because witnesses' memories may fade and documents may be lost. . . .  However, this is a generalized concern that applies in every case in which a stay is sought. Plaintiff does not offer any information to support the conclusion that witness testimony or other evidence in this case may be impacted by a stay.").

Indeed, it is telling that Plaintiffs themselves did not seek a right to sue from the EEOC for over three and a half years, even though Plaintiffs had the right to request a notice of right to sue at any time, and would be guaranteed the issuance of such notice after their charges had been pending for at least 180 days.  *See* 29 C.F.R. § 1601.28(a)(1) (where a charging party requests, in writing, that a notice of right to sue be issued at any time after the expiration of 180 days from the date of filing, "the Commission shall promptly issue such notice"); *see also* 29 C.F.R. § 1601.28(a)(2) (providing a charging party with a right to request a notice even before the expiration of 180 days).  Plaintiffs filed their charges on May 6, 2016, but did not request a right to sue until December 2, 2019.  *See, e.g.*, ECF #1, ¶ 13.  It would be disingenuous for Plaintiffs to argue prejudice from a delay of mere months when they themselves delayed for several years.

Finally, it should be noted that this case is unique in that all four Plaintiffs are still employed by Frontier and earning salaries.  *Compare In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *9-20 (addressing plaintiffs' argument that they were suffering ongoing harm in the form of inability to earn a livelihood).  Plaintiffs' economic

7

damages will be limited to backpay remedies related to pregnancy- and lactation-related leaves of absence that they took years ago. There is no ongoing harm that would result from a short stay of discovery. The first *String Cheese* factor militates in favor of a stay.

### 2. Frontier Will Be Unduly Burdened if Discovery Moves Forward

Frontier has moved to dismiss all thirteen claims brought by all four Plaintiffs, with the narrow exception of Plaintiff Freyer's First Cause of Action related to her October 2015 grounding. Plaintiffs' 67-page Complaint raises a host of unrelated facts, issues, and claims spanning over a decade, and Frontier would be significantly burdened if it were required to respond to discovery in that regard – particularly where the vast majority of the events, issues, and claims are time-barred.

As just one example, Plaintiffs' Complaint asserts that Plaintiffs were discriminated against because they were not given temporary ground assignments, pointing to Frontier's on-the-job injury program as purported comparator evidence. *See, e.g.*, ECF #1, ¶¶ 47-48. A cursory review of the Complaint, however, shows that not one of the Plaintiffs allege that she requested and was denied a ground assignment within the applicable statute of limitations periods. If discovery were to proceed on Plaintiffs' patently time-barred claims (*e.g.*, on issues such as the on-the-job injury program), Frontier would be subjected to a far broader scope of discovery (and the Court subjected to a far broader scope of potential discovery disputes).

Such an expansion of discovery is not warranted, and the second *String Cheese* factor weighs in favor of a stay. *Accord In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *9-20 (agreeing with defendants that the plaintiffs' wide-ranging

allegations concerning a decade of conduct . . . [would] exacerbate [defendants'] costs and burdens because the breadth of discovery w[ould] be very broad: "[Defendants] argue these costs and burdens weigh in favor of a discovery stay to ensure Plaintiffs' pleaded claims are legally plausible and that only those among the dozen Defendants truly subject to suit in this venue are subjected to them. The court agrees that these considerations strongly favor a stay, particularly in light of the minimal prejudice Plaintiffs identify").

### 3. A Stay Will Conserve the Court's Resources and Further the Public Interest

Under the particular circumstances in this case, the public interest is furthered by first resolving the initial Motion to Dismiss and determining which claims and which Plaintiffs will remain in the case before discovery begins in earnest. Courts have long made clear that the "careful use of judicial resources" is "an interest to both the [C]ourt and the public." *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *17-18 (E.D. Okla. Sep. 1, 2017); *see also, e.g., Chapman,* 2015 U.S. Dist. LEXIS 99648, at *1-12 ("[W]hen discovery is stayed, scheduling and discovery issues will not be raised and will not take time from the Court that could be used to address other cases."). As noted above with respect to Frontier's burden, the Court also would be burdened by an unnecessary expansion of discovery on claims that are time-barred or over which the Court cannot exercise jurisdiction.

As this Court has reasoned, "[q]uestions of jurisdiction . . . should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Chapman*, 2015 U.S. Dist. LEXIS 99648, at *1-12 (collecting cases); *Frasier v. Evans*, Civil Action No. 15-cv-01759-REB-KLM, 2015 U.S. Dist. LEXIS 150300, at *1-7 (D. Colo. Nov. 5, 2015) (noting that the "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'"). The judicial resources and public interest *String Cheese* factors militate in favor of a stay.

### 4. Non-Party Interests Would Be Positively Impacted by a Stay

Frontier is unaware of any non-party interests that would be negatively impacted by a stay in this case, nor does Frontier believe Plaintiffs are aware of any. If anything, non-parties will be positively impacted by not having to respond to third-party document and deposition subpoenas. *See, e.g., In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *18-19 (finding that the burden and expense on third-party companies in responding to subpoenas would be significant); *see also Hay v. Family Tree, Inc.*, No. 16-cv-03143-CMA-KLM, 2017 U.S. Dist. LEXIS 87033, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding the fourth factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit"). The non-party interests *String Cheese* factor weighs in favor of a stay.

### B. In the Alternative to a Full Stay, Discovery Should Be Strictly Limited

Toward the aim of judicial economy and the preservation of the parties' resources, as discussed above, Frontier respectfully requests that discovery in this case be stayed

as to all claims and issues pending the resolution of Frontier's Motion to Dismiss. In the alternative, however, if the Court is not inclined to stay discovery as to the action as a whole, Frontier moves to strictly limit discovery to Plaintiff Freyer's First Cause of Action, and specifically to the issues related to her grounding in October 2015 under the CBA.

This Court has in the past, where it makes sense, stayed a case only partially while a dispositive motion is pending, allowing specified discovery to proceed. *See, e.g., Pharmacists Mut. Ins. Co. v. NAMIC Ins*. Co., Civil Action No. 1:18-cv-00791-MSK-SKC, 2018 U.S. Dist. LEXIS 163022, at *2-7 (D. Colo. Sep. 24, 2018) (allowing two depositions to proceed in order to establish jurisdictional facts).

In this case, Plaintiff Freyer's First Cause of Action based on her 32-week grounding is unique and somewhat narrow, in that it will turn on a BFOQ defense based on Frontier's genuine and legitimate need to protect public safety in flight. *See, e.g., Levin v. Delta Air Lines, Inc*., 730 F.2d 994 (5th Cir. 1984); *Harriss v. Pan Am. World Airways*, 649 F.2d 670 (9th Cir. 1980); *Burwell v. Eastern Air Lines, Inc*., 633 F.2d 361 (4th Cir. 1980); *Condit v. United Air Lines, Inc.*, 558 F. 2d 1176 (4th Cir. 1977). Because the claim is distinct from the others, and likely will not involve much, if any, fact disputes (instead turning primarily on aviation safety and medical expert testimony), Frontier believes that discovery as to the Plaintiff Freyer's First Cause of Action alone could proceed without significantly impacting the course of remaining discovery.

### III.     CONCLUSION

For the reasons articulated above, Frontier respectfully requests that discovery in this case be stayed as to all claims and issues pending the resolution of Frontier's Motion to Dismiss.  In the alternative, Frontier requests that discovery be strictly limited to Plaintiff Freyer's First Cause of Action, and specifically to the issues related to her grounding in October 2015 under the CBA.

Dated this 31st day of August, 2020

*s/ Danielle L. Kitson*
Danielle L. Kitson
Erin Ashley Webber
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
dkitson@littler.com
ewebber@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jayme Jonat
Vincent Gregory Levy
Holwell Shuster & Goldberg LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: vlevy@hsgllp.com
         jjonat@hsgllp.com

Galen Leigh Sherwin
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-519-7819
Fax: 212-549-2580
Email: gsherwin@aclu.org

Mark Silverstein
Sara R. Neel
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO 80203
Phone: 303-777-5482
Fax: 303-777-1773
Email: msilverstein@aclu-co.org
         sneel@aclu-co.org

*Attorneys for Plaintiffs*

                                                  *s/Joanna Fox*
                                                  Joanna Fox