IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RANDI FREYER,
BRANDY BECK,
ERIN ZIELINSKI, and                                    Case No. 1:19-cv-03468-CMA-SKC
SHANNON KIEDROWSKI

       Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

       Defendant.

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**
_____

**I.      Introduction**

On December 10, 2019, Plaintiffs filed their complaint in this action challenging

Defendant's systematic discrimination against pregnant and breastfeeding airline pilots,

bringing claims under Title VII and Colorado laws that require employers to

accommodate pregnancy and related medical conditions and specifically mandate the

provision of break time and a private, sanitary location to pump.  They at the same time

filed a matter on behalf of Frontier flight attendants, which they designated as a related

case.  These companion suits followed previous attempts to negotiate a resolution of

both matters prior to litigation, including a failed attempt in which Frontier reneged at the

last minute on previously agreed upon terms.  *See* Compl. ¶ 15. Shortly after Plaintiffs

filed suit, Defendant again offered to mediate this and the related matter.  However,

after meeting several times through a mediator (the magistrate judge in the related

matter) and the passage of several months, it became clear that the parties were at an

1

impasse as to resolving this matter.  *See* Sherwin Decl. at ¶¶ 12-13 (attached hereto as Exhibit A).

On August 10, 2020, Defendant filed a partial motion to dismiss, raising arguments as to timeliness, preemption of Plaintiffs' state law claims, and failure to state a claim.  *See* Motion to Dismiss by Defendant Frontier Airlines, Inc. dated August 10, 2020 (DE 33) ("Def. MTD").  Defendant concedes that at least one claim—Plaintiff Randi Freyer's challenge to the ban on flying after 32 weeks of pregnancy (Cause of Action No. 1)—is both valid and timely, and that it must move forward to discovery. Moreover, Defendant concedes the timeliness of various other allegations supporting the majority of Plaintiffs' causes of action.  Def. MTD at 16.  Plaintiffs subsequently filed their opposition to the motion to dismiss, arguing that the Court should deny Defendant's motion in full.[1]  *See* Plaintiffs' Opposition to Motion to Dismiss dated September 14, 2020 (DE 50) ("Pl. Opp. to MTD").

On August 31, 2020, Frontier filed the instant motion to stay discovery or, in the alternative, to limit discovery to Plaintiff Freyer's first cause of action, based on the supposed "goal of judicial economy and the preservation of the parties' resources." Defendant's Motion to Stay Discovery (DE 47) ("Def. Mot.") at 3.  Plaintiffs oppose this groundless request, which is nothing more than another instance in a long progression of stall tactics.  This Court should reject Defendant's attempt to use its routine motion to dismiss to justify further delay, and it should permit discovery to proceed immediately as to all of Plaintiffs' claims.

---

[1] Under Rule 10(c) of the Federal Rules, Plaintiffs incorporate by reference their Opposition to Defendant's Motion to Dismiss, which describes why Plaintiffs' claims are timely and valid.

## II.     Discovery Should Not Be Stayed

### A.     A Stay of Discovery Is an Exceptional Remedy That Should Only Be Granted in Extraordinary Circumstances That Are Not Present Here.

Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Burba v. United States*, No. 119CV00155CMASKC, 2020 WL 4207518, at *1 (D. Colo. July 22, 2020).  As this Court made clear just last year, "[t]his judicial district generally disfavors stays of discovery; and stays in this judicial district are the exception, not the rule." *Decker v. Murica LLC*, No. 119CV00104MSKSKC, 2019 WL 10250758, at *1 (D. Colo. Oct. 9, 2019).  Accordingly, as the Tenth Circuit has cautioned, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

When determining whether a stay of discovery is appropriate, this Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  Moreover, courts "should also consider the strength of the dispositive motion that is the basis of the discovery stay application."  *Gen. Steel Domestic Sales v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 5101341, at *3 (D. Colo. Nov. 26, 2008).  In consideration of these factors, the Court must conclude that a stay here is unwarranted.

3

As a threshold matter, Defendant has not identified any circumstances, let alone "extreme circumstances", that warrant denying Plaintiffs the right to proceed expeditiously.  This case is a far cry from the rare instances in which staying discovery has been justified, including those cases cited by Defendant.  *See, e.g., Aker v. Lynch*, No. 13–cv–02683–KMT, 2014 WL 4115910, at *2 (D. Colo. Aug. 21, 2014) (granting defendant's motion to stay because "when an immunity defense has been raised"); *Meadows at Buena Vista Inc. v. Town of Buena Vista*, No. 10-cv-02871-MSK-KMT, 2011 WL 403344, at *2 (D. Colo. Feb. 3, 2011) (granting a stay "involving defamation-type claims . . . where a statutory privilege exists"). *Cf. Sudduth v. Servis One Inc.*, 14-cv-0874, 2014 WL 4783668, at *2 (D. Colo. Sept. 25, 2014) (denying defendant's joint unopposed motion to stay because it filed a run-of-the mill motion to dismiss); *Gomez v. Kroll Factual Data, Inc.*, No. 13-cv-0045-WJM-KMT, 2013 WL 1751376, at *2 (April 23, 2013) (same).  Here, although Defendant filed a motion to dismiss, it is an unexceptional motion raising typical defenses, none of which warrants such an extraordinary remedy.  Indeed, "[g]ranting a stay under these circumstances would suggest a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss." *Postnet Int'l Franchise Corp. v. Daniels*, No. 17-CV-01452-PAB-KMT, 2017 WL 11556412, at *2 (D. Colo. Oct. 4, 2017).

## B.     A Stay Would Be Highly Prejudicial to Plaintiffs.

Plaintiffs have a presumptive right to proceed expeditiously with their claims. *See Alattar v. Bell*, No. 13-cv-02990-MSK-KMT, 2014 WL 2566271, at *2 (D. Colo. June 5, 2014).  Courts should not stay discovery when doing so would prejudice the plaintiff. *See Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)

("[R]efusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant.").  Here, the prejudice to the Plaintiffs of a stay would be far greater than any burden to Defendant from permitting discovery to proceed in the normal course.

First, Defendant argues that a stay is appropriate because its motion to dismiss involves threshold questions of law (statute of limitations) as well as purportedly jurisdictional issues (preemption).  But Defendant concedes that its motion cannot even dispose of the entire action as it has conceded the timeliness *and validity* of at least one of Plaintiffs' claims.  *See* Def. MTD at 16-17, 24.  Moreover, despite its characterization that "a majority" of Plaintiffs' claims are time-barred, Defendant has admitted the timeliness of numerous allegations supporting Plaintiffs' other claims.  Def. MTD at 16. As to those claims whose timeliness Frontier does contest, as argued in Plaintiffs' Opposition to the Motion to Dismiss, (a) *all* of Plaintiffs claims actually accrued well within the relevant statutory time frame when Defendant failed to respond to a letter from counsel; (b) all Plaintiffs maintain valid claims for forward-looking injunctive relief against the operation of discriminatory policies to which they remain subject; and (c) Defendant has ignored or mischaracterized numerous allegations during the relevant time periods supporting Plaintiffs' claims.  Because it is Plaintiffs' allegations (viewed in the most favorable light) and not Defendant's characterizations that must control for purposes of Defendant's 12(b)(6) timeliness arguments, *see* Carroll v. Jefferson Cty. Sheriff, No. 1:19-CV-02132, 2020 WL 5015454, at *1 (D. Colo. Aug. 25, 2020), Defendant's arguments are unlikely to result in the dismissal of any—much less a significant number—of Plaintiffs' claims.

As to preemption, significant authority establishes that Defendant's preemption arguments do not implicate this Court's subject matter jurisdiction at all, but rather, constitute affirmative defenses that are tied up with the merits of Plaintiffs' claims.  Pl. Opp. to MTD at 26-29.  And even if consideration of preemption were appropriate at this stage, Frontier asserts preemption only as to Plaintiffs' claims under *state law*—tacitly acknowledging that such arguments are wholly inapplicable to Plaintiffs' Title VII claims (Causes of Action Nos. 1-5).  Thus, even assuming there were any jurisdictional issues at play—which there are not—those issues would only be applicable to Plaintiffs' state rather than federal law claims, having no impact on at least five of their claims.  Thus, "both statistically and in consideration of the burden on the moving party, there is a substantial likelihood that [Frontier] will not prevail on all issues raised . . . Further, even should [it] prevail, all of the issues in the case would not be resolved, an important aspect of the analysis when considering a stay of discovery."  *General Steel*, 2008 WL 5101341, at *8.

Defendant is simply wrong when it claims that "no ongoing harm . . . would result from a short stay of discovery."  (Def. Mot. at 8.)  Critically, Plaintiffs remain employed at Frontier and seek forward-looking relief against the operation of discriminatory policies that continue to affect them.  Because Plaintiffs remain subject to the challenged policies, which "continue[] to affect [Plaintiffs'] family and reproductive decision-making" to this day, (*see* Compl. ¶¶ 133, 159, 193, 223), any further delay of these proceedings would cause them substantial prejudice.  *See W. Acceptance, LLC v. Gen. Agric. Inc.,* No. 20-CV-00052-CMA-KMT, 2020 WL 3839849, at *5 (D. Colo. July 8, 2020) (finding that first factor weighed against stay where "Plaintiff has made a compelling argument

6

of continuous and ongoing injury"); *see also E.E.O.C. v. Local 638*, No. 71 CIV. 2877 (RLC), 1995 WL 355589, at *10 (S.D.N.Y. June 7, 1995) (refusing to grant a stay of an injunction pending appeal because of "the discrimination that the plaintiffs will continue to suffer if a stay is granted").

Ironically, Defendant contends that any prejudice Plaintiffs would suffer from a stay "will be minimal" because "Plaintiffs' claims in this case are already over four years old." However, it is precisely because of the extended time that has already elapsed due to external circumstances—namely, the EEOC's investigation and Frontier's hollow offers to mediate—that any further delay would be particularly prejudicial. The time gap between the discriminatory conduct and the filing of this suit was not due to idleness, but rather, was a consequence of the EEOC's fulsome investigation. Plaintiffs cannot be faulted for pursuing the resolution of the case through the EEOC process, which is, after all, designed to achieve voluntary resolution of discrimination claims without the need for litigation. *See Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 368 (1977). And far from sitting on their hands, Plaintiffs' counsel was in constant contact with the agency throughout the investigation—providing documents, attending interviews, and actively pursuing the charges. Indeed, Plaintiffs only gave up on the investigation and requested the right to sue because Defendant obstructed the EEOC investigation at every turn, ultimately bringing it to a standstill. *See* Sherwin Decl., Ex. A at ¶¶ 8-11. Defendant should not now be permitted to use the time expended in the EEOC investigation—a problem that was in no small part of its own making—to further delay the prosecution of Plaintiffs' claims. *Id.* The substantial prejudice to the Plaintiffs of any further delay therefore weighs strongly in favor of denying Defendant's motion.

## C.      The Burden on Defendant is Insufficient to Warrant a Stay.

Defendant's primary reason for why it will be "significantly burdened" absent a

stay is the fact that it has filed the pending motion to dismiss.  But it is well-established

that "a stay is not warranted merely by virtue of a defendant's filing of a purportedly

dispositive motion to dismiss."  *W. Acceptance*, 2020 WL 3839849, at *6.  The reality is

that "motions to dismiss are denied far more often than they result in the termination of

a case."  *Roueche v. U.S.*, No. 09-cv-0048-WDM-BnB, 2010 WL 420040 at *2 (D. Colo.

Feb. 1, 2010).  It is thus more likely than not, from a statistical standpoint, that a stay

would prove unnecessary.  *Chavez v. Young America Ins. Co.*, No. 06-cv-02419-PSF-

BNB, 2007 WL 683973, at *2 (D. Colo. March 2, 2007).  It follows that the likelihood of

prejudice to Defendant is relatively low, and conversely, is relatively high to Plaintiffs

should the Court enter a stay at this time.

Moreover, Frontier has failed entirely to meet its obligation to explain the nature

and extent of any supposed burden it would face should discovery proceed.  *Aikens v.*

*Deluxe Fin. Serves., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003).  Conclusory statements

of burden do not suffice.  *See Weatherspoon v. Miller*, No. 11-cv-00312-REB-MEH,

2011 WL 1485935, at *1 (D. Colo. Apr. 19, 2011); *Tr. of Springs Transit Co. Emp.'s Ret.*

*and Disability Plan v. City of Colorado Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL

1904509, at *4 (D. Colo. May 11, 2010) (the party who seeks a stay of discovery has

the burden of demonstrating good cause, and "cannot sustain that burden simply by

offering conclusory statements"); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255

(1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in

being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.").

Here, Defendant alludes to vague notions of burdensome discovery because of the length of the complaint and the time period involved, but it fails to provide any specific detail. *Boden v. HMSHost Corp., et. al.*, No. 15-CV-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015) ("Defendants do not provide any specific arguments to support their position that discovery in this action may be 'potentially expensive'"). As with any federal litigation, both parties will incur some expected expense in proceeding with discovery, but "there is nothing to suggest that this burden is exceptional or unusual in this case." *Decker*, 2019 WL 10250758, at *3; *see also Lifted Ltd., LLC v. Novelty Inc.*, No. 16-CV-03135-PAB-GPG, 2018 WL 10911498, at *3 (D. Colo. Feb. 6, 2018) ("every defendant is forced to bear litigation expenses that could ultimately prove to be unnecessary"); *United Financial Cas. Co. v. Lapp*, No. 12-cv-00432-MSK-MEH, 2012 WL 2450217, at *2 (D. Colo. June 26, 2012) (denying motion to stay discovery and noting that "defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs"). This is not a class action, but rather, an individual suit on behalf of four plaintiffs who seek primarily forward-looking relief on top of relatively modest damages covering a discrete time period.[2] The length of the Complaint is a function of the care Plaintiffs took in pleading their claims in detail, rather than an

---

[2] Plaintiffs provided an initial calculation of their damages in their initial disclosures, filed on August 31, 2020. Defendant has not made its initial disclosures, taking the position that its filing of the Motion to Stay absolves it of its obligations to comply with the discovery schedule duly established by this Court.

indication of the magnitude or complexity of this case.  Defendant has therefore failed to meet its obligation to show that its burden in this case is unique in any specific way.

Plaintiffs further note that moving forward with discovery should not be particularly burdensome for Frontier in light of the EEOC investigation regarding these same allegations that has taken place over the span of multiple years and implicated much of the same information that Plaintiffs will seek through discovery.  Assuming that Defendant made a good faith effort to cooperate with that investigation, then the burden on Defendant to respond to standard discovery now should be substantially mitigated by the work already done during the EEOC investigatory phase.  *See Claassen v. Monsanto Co.,* No. 17-1210-JTM, 2017 WL 6524842, at \*2 (D. Kan. Dec. 21, 2017).  If that is not the case, then it is a result of Defendant's own strategy decisions.  *See* Sherwin Decl., Ex. A at ¶¶ 8-9.  In any event, Defendant should not be permitted to use its lack of cooperation with the EEOC investigatory process as an excuse to further delay proceedings in this case.

### D.    A Delay Would Inconvenience the Court.

Contrary to Defendant's assertion that a delay would be in the best interests of the Court, an "ill-advised stay" would actually inconvenience the Court by making the "docket less predictable and, hence, less manageable."  *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at \*3 (D. Colo. Jan. 7, 2010).  This is particularly true given that Defendant has conceded that certain claims in the case are valid and will move forward, and that numerous other allegations are timely.  *See supra.* And even a cursory assessment of the strength—or weakness—of Defendant's motion on the merits counsels against granting a stay in this instance, particularly when it is

acknowledged that its motion will not resolve all of Plaintiffs' claims.  Moreover, should

the Court grant a stay under these non-extraordinary circumstances, it would signal to

other parties that a stay of discovery is appropriate nearly any time a defendant files a

motion to dismiss, further clogging the docket.  *See Postnet Int'l Franchise Corp.*, 2017

WL 11556412, at *2.  For these reasons, the inconvenience to the court weighs strongly

against granting a stay.

### E.      Non-Party Interests Weigh Against a Stay.

With regard to the public interest, this factor "favors the prompt and efficient

handling of all litigation."  *Gold, Inc. v. H.I.S. Juvenilles, Inc.*, No. 14-cv-02298-RM-KMT,

2015 WL 1650900, at *2 (D. Colo. Apr. 8, 2015); *Prison Legal News v. Fed. Bureau of

Prisons*, No. 15-cv-02184-RM-STV, 2017 WL 10619942, at *13 (D. Colo. Feb. 23, 2017)

("[T]he public has an interest in the speedy resolution of legal disputes.").  This case has

been pending for approximately nine months and fact discovery has yet to begin.  A

stay would work only to further delay the start of discovery, the progression, and

eventual resolution of this case, all the while clogging up the Court's docket and

prejudicing other litigants.  Thus, the public interest factor weighs against a stay.

Non-parties would further benefit from prompt resolution of this case because,

should *any* of the challenged policies and practices at Frontier be found to be

discriminatory and a declaratory judgment and injunction granted, other pregnant and

breastfeeding pilots—as well as all other pilots who might become pregnant and

breastfeed in the future—would stand to benefit.  Thus, the prompt and efficient

resolution of these issues without further, needless delay is in the interest of non-

parties.  *See Prison Legal News*, 2017 WL 10619942, at *13 (interests of non-party

inmates who subscribed to Prison Legal News in the prompt resolution of case weighed against stay of discovery).

Finally, Frontier's cursory treatment of any burden on potential non-party interests is too speculative to support a stay in this case. The Court should give no weight to Frontier's statement that "non-parties will be positively impacted by not having to respond to third party document and deposition subpoenas", since Frontier failed to "designat[e] any specific persons or entities which may be excessively affected by the imposition . . . of a stay." *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-CV-00154-WJM-KLM, 2016 WL 9344066, at \*2 (D. Colo. Nov. 7, 2016).

## III.     A Partial Stay of Discovery is Not Warranted.

A partial stay of discovery—limiting discovery to Plaintiffs' Title VII challenge to the 32-week pregnancy ban—is also unwarranted. For the reasons discussed above, Defendant's motion to dismiss is very unlikely to result in resolution of *all* of Plaintiffs' remaining claims—if any. Defendant has conceded that numerous claims are timely, and it only raises preemption defenses—which are not jurisdictional—as to a subset of Plaintiffs' state law claims. *See General Steel*, 2008 WL 5101341, at \*8. Defendant's arguments on the merits are equally unlikely to result in dismissal of the remainder of Plaintiffs' pending claims, particularly given the comprehensiveness and level of detail contained in the Complaint, which plainly far exceeds the minimal pleading standard required to survive a 12(b)(6) motion. *See* Pl. Opp. to MTD at 16-26. Defendant's alternative request for a partial stay should therefore be denied for the reasons explained in full in Plaintiffs' Opposition to the Motion to Dismiss and substantially stated above.

## CONCLUSION

For the foregoing reasons Defendant's motion to stay should be denied in full.


Respectfully submitted this 21st Day of September, 2020


By: /s/ Jayme Jonat
Jayme Jonat
Vincent Levy
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE
AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: jjonat@hsgllp.com
Email: vlevy@hsgllp.com
Email: ksebaski@hsgllp.com

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@aclu.org

Sara R. Neel
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org
Email: msilverstein@aclu-co.org


*Attorneys for Plaintiffs*