# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RANDI FREYER,
BRANDY BECK,
ERIN ZIELINSKI, and
SHANNON KIEDROWSKI

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

Case No. 1:19-cv-03468-CMA-SKC

_____

**DECLARATION OF GALEN SHERWIN**
_____

I, Galen Sherwin, declare as follows pursuant to 28 U.S.C. § 1746:

1. I represent Plaintiffs in the above-captioned matter, as well as Plaintiffs in another action against Frontier brought by flight attendants and designated as a related case: *Hodgkins v. Frontier Airlines, Inc.*, Case No. 1:19-cv-03469-RM-MEH. (ECF No. 21.)

2. I also represented Plaintiffs before the EEOC in connection with the Charges of Discrimination ("Charges") that were filed on May 9, 2016.

3. In the years following the filing of the Plaintiffs' EEOC charges and prior to the filing of this action, the EEOC was actively conducting an investigation into Frontier's conduct as alleged in the Charges, including the conduct, policies, and practices challenged in this action.

4. Pregnancy discrimination and failure to accommodate pregnancy and related conditions fall within an area designated as a priority for the EEOC's

enforcement work.  *See* United States Equal Employment Opportunity Commission, Strategic Enforcement Plain, Fiscal Years 2017-2021, https://www.eeoc.gov/us-equal-employment-opportunity-commission-strategic-enforcement-plan-fiscal-years-2017-2021.

5. I was in regular contact with the investigative team at the EEOC over the course of its multi-year investigation into the Charges filed on behalf of Plaintiffs.

6. On March 6, 2017, the EEOC conducted in-person interviews of Plaintiffs.  The interviews were recorded and were under oath.

7. Plaintiffs responded to numerous requests for documents and information from the EEOC investigators assigned to investigate the Charges.

8. On April 2, 2019, Amy Burkholder, Director of the Denver Field Office for the EEOC, informed me that Frontier had refused to submit to taped interviews of Frontier personnel by investigators or to have its employees interviewed under oath, and that the agency had been forced to issue subpoenas.

9. Through correspondence with EEOC over the next several months, I was informed that Frontier had refused to comply with the EEOC's subpoenas, and that the EEOC was attempting to go through its subpoena enforcement process.  I was informed that this process could be extremely time consuming.  The subpoena enforcement was process was still underway in the EEOC as of September 2019.

10. Plaintiffs concluded that the EEOC investigation had come to a standstill and determined it was necessary to file suit.

11. In July through September 2019, the Parties held discussions regarding potential mediation of this matter and the related matter, and they agreed upon terms on

which the mediation would proceed.  Frontier at the last minute revoked its agreement on the agreed-upon terms for the mediation.  *See* Compl. ¶ 15.  Plaintiffs then moved forward with filing the instant action and requested their Notices of Right to Sue (NORTS) from the EEOC.  The NORTS were issued on December 17, 2019.

12. The Parties have since held two settlement conferences before Magistrate Judge Hegarty, the Magistrate Judge assigned to the related case, on June 4, 2020, and July 21, 2020.

13. Following the last mediation session, it became clear that the Parties' efforts to resolve this action had once again reached an impasse.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 21, 2020

/s/ Galen Sherwin
Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@aclu.org