IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

       Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

       Defendant.

---

### FRONTIER'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

---

Defendant Frontier Airlines, Inc. ("Frontier") responds to Plaintiffs' Opposition to Defendant's Motion to Stay Discovery [ECF #51] (the "Opposition"), and submits its Reply in Support of Its Motion to Stay Discovery [ECF #47] (the "Motion to Stay").

## I.  INTRODUCTION

Plaintiffs have filed a multi-plaintiff, 13-claim, 67-page action against Frontier in one of **two** currently pending multi-plaintiff actions in this District related to pregnancy and lactation accommodations for flight crew members.  *See* Compl.; Opp'n 1; *Hodgkins et al. v. Frontier Airlines, Inc.*, Case No. 19-cv-03469-RM-MEH.  Frontier moved to dismiss all claims by all Plaintiffs in this action, save the solitary claim by Plaintiff Freyer on the discrete issue of the 32-week rule contained within a collective bargaining agreement ("CBA").  *See* Mot. to Dismiss [ECF #33].  To avoid unnecessary cost and undue burden on the parties and the Court, Frontier moved to stay discovery pending resolution of its Motion to Dismiss.  *See* Mot. to Stay.

Plaintiffs oppose, **despite the fact that <u>all</u> of them remained employed by Frontier.**  Indeed, although they have submitted a Declaration from their counsel about the investigation and settlement process[1] with the EEOC, Plaintiffs never once indicate that the "primarily forward-looking relief" they seek would affect them.  *See* Opp'n 9.  Nevertheless, they seek to impose the hefty burden of discovery on Frontier in a multi-plaintiff, 13-claim action subject to a Motion to Dismiss while Frontier operates in a beleaguered industry "set to cut more than 35,000 jobs" **the very week after Plaintiffs' Opposition was filed**.  "Already facing its worst crisis since 9/11, airline industry set to cut more than 35,000 jobs this week," Washington Post, Sept. 26, 2020, *available at*: https://www.washingtonpost.com/local/trafficandcommuting/airline-industry-job-cuts/2020/09/26/824b1380-fdaf-11ea-b555-4d71a9254f4b_story.html.

Given the "overriding concern" that "the COVID-19 virus has resulted in an enforced work slowdown in the United States generally and in Colorado," a short stay of discovery is warranted to avoid wasting unnecessary resources that could be better spent supporting necessary jobs.  *See, e.g., Altitude Sports & Enter., LLC v. Comcast Corp.*, No. 19-cv-03253-WJM-MEH, 2020 WL 5806385, at *2 (D. Colo. Mar. 16, 2020) (imposing stay of discovery pending resolution of motion to dismiss).

---

[1] Of note, settlement negotiations remain ongoing, and would independently dispose of this action without discovery. *Slawson Expl. Co., Inc. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2015 WL 7014451, at *2 (D. Colo. Nov. 12, 2015).

II.   **LEGAL ARGUMENT**

   A.   **A Limited Stay of Discovery Pending Resolution of Frontier's Motion to Dismiss Is Eminently Logical Under the Circumstances.**

At the outset, Plaintiffs do not argue that they require any discovery to address the jurisdictional and pleading deficiencies raised in Frontier's pending Motion to Dismiss.[2] *See* Opp'n; *see also Xie v. Univ. of Utah*, 243 F. App'x 367, 375 (10th Cir. 2007) (unpublished); *Havens v. Johnson*, No. 11-cv-00490-REB-BNB, 2011 WL 3797527, at *3 (D. Colo. Aug. 17, 2011). Thus, with the exception of Plaintiff Freyer's claim related to the 32-week rule under the CBA, any discovery they seek relates solely to the merits of their claims addressed in Frontier's Motion to Dismiss.

Plaintiffs also fail to refute the fact "that stays are generally **favored** when a jurisdictional defense under Rule 12(b)(1) is asserted." *Castro v. Holmberg*, No. 14-cv-00791-LTB-KMT, 2014 WL 4122175, at *1 (D. Colo. Aug. 21, 2014) (emphasis in original) (citing in part *Chavez v. Young Am. Ins. Co.,* No. 06-cv-02419-PSF-BNB, No. 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (cited by Plaintiffs)).[3] Frontier's Rule 12(b)(1) assertion that **all** of Plaintiffs' state-law claims are preempted—8 of 13 claims asserted—

---

[2] This fact alone renders inapposite Plaintiffs' citation to *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) for the proposition that "refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." Opp'n 4-5. The immediately preceding sentence clarifies that "[w]hen a defendant moves to dismiss for lack of jurisdiction, **either party should be allowed discovery on the factual issues raised by that motion**." *Id.* at 1326 (emphasis added).

[3] This fact, alone, distinguishes the majority of Plaintiffs' citations. *See, e.g., Sudduth v. Servis One Inc.*, No. 14-cv-00874-RM-KMT, 2014 WL 4783668, at *2 (D. Colo. Sept. 25, 2014) ("Defendants do not maintain that the court lacks jurisdiction over Plaintiffs' claims . . ."); *Boden v. Hmshost Corp.*, No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015) (same); *Gomez v. Kroll Factual Data, Inc.*, No. 13-cv-00445-WJM-KMT, 2013 WL 1751376, at *2 (D. Colo. Apr. 23, 2013) (same).

3

is just such a jurisdictional challenge for which a stay is **favored**. Compl. ¶¶ 282-361; *see also* Reply in Supp. of Mot. to Dismiss;[4] *Beltran v. InterExch., Inc.*, No. 14-cv-03074-CMA-KMT, 2018 WL 3729505, at *1 (D. Colo. Aug. 6, 2018) (referencing stay of discovery pending resolution of preemption defenses in motion to dismiss). These claims address discrete issues and require separate discovery than the solitary Title VII claim related to Plaintiff Freyer's challenge to the collectively bargained 32-week rule, which has absolutely no bearing on lactation accommodations.

Moreover, a stay of discovery remains appropriate, even for non-jurisdictional challenges, when it "would be wise to stay discovery on the merits until [certain challenges] have been resolved." *Aker v. Lynch*, No. 13-cv-02683-KMT, 2014 WL 4115910, at *2 (D. Colo. Aug. 21, 2014) (cited by Plaintiffs); *accord Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-MJW, 2016 WL 8737774, at *1 (D. Colo. Nov. 4, 2016) (ordering stay of discovery pending resolution of Rule 12(b)(6) challenge); *see also United States ex rel. Simpson v. Leprino Foods Dairy Prods. Co.*, No. 16-cv-00268-CMA-NYW, 2018 WL 3062004, at *8 (D. Colo. Jan. 11, 2018) (same), *report and recommendation adopted in part,* No. 16-cv-00268-CMA-NYW, 2018 WL 1375792 (D. Colo. Mar. 19, 2018); *Austin v. Badger Daylighting Corp.,* No. 15-cv-01005-MEH, 2015 WL 4538782, at

---

[4] Plaintiffs' quarrel with the strength of Frontier's Motion to Dismiss is belied by their own citation to authority, which states that a "stay of discovery should be granted where [a] motion to dismiss 'is potentially dispositive, **and appears to be not unfounded in the law**.'" *Gen. Steel Domestic Sales v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 5101341, at *3 (D. Colo. Nov. 26, 2008) (emphasis added). Regardless, their concerns are addressed in Frontier's concurrently filed Reply in Support of its Motion to Dismiss, which is incorporated fully by reference under Rule 10(c). *Cf.* Opp'n 6.

*1 (D. Colo. July 28, 2015) .  Regardless of Plaintiffs' position on Frontier's Motion, Frontier seeks dismissal of all claims by all Plaintiffs, save one discrete Title VII claim by Plaintiff Freyer related to the 32-week rule.  *See* Mot. to Dismiss.  In such circumstances, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"  *Austin*, 2015 WL 4538782, at *1.

### 1. Plaintiffs Have Not Demonstrated Any Interest That Outweighs the Prejudice to Frontier.

Plaintiffs' argument largely centers on the conclusory assertion of "prejudice" (for which they simultaneously fault Frontier), and the assertion that the case has already been long-pending.  Plaintiffs submit a detailed declaration from their counsel about the various activities at the EEOC during a more than three-and-a-half-year period.  *See* Ex. 1 to Opp'n.  But the fact that Plaintiffs engaged in various activities with the EEOC simply does not change the dispositive fact that Plaintiffs failed to request a right to sue for more than three years after they could have done so.  *See* 29 C.F.R. § 1601.28(a)(1), (2).  As a result, any assertion of prejudice resulting from delay rings hollow.

Plaintiffs also do not dispute that "courts have found that forcing a party to engage in discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted."  *See, e.g., Maynard v. Colo. Supreme Court*, No. 09-cv-02052-WYD-KMT, 2010 WL 231555, at *2 (D. Colo. Jan. 13, 2010); *see also Castro*, 2014 WL 4122175, at *2.  In such cases, courts do not require a "particularized showing" of the burden because it is apparent "in

requiring substantial discovery . . . prior to a ruling on the [jurisdictional] issue . . . ." *See, e.g., Braddock Fin. Corp. ex rel. Galena St. Fund, L.P. v. Washington Mut. Bank*, No. 08-cv-00265-WYD-MEH, 2008 WL 2302657, at *2 (D. Colo. May 30, 2008).

In any event, the burden on Frontier is underscored by Plaintiffs' own statement in the Scheduling Order that they "would seek to have the discovery in this case proceed on a parallel track and be coordinated with the discovery in the *Hodgkins* case," **a putative class action**. *See* Scheduling Order ¶ 8.d. [ECF #46]. Courts are concerned, "especially . . . in class action cases," that there "is **certainly** a burden on Defendants if a stay is not put in place because they may be forced to conduct discovery which may not otherwise be necessary." *Valverde*, 2016 WL 8737774, at *2 (emphasis added); *Simpson*, 2018 WL 3062004, at *8. As such, "while the ordinary burdens associated with litigating a case do not constitute an undue burden, **the breadth of class action discovery implicated in this case if a stay were not granted would be a significantly elevated burden on Defendant**." *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010) (emphasis added); *accord Valverde*, 2016 WL 8737774, at *2.

Plaintiffs' assertion that the EEOC proceedings somehow ameliorate the discovery burdens actually underscores the **lack** of a need to proceed with discovery. Opp'n 10. Crediting Plaintiffs' assertion, they could receive all such information from the EEOC pursuant to the Freedom of Information Act, 5 U.S.C. § 552. *See* 29 C.F.R. § 1610.5.

As a result, while the prejudice to Plaintiffs in a short delay of a case they delayed for years is slight, the burden on Frontier is significant. To be sure, the Court need look

6

no further than any news broadcast to understand the deep economic turmoil facing all airlines as a result of the COVID-19 pandemic. "Already facing its worst crisis since 9/11, airline industry set to cut more than 35,000 jobs this week," Washington Post, Sept. 26, 2020, *supra*, at 2. In these tumultuous economic times during which airlines like Frontier have borne the brunt of the economic downturn, the Court should prevent unnecessary discovery. In short, "the potential harm to Plaintiff[s] is outweighed by the burden on Defendant[] resulting from conducting and responding to discovery while [its] Motion . . . is pending." *Franklin v. Medtronic, Inc.*, No. 09-cv-02301-REB-KMT, 2010 WL 1413098, at *2 (D. Colo. Apr. 1, 2010) (granting stay of discovery); *Castro*, 2014 WL 4122175, at *2; *Maynard*, 2010 WL 231555, at *2. The Court should stay discovery.

      **2.**    **A Stay Will Conserve the Court's Resources.**

Proceeding with discovery on extensive claims that may be dismissed would also be an unnecessary waste of judicial resources. *www.Turnstiles.us, Inc. v. Modular Sec. Sys., Inc.*, No. 15-cv-01806-RM-MEH, 2015 WL 8759737, at *1–2 (D. Colo. Dec. 15, 2015). Indeed, "given the disputes between the [p]arties thus far, it is more efficient and convenient to stay discovery pending . . . disposition of the Motion to Dismiss so that this court may avoid administering pretrial proceedings and adjudicating disputes that are ultimately rendered moot." *Simpson*, 2018 WL 3062004, at *8; *Thornton v. Davita Healthcare Partners, Inc.*, No. 13-cv-00573-RBJ-KMT, 2013 WL 5567560, at *3 (D. Colo. Oct. 8, 2013) ("[I]t is clear that should the pending motion be granted, this court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay."); *Braddock Fin. Corp.*, 2008 WL 2302657, at *2; *see also ConcealFab Corp. v.*

7

*Sabre Indus., Inc.*, No. 15-cv-01793-CMA-KLM, 2016 WL 9752313, at *2 (D. Colo. June 13, 2016) (Arguello, J.).  Thus, a "blanket stay of discovery pending resolution of a motion to dismiss will best serve the convenience of the Court."  *ConcealFab*, 2016 WL 9752313, at *2 (granting motion to stay).

### 3. A Stay Will Further the Interests of Non-Parties and the Public.

A stay of discovery also benefits non-parties.  *Hay v. Family Tree, Inc*., No. 16-cv-03143-CMA-KLM, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding the fourth factor to weigh in favor of a stay, when discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit").  Among other things, it avoids the unnecessary invasion of privacy of non-party employees and their reproductive or lactation choices relevant to Plaintiffs' claims.  Given Plaintiffs' insistence on "primarily forward-looking relief" for pregnancy and lactation, the experiences of non-party employees who are currently pregnant, or who are currently lactating will be at issue in discovery.  Such sensitive information need not be sought if the Motion is granted, especially since all lactation-based claims would be dismissed.  *See, e.g., Braddock Fin. Corp.*, 2008 WL 2302657, at *2.

Furthermore, given the question of whether accommodations could be made within the confines of FAA regulations and the negotiated terms of the CBA and applicable seniority rights, discovery will also impact the FAA and numerous union officials and members will need to participate to determine the history of negotiations leading to key policies, the past practices relating to such policies, and related issues.  *See* Advice Memo., *N. Am. Roofing/ANVI*,  No. 4-CA-28853, 28 NLRB AMR 38012 (May 8, 2000)

(addressing discovery requests for union information in Title VII action); *see also Simpson*, 2018 WL 3062004, at *8 ("[T]he court notes that to the extent the Parties would seek discovery from government agencies, which seems likely given the very nature of the . . . claim . . . , the interest of non-parties is better served with a stay of discovery.").

Finally, there is a strong public policy in "avoiding unnecessary expenditures of public and private resources on litigation." *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015); *www.Turnstiles.us, Inc.*, 2015 WL 8759737 at *2. In the current climate, and "[o]f overriding concern at this moment, the COVID-19 virus has resulted in an enforced work slowdown in the United States generally and in Colorado . . . in particular," such that "the public interest factor promotes a temporary stay." *Altitude Sports*, 2020 WL 5806385, at *2 (imposing temporary stay of discovery pending resolution of motion to dismiss).[5]

### III.   CONCLUSION

For all of the foregoing reasons, and those asserted in Frontier's Motion to Stay, discovery should be stayed pending the resolution of Frontier's Motion to Dismiss or, alternatively, strictly limited to Plaintiff Freyer's First Cause of Action, and specifically to the issues related to her grounding in October 2015 under the CBA.

---

[5] Alternatively, this Court could permit discovery only as to Plaintiff Freyer's First Cause of Action for the 32-week rule contained within the CBA. *See Water Pik, Inc. v. H2OFloss*, No. 17-cv-02082-CMA-MJW, 2018 WL 1706276, at *4 (D. Colo. Apr. 9, 2018). Plaintiff Freyer's First Cause of Action based on her 32-week grounding is a discrete issue that will turn on a collectively bargained CBA provision and a BFOQ defense based on Frontier's genuine and legitimate need to protect public safety in flight. *See* Mot. to Stay 11. Thus, discovery related to it will be limited and discrete compared to the remaining claims of lactation accommodation.

Dated this 19th day of October, 2020

*s/Stephen E. Baumann II*
Stephen E. Baumann II
Danielle L. Kitson
Erin A. Webber
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
sbaumann@littler.com
dkitson@littler.com
ewebber@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2020, I electronically filed the foregoing **FRONTIER'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jayme Jonat
Vincent Gregory Levy
Holwell Shuster & Goldberg LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: vlevy@hsgllp.com
         jjonat@hsgllp.com

Galen Leigh Sherwin
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-519-7819
Fax: 212-549-2580
Email: gsherwin@aclu.org

Mark Silverstein
Sara R. Neel
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO 80203
Phone: 303-777-5482
Fax: 303-777-1773
Email: msilverstein@aclu-co.org
         sneel@aclu-co.org

*Attorneys for Plaintiffs*

                                                            *s/Arlene Aguilar*
                                                            Arlene Aguilar