IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RANDI FREYER,
BRANDY BECK,
ERIN ZIELINSKI, and
SHANNON KIEDROWSKI,

        Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

        Defendant.

Case No. 1:19-cv-03468-CMA-SKC

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT UNDER RULE 15(a)(2)**

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1

Counsel for Plaintiffs certify that they conferred with counsel for Defendant, Frontier Airlines, Inc., regarding the relief requested herein, and were informed that Defendant opposes this Motion to Amend.

### INTRODUCTION

Plaintiffs, four long-time pilots at Frontier Airlines, filed a complaint on December 10, 2019 seeking legal and equitable relief for claims that their treatment during and after their pregnancies, as well as Frontier's broader policies, violate Title VII and the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. § 24-34-401 *et seq.*, as well as two Colorado laws affirmatively requiring employers to accommodate pregnancy and breastfeeding. Defendant moved to dismiss Plaintiffs' complaint, Dkt. 33, which motion has been fully briefed and is *sub judice*. On August 26, 2020, this Court so ordered a jointly proposed scheduling

order that established, *inter alia*, a deadline of December 23, 2020 to amend the pleadings. The proposed First Amended Complaint makes the following changes: (1) adds allegations regarding plaintiff Randi Freyer's third pregnancy and subsequent return to work in January 2020; (2) adds an allegation that Plaintiffs themselves have used physiological needs breaks for purposes unrelated to pumping (and observed other pilots doing the same) without monitoring by Frontier; (3) adds an allegation that pumping can, if necessary, be terminated in approximately thirty seconds or less; and (4) adds an allegation that Plaintiffs received a Notice of Right to Sue from the EEOC on May 6, 2020 and from the CCRD on December 23, 2020. Plaintiffs now seek leave as to these amendments.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave "require[s] that amendments be freely allowed in the absence of a narrowly defined set of exceptional circumstances." *Arkansas-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

In determining whether to grant leave to amend, the court considers the following factors: (1) whether the amendment was filed with undue delay, (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic, (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint, (4) whether the amendment will unduly prejudice the opposing party, and (5) whether the amendment is

futile. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) ("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." (internal citation omitted)). Under the liberal standard for granting leave, an amendment is only futile "if the complaint, as amended, would be subject to dismissal." *Whitmore v. StatGuard Techs., Inc.*, No. 09-cv-01414-REB-MEH, 2009 WL 4693902, at *2 (D. Colo. Dec. 3, 2009) (quoting *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999)). To survive dismissal, a complaint must contain factual allegations that "plausibly suggest an entitlement to relief." *Id.* at *3. For all the reasons stated below and in their opposition to Frontier's motion to dismiss, Dkt. 50, incorporated here by reference, Plaintiffs easily meet that standard.[1]

### LEAVE TO AMEND SHOULD BE GRANTED BECAUSE THERE HAS BEEN NO UNDUE DELAY AND DEFENDANT WILL NOT BE PREJUDICED

There is no undue delay in this case. This matter is in the beginning stages of litigation. Indeed, as the Scheduling Order entered in this case set a deadline of December 23, 2020 for amendment of pleadings, it is without question that Plaintiffs' request for leave to amend is timely. Thus, there has been no undue delay, bad faith or dilatory motive, or lack of diligence on the part of Plaintiffs' counsel. *See Pennterra Energy Partners, LLC v. McMahon Energy Partners, LP*, No. 13-cv-00261-WYD-MEH, 2013 WL 3242834, at *1 (D. Colo. June 25, 2013)

---

[1] Plaintiffs' opposition demonstrates that any futility argument by Frontier quickly fails, but in any event, "[a] futility argument seems to place the cart before the horse." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC,* No. 07-cv-1145-DME-KMT, 2008 WL 2520423, *4 (D. Colo. June 20, 2008); *see also, e.g., Pollack v. Boulder Cty.*, No. 17-cv-2444-CMA-NRN, 2019 WL 1292858, at *4 (D. Colo. Mar. 21, 2019) (futility arguments "would be better and more efficiently addressed after [p]laintiff's amended complaint is in place and [d]efendant has had an opportunity to revise her motion to dismiss to address the revised allegations"); *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019) (same).

3

(granting leave to amend pursuant to Rule 15 because the motion was "timely under the Scheduling Order and, therefore, not unduly delayed"). Accordingly, there is no basis to argue that this filing was dilatory in any way. *See id.* at *1-2.

Furthermore, Defendant would not be prejudiced by the proposed amendment. *HCA-Healthone LLC v. Susan Lou Sparks Trust*, No. 06-cv-01198-MSK-MEH, 2006 WL 3762024, at *1 (D. Colo. Dec. 20, 2006) ("The party opposing the amendment of the pleadings has the burden of showing prejudice."). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (internal citation omitted); *see also Intermetals Corp. v. M/V Arctic Confidence*, No. 92 Civ. 1856, 1993 WL 312903, at *2 (S.D.N.Y. Aug. 12, 1993) (allegations that a defendant "has already incurred expenses in moving to dismiss the Complaint" do not "constitute undue prejudice under Fed. R. Civ. P. 15(a)"). As explained above, this litigation is in its earliest stages, and the proposed amendments are limited. Although the additional allegations would affect the defenses available as to one Plaintiff (Ms. Freyer), the remainder of the Complaint remains substantially unchanged. Defendant would accordingly not be subjected to undue difficulty in defending against Plaintiffs' new allegations. *See Minter*, 451 F.3d at 1208.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Court grant the motion to amend and accept the proposed **Exhibit 1** Amended Complaint for filing.

Respectfully submitted this 23rd day of December 2020.

        By: /s/ Jayme Jonat
Jayme Jonat
Vincent Levy
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE AMERICAN
CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: jjonat@hsgllp.com
Email: vlevy@hsgllp.com
Email: ksebaski@hsgllp.com

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@aclu.org

Sara R. Neel
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17thAvenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org
Email: msilverstein@aclu-co.org