IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

        Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

        Defendant.

## FRONTIER'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

Defendant Frontier Airlines, Inc. ("Frontier") responds to the Notice of Plaintiffs' Motion to Amend Complaint Under Rule 15(a)(2) [ECF #65][1] and Plaintiffs' Memorandum of Law in Support of Motion to Amend Complaint Under Rule 15(a)(2) [ECF #66] (together, the "Motion to Amend").

## I.    INTRODUCTION

Plaintiffs filed their extensive, 67-page, 361-paragraph Complaint on December 10, 2019 [ECF #1]. Now, more than **a year** after filing their Complaint, and more than 2 months after Frontier's Motion to Dismiss has been fully briefed and ripe for resolution, Plaintiffs seek to amend their Complaint to add additional facts (not claims or parties) that have been known to them **since at least 2016**, and certainly **no later than March 2020**.

---

[1] Plaintiffs appear to have filed this Notice under D.C.COLO.LCivR 15.1(a), although the time to amend as a matter of course passed no later than August 31, 2020, twenty-one (21) days after Frontier's Motion to Dismiss was filed [ECF #33], and Frontier did not consent to the amendment. See Fed. R. Civ. P. 15(a)(1)-(2).

*See* Ex. 1 to Mot. to Amend, Proposed Am. Compl. ¶¶ 98, 131-137 [ECF #66-1]. Plaintiffs offer no explanation whatsoever for their delay, other than the assurance that "there has been no undue delay, bad faith or dilatory motive, or lack of diligence on the part of Plaintiffs' counsel." Mot. to Amend 3. Plaintiffs' dilatory and prejudicial request to amend only after Frontier's Motion to Dismiss has been fully ripe for resolution for 2 months should be denied on this ground alone.

But Plaintiffs' amendment is also futile. Beyond the fact that the amendment fails to cure the deficiencies raised in Frontier's Motion to Dismiss, the amendment also raises discrete acts in 2020 that they have not administratively exhausted with either the U.S. Equal Employment Opportunity Commission ("EEOC") or the Colorado Civil Rights Division ("CCRD"). As a result, Plaintiffs' belated request to amend their Complaint to add additional, futile details to moot Frontier's pending Motion to Dismiss should be denied.

## II.   LEGAL ARGUMENT

At this stage of the case, Plaintiffs may amend only with the Court's leave. Fed. R. Civ. P. 15(a). While leave to amend is "freely given when justice so requires," the Court should refuse leave when the request suffers from "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, . . . or futility." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993); *Rolland v. Carnation Bldg. Servs., Inc.*, No. 16-cv-00057-CMA-NYW, 2016 WL 1618142, at *1 (D. Colo. Feb. 29, 2016), *report and recommendation adopted,* No. 16-cv-00057-CMA-NYW, 2016 WL 1586558 (D. Colo. Apr.

20, 2016) (Arguello, J). Plaintiff's Motion should be denied because it manifests undue delay, undue prejudice, and futility.

### A. Plaintiffs' Amendments Were Unduly Delayed.

Undue delay is measured not by the progress of the case, but by the adequacy of the explanation for the delay. *Cf.* Mot. to Amend 3. The focus is "primarily on the reasons for the delay," such that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006) (cited by Plaintiff) (quoting *Frank*, 3 F.3d at 1365-66). Thus, when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *accord Minter,* 451 F.3d at 1206; *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1130 (10th Cir. 1998).

Plaintiff's Motion was unduly delayed for precisely this reason. Many of the facts Plaintiffs now seek to allege predate the Complaint by several **years**. *See* Proposed Am. Compl. ¶ 98 (asserting facts about March 2016 events); *id.* ¶ 131 (referencing a pregnancy "[a]t the end of 2018," leave from "June 25, 2019 through September 16, 2019," and "unpaid medical leave from September 17, 2019, through January 12, 2020"). These facts were certainly known to Plaintiffs when they filed their Complaint more than a year ago on December 10, 2019.

But even the additional facts that post-date the Complaint have been known to them for at least 9 months and could have been included as a matter of course under

3

Rule 15(a)(1) for **months** before Frontier's Motion to Dismiss was fully briefed. The facts that post-date the Complaint span a period from January 2020 through no later than March 2020. *See* Proposed Am. Compl. ¶¶ 132-135 (referencing communication in January 2020); *id.* ¶¶ 136-137 (referencing communications in February and March 2020). If Plaintiffs had amended their Complaint in March 2020, they could have done so as of right under Rule 15(a)(1)(B), as Frontier's Motion to Dismiss was not filed until August 10, 2020 [ECF #33].[2] Even if they were awaiting Frontier's response to determine the need to amend, they still could have amended as of right through August 31, 2020, 21 days after Frontier's Motion to Dismiss was filed. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, they decided to delay amendment until only after Frontier's Motion to Dismiss was fully briefed, and another 2 months passed, to then seek an amendment on the day before the Christmas holidays with only a cursory attempt to confer less than 24 hours before they intended to file.

Plaintiffs' decision to unduly delay amendment for more than a year after their Complaint was filed, at least 9 months after they knew the facts, and at least 2 months after Frontier's Motion to Dismiss was fully briefed and ripe for resolution demands explanation. Yet, Plaintiffs completely fail to offer any explanation whatsoever. *See generally* Mot. to Amend. This, alone, should be fatal to their requested amendment. *See, e.g., Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Brown v. Cessna Aircraft Co.,*

---

[2] Indeed, the Scheduling Order was not even issued until August 26, 2020 [ECF No. 46].

106 F. App'x 655, 656 (10th Cir. 2004) (unpublished) ("Untimeliness alone can provide a sufficient reason to deny a motion for leave to amend, especially where the party seeking to amend knew, or should have known, of the facts supporting the proposed amendment when the original complaint was filed."); *Bailey v. City of Englewood*, No. 13-cv-01715-RM-BNB, 2014 WL 3508683, at *2 (D. Colo. July 11, 2014).

### B. Plaintiffs' Amendments Are Unduly Prejudicial.

In addition to the undue delay of the amendment, Plaintiffs' choice to wait until **months** after Frontier's Motion to Dismiss was fully briefed and ripe for resolution by this Court is also unduly prejudicial. If Plaintiffs are permitted leave to amend, Frontier will be forced to engage in yet another costly round of Rule 12(b) briefing, and this Court will have to expend valuable judicial resources in evaluating that additional briefing.[3] The Tenth Circuit has found prejudicial such amendments that "rendered worthless the time and effort [Frontier] expended on its motion . . . ." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1167 (10th Cir. 2009) (affirming denial of leave to amend); *see also Emerald City MGMT., LLC v. Kahn*, No. 4:14-cv-358, 2015 WL 13501073, at *2 (E.D. Tex. Sept. 2, 2015) (holding that a "likely call for additional briefing" was prejudicial); *Land Res. Cos., LLC v. Enterkin*, No. 1:04-cv-1969-CC, 2005 WL 8154761, at *3 (N.D. Ga. July 7, 2005) (holding that amendment that "delay[s] the disposition of this case and increase litigation costs" should be denied); *Trammell v. UNUM Life Ins. Co. of Am.*, No. CIV. 06-

---

[3] *See, e.g., Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 148269, at *1 (D. Colo. Jan. 11, 2010) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded.").

5

1263 LH/WDS, 2007 WL 9729136, at *2 (D.N.M. Nov. 26, 2007) (same); *see also* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1487 ("[I]f the court determines that the proposed amendment would result in defendant being put to added expense . . . leave to amend may be denied.").

Of course, allowing the amendment and its concomitant round of additional briefing will also delay the case, which itself prejudices both Frontier and the Court "in the form of additional and undue delay" that affects their "ability to efficiently resolve this case." *Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 300-02 (D. Colo. 2014) (Krieger, C.J); *see also Johnson v. Barnes*, No. 17-cv-02346-MSK-MEH, 2019 WL 5894186, at *4 (D. Colo. Nov. 12, 2019) ("[T]e Court finds that permitting the proposed amendment would unreasonably delay the resolution of this case, to the prejudice of the current Defendants"). Plaintiff's Motion to Amend should be denied as unduly prejudicial for these additional reasons.

### C. Plaintiffs' Amendments Are Futile.

Plaintiffs' proposed amendments are also futile. A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008); *see also Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Among other things, a proposed amendment is futile when it would "fail to cure the deficiencies in [the prior] Complaint . . . ." *Clark v. Fallin*, No. 16-6109, 2016 WL 3548391, at *3 (10th Cir. June 28, 2016); *Whayne v. Kansas Dep't of Soc. & Rehab. Servs.*, No. CIV.A. 97-2107-KHV, 1997 WL 567946, at *2 (D. Kan. Aug. 1, 1997); *see also Paiz v. CC Servs., Inc.*, No. 07-cv-01835-W, 2008 WL 821783, at *1 (D. Colo. Mar.

6

26, 2008) (citing *Moody's,* 175 F.3d at 859). Plaintiffs' proposed amendments have not, and cannot, cure the legal deficiencies in Plaintiffs' Complaint asserted in Frontier's Motion to Dismiss. Indeed, they do not even address the challenges raised. *See* Mot. to Amend 3.

Instead, Plaintiffs assert unexhausted facts occurring after the Complaint was filed. A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (emphasis added). Plaintiffs' allegations of conduct in 2020 must be, but have not been, exhausted with the EEOC and the CCRD. When "discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018). Of course, an "employer's rejection of an employee's proposed accommodation is a discrete act that must be the subject of a charge of discrimination within 300 days of the employer's rejection." *Sanchez v. City & Cty. of Denver by & through Bd. of Cty. Comm'rs*, No. 19-cv-01307-DDD-SKC, 2019 WL 5695949, at *5 (D. Colo. Nov. 4, 2019) (quoting *Becerra v. EarthLink, Inc.*, 421 F. Supp. 2d 1335, 1343 (D. Kan. 2006)); *see also Hock v. Mesa Cty. Valley Sch. Dist. 51*, No. 17-cv-02369-RBJ, 2019 WL 2085354, at *5–6 (D. Colo. May 13, 2019), *appeal dismissed,* No. 19-1448, 2020 WL 2539662 (10th Cir. Mar. 19, 2020); *Andrews v. The Geo Grp., Inc.*, No. 06-CV-0844-REB-BNB, 2007 WL 3054967, at *4 (D. Colo. Oct. 18,

2007), *aff'd sub nom. Andrews v. GEO Grp., Inc.*, 288 F. App'x 514 (10th Cir. 2008); *see also Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir. 2003).

Courts in this Circuit routinely deny leave to amend based on futility when a plaintiff cannot demonstrate exhaustion with the EEOC. *See, e.g., Kahler v. Walmart Inc.*, No. 18-CV-3162-WJM-KMT, 2020 WL 127974, at *2 (D. Colo. Jan. 10, 2020) (denying leave to amend for claims that had not been exhausted); *see also Pretlow v. James*, 650 F. App'x 944, 947 (10th Cir. 2016) (unpublished); *Lyons v. Sw. Mem'l Hosp.*, No. 13-CV-00328-KMT, 2014 WL 1016039, at *10 (D. Colo. Mar. 17, 2014); *Deuty v. HP*, No. 10-cv-00562-WYD-KMT, 2011 WL 2607169, at *18 (D. Colo. May 23, 2011) ("Because Plaintiff failed to timely file a charge of discrimination as to his disability discrimination claim, it would be subject to summary judgment and therefore is futile."), *report and recommendation adopted sub nom. Deuty v. Hewlett-Packard Corp.*, No. 10-cv-00562-WYD-KMT, 2011 WL 2607159 (D. Colo. July 1, 2011); *Steward v. United Parcel Serv. of Am., Inc.*, No. CIV-06-1199-C, 2008 WL 686205, at *3-4 (W.D. Okla. Mar. 7, 2008) (refusing to allow amendment for ADA claim based on failure to exhaust). Because none of Plaintiffs' proposed amendments can establish exhaustion as a matter of law, their proposed amendments are futile, and their Motion should be denied for this additional reason.[4]

---

[4] In fact, Plaintiff's unexplained delay and futile arguments may even demonstrate bad faith. Courts have held that a plaintiff "demonstrated a dilatory motive or bad faith," when, as here, she "could have included these allegations earlier" and had "not justified the[] delay." *See, e.g., Williams v. Savage*, 569 F. Supp. 2d 99, 108 (D.D.C. 2008); *see also*

### III.     CONCLUSION

For all of the foregoing reasons, and those asserted in Frontier's Motion to Dismiss [ECF #33] and Reply in Support [ECF #61], which it incorporates fully by reference, Plaintiffs' Motion to Amend should be denied, and the Court should award to Frontier any and all other relief that it deems just and proper under the circumstances.

Dated this 13th day of January, 2021

*s/Stephen E Baumann II*
Stephen E. Baumann II
Danielle L. Kitson
Erin A. Webber
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Facsimile:  303.629.0200
sbaumann@littler.com
dkitson@littler.com
ewebber@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

---

Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1487 (noting that bad faith exists when "advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading . . ."); *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1015 (8th Cir. 2015) (affirming denial of leave to amend based on an appearance of bad faith and dilatory motive when leave was sought "to avoid dismissal after defendants' motions to dismiss were fully briefed . . .").

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2021, I electronically filed and served the foregoing **FRONTIER'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jayme Jonat
Vincent Gregory Levy
Karen A. Sebaski
Holwell Shuster & Goldberg LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: vlevy@hsgllp.com
        jjonat@hsgllp.com
        ksebaski@hsgllp.com

Galen Leigh Sherwin
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-519-7819
Fax: 212-549-2580
Email: gsherwin@aclu.org

Mark Silverstein
Sara R. Neel
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO 80203
Phone: 303-777-5482
Fax: 303-777-1773
Email: msilverstein@aclu-co.org
        sneel@aclu-co.org

*Attorneys for Plaintiffs*

                                                        *s/Arlene Aguilar*
                                                        Arlene Aguilar