IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-03468-CMA-SKC

RANDI FREYER,
BRANDY BECK,
ERIN ZIELINSKI, AND
SHANNON KIEDROWSKI

    Plaintiffs,

V.

FRONTIER AIRLINES, INC.,

    Defendant.

## MINUTE ORDER

Plaintiffs have filed a motion to amend their Complaint to change and add new allegations. [#65.]¹ The motion to amend was filed on December 23, 2020, and was referred to the magistrate judge for a determination. [#68.] The Defendant filed its response opposing the motion to amend arguing undue delay, prejudice, and futility. [#71.]

The purpose of Rule 15(a) is to facilitate a decision on the merits. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities."). Thus, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). When considering the "needs of justice," the Court must take into account the interests of all parties, including whether the amendment is futile or will result in undue prejudice. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

First, the deadline for joining parties and amending the pleadings was December 23, 2020 [#46], a date proposed by the parties. [*See* #44 at p.10.] Thus, the Court perceives no undue delay. And apart from the necessity of answering or

---

¹ The Court uses "[#__]" to refer to specific docket entries in CM/ECF.

otherwise responding to the new complaint, the Court does not perceive any prejudice that would inure to the detriment of Defendant. To be sure, on balance, the proposed complaint remains largely unchanged from the original. Although Defendant may have to amend its arguments regarding dismissal, the Court imagines the lion's share of the work has already been drafted in the pending motion to dismiss.

The Court is also unpersuaded with Defendant's futility argument because it recasts the Rule 15(a)(2) analysis into a motion to dismiss argument, which is premature and inefficient.

The denial of a motion to amend is a dispositive issue that this Court may only recommend to the presiding judge; if, after objections, the amendment is allowed by the presiding judge then the issue is likely to arise a second time on a motion to dismiss. Removing one step and allowing amendment now, to possibly be addressed in a Rule 12(b)(6) motion later, satisfies Fed. R. Civ. P. 1. *See White River Vill., LLP v. Fid. & Deposit Co. of Maryland*, No. 08-cv-00248-REB-MEH, 2013 WL 6168853, at *4 (D. Colo. Nov. 25, 2013). The Court further observes that Defendant's arguments regarding dismissal may be more fully presented and create a better record in the context of a motion to dismiss, if any.[2] Accordingly, with a mind to the interests of judicial economy, this Court exercises its discretion in declining to engage in a detailed futility analysis on the motion to amend. *Cf. Fuller v. REGS, LLC,* No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant motion to amend rather than apply futility analysis).

The Court GRANTS Plaintiffs' Motion to Amend [#65]. Plaintiffs shall file a clean copy of the Amended Complaint on or before January 22, 2021. In addition, the Court FINDS AS MOOT the pending Motion to Dismiss [#33] and Motion to Stay [#47].

DATED: January 21, 2021.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

---

[2] While the Court makes no comment on Defendant's likelihood of success, the Court notes Defendant would, at minimum, be entitled to file a Reply brief in support of its arguments.