IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RANDI FREYER,
BRANDY BECK,
ERIN ZIELINSKI, and                                    Case No. 1:19-cv-03468-CMA-SKC
SHANNON KIEDROWSKI

      Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

## MOTION OF PLAINTIFFS FOR CONSOLIDATION PURSUANT TO RULE 42(a) OF THE FEDERAL RULES OF CIVL PROCEDURE

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel conferred with counsel for Defendant regarding this Motion. Counsel for Defendant opposes the relief requested by this Motion.

## I.	Introduction

Randi Freyer, Brandy Beck, Erin Zielinski, and Shannon Kiedrowski—Plaintiffs in the instant case, *Freyer v. Frontier Airlines*, No. 19-cv-03468 (the "Freyer Action")—respectfully submit this memorandum of law in support of their motion to consolidate the Freyer Action with a related case, *Hodgkins v. Frontier*, No. 19-cv-03469 (the "Hodgkins Action"), pursuant to Fed. R. Civ. P. 42(a) and District of Colorado Local Rules 3.2 and 40(d)(4)(C).  In these twin actions, pilots and flight attendants (in *Freyer* and *Hodgkins*, respectively) challenge Frontier Airlines' discrimination against and refusal to accommodate pregnancy and lactation.  Consolidation is appropriate because both

1

cases involve a challenge to the same defendant's discriminatory policies and concern substantially the same questions of fact and law, and because the considerable efficiencies offered by consolidation for the Court and the parties alike far outweigh any prejudice to Defendant.

## II.      Statement of Facts

On December 10, 2019, plaintiffs in the *Freyer* Action filed a complaint against Defendant Frontier Airlines.  On that same day, plaintiffs in the *Hodgkins* Action, represented by the same counsel, commenced an action against the same defendant. Pursuant to D.C.COLO.LCivR 3.2, again on that same day, Plaintiffs in both cases filed a notice to inform the Court of their related nature given the same defendant, the same counsel for both plaintiffs and defendant, substantially similar facts, and overlapping claims.

On December 23, 2020, following unsuccessful mediation efforts, Plaintiffs in the present action requested a status conference "to discuss how these two cases can proceed in the most efficient manner for the Court and the parties."  Dkt. No. 67.  The Court set but later vacated the requested status conference, ruling on January 12, 2021 "that if Plaintiffs believe consolidation is the best course of action, they should file a motion to that effect."  Dkt. No. 70.  This motion follows.

## III.     Argument

Rule 42(a) of the Federal Rules of Civil Procedure provides that: "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  In this context, Local Rule 42.1 provides that the "district judge to whom

the lowest numbered case is assigned" decides whether consolidation is warranted. D.C.COLO.LCivR 42.1.1.  The decision whether to consolidate actions involving common questions of law or fact is committed to the discretion of the district court.  *Am. Employers' Ins. Co. v. King Res. Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976).

The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Fed. Prac. & Proc. § 2381 (2d. Ed. 2995)).  In ruling on a motion to consolidate, a court "generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Employers Mut. Cas. Co. v. Western Skyways, Inc.*, No. 09-cv-01717-LTB, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010).

Here, consolidation would result in a considerable savings of time and effort for both parties and would facilitate the expeditious resolution of both actions.  On the merits, the two cases present virtually identical questions of law and fact due to the significant overlap of the policies and practices challenged and the claims asserted in both cases.  As to the policies, both cases involve the same type of discrimination— discrimination based on pregnancy and related conditions—and seek to answer the same central questions:  whether Frontier unlawfully failed to accommodate its pregnant and breastfeeding employees and otherwise discriminated against them due to pregnancy and breastfeeding.  And both sets of plaintiffs bring claims related to being

forced onto unpaid leave during their pregnancies and upon their return to work when breastfeeding, and in some cases, being forced to work without accommodations and being prohibited from using their existing break time to breast pump in the aircraft lavatory.

The majority of the legal claims asserted also overlap substantially.  Both groups of plaintiffs assert disparate treatment and disparate impact claims under Title VII and corollary state laws, as well as claims brought under the Colorado Pregnant Workers Fairness Act and the Break Time for Nursing Mothers Act.  It is accordingly in the interest of judicial economy and efficiency to have these cases heard by the same judge.  *See Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo. Feb. 24, 2009) ("The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial officers to address and rule on substantially the same issues in . . . different cases.").

Moreover, because both cases were filed on the same day and are still at a similar stage of litigation, no party would be prejudiced by consolidation.  *See Firstier Bank, Kimball, Neb. V. F.D.I.C. ex rel. Firstier Bank, Louisville, Colo.*, 11-cv-03231-CMA-MJW, 2012 WL 1621008, at *2 (D. Colo. May 8, 2012) ("Procedurally, the cases are all in the early stages of litigation, and consolidating these actions will not complicate or delay the proceedings."); *see also Fiber, LLC v. Ciena Corporation*, 13-cv-00840, 2015 WL 13873931, at *2 (D. Col. Nov. 16, 2015) (noting that the two cases in question are "at a similar stage of litigation," which "further favors consolidation").  The

cases are in similar stages of discovery—indeed, both parties served their initial discovery requests in the two cases on the same day.  Indeed, the discovery schedule currently set forth in the *Hodgkins* case is not appreciably longer than that in place currently in the instant case—both contemplate a close of fact discovery in late April. *See* Freyer Action Dkt. No. 46 (discovery cut off April 23, 2021); Hodgkins Action Dkt. No. 46 (discovery cut off April 30, 2021).

Perhaps most importantly, because these cases involve similar underlying facts and the same defendant, plaintiffs in the Freyer and Hodgkins actions anticipate that much of the evidence in the two cases will be identical and that several witnesses— particularly on the Defendant's side—will be called to provide testimony in both actions. Defendant's discovery requests served to date have that made that abundantly clear:  in the *Hodgkins* action, 8 of the 14 Requests for Admission, 17 of the 23 Interrogatories, and 19 of the 24 Requests for Production are substantively identical to those served in the *Freyer* action.[1]  Further, Defendant's initial disclosures in both cases name the same specific—and single—individual as the person likely to have discoverable information that Frontier may use to support its defenses, and both describe the anticipated witnesses of their corporate testimony in nearly identical terms. Unsurprisingly, Defendant's Responses and Objections to Plaintiffs' discovery requests are also substantially similar.

Plaintiffs' initial disclosures and first set of discovery requests present a similar

---

[1] Should the Court wish to review of the discovery documents referenced herein, Plaintiffs will provide them to the court upon request.

degree of overlap, with 2 out of 11 potential witnesses overlapping, and 15 out of 16 interrogatories and 19 out of 20 requests for production being substantially similar, both in kind and in scope.  Moreover, Plaintiffs anticipate using the same experts in both cases, with testimony that at a minimum will cover similar subject matter, and that at least in some instances—for example, the medical expert providing testimony on the mechanics of breastfeeding and pumping and the health consequences of being denied the ability to pump—may be nearly identical.  The handling of both cases by the same judicial officer would therefore facilitate coordination of discovery, significantly increasing efficiency for the parties and avoiding the risk of facing contradictory rulings as it relates to any discovery disputes that might arise.  *See Windsor Industries, Inc. v. Pro-Team, Inc.*, 87 F. Supp. 2d. 1129, 1132 (D. Colo. 2000) ("Resolving both issues in a single trial will eliminate possible discovery disputes and avoid wasting time and effort in dealing with the discovery process twice."); *see also Otter Prods, LLC v. Treefrog Developments, Inc.*, No. 11–cv–02180–WJM–KMT, 2013 WL 490964, at *2 (D. Colo. Feb. 7, 2013) ("Given the parties are the same, and because deposition testimony can be harmonized by consolidation, this points towards granting Plaintiff's Motion to Consolidate.").

The necessity of case coordination and consolidation has become even more critical since Frontier has filed motions to dismiss in both cases, raising numerous overlapping defenses in each motion.  *Compare* Dkt. No. 33 in *Freyer v. Frontier* with Dkt. No. 49 in *Hodgkins v. Frontier* (both raising arguments regarding preemption, the extraterritorial application of the WANMA statute, and the merits of Plaintiffs' Title VII

claims, among others).  Although the motion to dismiss in the Freyer case has been

mooted by the filing of an amended complaint, any renewed motion to dismiss will very

likely present many of the same defenses advanced in the original motion. Judicial

economy and efficiency beg that these issues be decided by a single judicial officer, as

consolidation would minimize the risk of conflicting rulings on the same legal issues.

See Skaggs, 2009 WL 458682, at *2; Assad v. Digitalglobe, Inc., No. 17-CV-01097-

PAB, 2017 WL 11556406, at *1 (D. Colo. July 6, 2017) ("Consolidation will ensure

efficient resolution of these and future motions by eliminating duplicative hearings while

guarding against inconsistent findings.").

      Frontier's own actions demonstrate that consolidation would impose no prejudice

to Frontier, and on the contrary, would likely offer valuable efficiencies.  For example,

Frontier has on several occasions met and conferred regarding both cases

simultaneously, filed nearly identical discovery requests and Responses and Objections

in both cases simultaneously, and agreed to attempt mediation of both cases before the

same magistrate judge.[2]

      Finally, while Hodgkins is a putative class action and Freyer is an individual case,

that should have no bearing on the analysis here.  Courts routinely consolidate

individual and class cases, "given the obvious benefits in terms of efficiency and judicial

---

[2] Indeed, a few months ago, in Young v. Frontier Airlines, Inc., Frontier itself sought an order consolidating six actions brought by individuals who purchased airline tickets, asserting that consolidation was necessary to avoid inconsistent rulings and to promote judicial efficiency.  20-cv-01153-PAB-KLM, 2020 WL 4193506 (D. Col. July 21, 2020). The Court agreed that consolidation was warranted and granted the unopposed motion to consolidate.  Plaintiffs pursue the same objectives and seek a similar order here.

economy." *Assad*, 2017 WL 11556406, at *2; *see also Herron v. Beck*, 693 F.2d 125, 127 (11th Cir. 1982) (recognizing that a district court may, in appropriate cases, consolidate a plaintiff's individual claim with an existing class action). Here, the interests of the individual *Freyer* Plaintiffs are aligned with those of the Named Plaintiffs and the members of the putative class in *Hodgkins* in terms of both the policies challenged and the nature of the injunctive and declaratory relief sought, and any differences required in the management of the two cases can be easily accounted for by the Court and the parties. *See In re Vernitron Sec. Litig.*, 469 F. Supp. 297, 299 (J.P.M.L. 1979) (holding that the concern over the impact that coordinated or consolidated pretrial proceedings of class actions would have on the conduct of an individual action was "unwarranted" as "plaintiffs in the [individual] actions . . . need not participate in discovery or other pretrial proceedings unrelated to their respective actions"). For example, any delays that might be caused to *Freyer* by class certification proceedings in *Hodgkins* can be eliminated or mitigated through the use of mechanisms such as bifurcating liability and damages stages of trial. *See, e.g.*, *Int'l B'hd of Teamsters v. United States*, 431 U.S. 324 (1977); *E.E.O.C. v. Outback Steak House of Fla., Inc.*, 576 F. Supp. 2d 1202, 1203 (D. Colo. 2008). Moreover, the Scheduling Order in the Hodgkins Action contemplates that all discovery other than issues related to individual class members' damages occur prior to class certification, which means that the scope of discovery during Phase I discovery in *Hodgkins* should be virtually identical to the scope of discovery in *Freyer*. This is therefore not a situation where the efficiencies gained from consolidation of the class case and the individual action are

counter-balanced by prejudice to the individual plaintiffs.

Accordingly, consolidation will be appropriate and efficacious in this instance.[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to consolidate should be granted.

---

[3] Even absent formal consolidation, Plaintiffs note that the Local Rules of the District of Colorado confer authority on this Court to "confer with every other judicial officer to whom a related case is assigned to discuss whether the related cases should be submitted for special assignment or reassignment under D.C.COLO.LCivR 40.1(a) or transfer under D.C.COLO.LCivR 40.1(d)(4)(B)." *See* D.C. Colo. Local Civ. R. 3.2. However, District of Colorado Local Rule 40(d)(6) prohibits a party from affirmatively seeking transfer pursuant to this rule. *See* D.C. Colo. Local Civ. R. 40(d).

Respectfully submitted this 29th Day of January, 2021

By: /s/ Jayme Jonat
Jayme Jonat
Vincent Levy
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE
AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: jjonat@hsgllp.com
Email: vlevy@hsgllp.com
Email: ksebaski@hsgllp.com

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@aclu.org

Sara R. Neel
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17thAvenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org
Email: msilverstein@aclu-co.org

*Attorneys for Plaintiffs*