IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR CONSOLIDATION PURSUANT
TO RULE 42(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") hereby submits its Response in Opposition to Plaintiffs' Motion for Consolidation Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure [Dkt. No. 75] ("Plaintiffs' Motion to Consolidate"), stating as follows:

### I. INTRODUCTION

Despite filing *Freyer, et al. v. Frontier Airlines, Inc.,* No. 19-cv-03468 ("*Freyer*") and *Hodgkins, et al. v. Frontier Airlines, Inc.*, No. 19-cv-03469 ("*Hodgkins*") as separate, unrelated actions on the very same day over fourteen (14) months ago, Plaintiffs inexplicably now seek to consolidate the two (2) cases, oversimplifying the facts, claims, and defenses at issue in the case. For the reasons set forth below, however, the likelihood of confusing the jury due to the similarity of the claims alleged within the context of differing facts and defenses in each case outweighs any benefit of possible convenience

or economy to be obtained from consolidation. Given that the factual and legal questions presented in the cases are not common, there is no risk of inconsistent rulings. Accordingly, this Court should deny Plaintiffs' Motion to Consolidate [Dkt. No. 75].

## II. LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 42(a), actions which involve a common question of law or fact *may* be consolidated." *Dillon Companies, Inc. v. United Food & Commercial Workers, Local 7,* No. 14-CV-01473-RM-KMT, 2014 WL 5335853, at *1 (D. Colo. Oct. 20, 2014) (internal citations and quotations omitted) (emphasis added). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Id.* In determining whether to consolidate cases, "[i]f the cases involve a common question of law or fact, the Court should then weigh the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Touchstone Grp., LLC v. Rink,* No. 11-CV-02971-WYD-KMT, 2012 WL 2921223, at *2 (D. Colo. July 16, 2012); *see also, United States ex rel. Jarboe v. Cherry Creek Mortg. Co.,* No. 19-CV-01529-CMA-KLM, 2020 WL 5365991, at *1 (D. Colo. Sept. 8, 2020) ("The [C]ourt generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause.").

## III. ARGUMENT

### A. The Court Should Deny Plaintiffs' Request To Consolidate.

#### 1. *Hodgkins* And *Freyer* Were Filed As Separate, Unrelated Actions On The Same Day Over A Year Ago.

2

If both cases involve "substantially similar facts and overlapping claims" as alleged in Plaintiffs' Motion to Consolidate [Dkt. No. 75], it is unclear why Plaintiffs' counsel chose to file two (2) separate actions—filing both the original Complaint[1] in *Freyer* [Dkt. No. 1] and the Complaint in *Hodgkins* [Dkt. No. 1] on the very same day, December 10, 2019, without indicating any relation between the two (2) cases on the Civil Cover Sheets. Or why they are only now asking that the cases be consolidated. *See Freyer,* Dk. No. 1-1; *Hodgkins,* Dkt. No. 1-1; *see also, Martin v. Bimbo Foods Bakeries Distribution, LLC*., No. 5:14-CV-17-BR, 2015 WL 2412100, at *1 (E.D.N.C. May 20, 2015) (denying motion to consolidate, observing "plaintiffs, represented by the same counsel, filed their initial cases separately over one year ago, and had ample time to request consolidation before such a late stage in litigation.").

Counsel has failed to address this issue or explain the timing of Plaintiffs' request to consolidate, perhaps because the likely explanation is that they now want the ability to internally forum shop within this District for the judges they find to be more favorable—gamesmanship repeatedly condemned by courts. *See, e.g., Torres v. Bellevue S. Assocs. LLP,* No. 16CIV2362RAKNF, 2020 WL 2538992, at *5 (S.D.N.Y. May 19, 2020) ("Plaintiff should not be rewarded for...shopping his case to a judge who he hopes will be more sympathetic to his cause. Allowing plaintiff to proceed with two cases compromising duplicative claims he believes are all related, and thereby giving him a second bite at the apple…would be an unwarranted reward").

---

[1] *Freyer* Plaintiffs filed an Amended Complaint on January 21, 2021 [Dkt. No. 74].

Discovery only recently commenced and the parties have not yet produced any documents. As a result, and as Plaintiffs acknowledge in their Motion to Consolidate [Dkt. No. 75], at this stage, they can only speculate as to what the evidence will be in both cases and to what extent (if any) there will be any overlap. *See* Dkt. No. 75 at p. 5 ("[P]laintiffs in the Freyer and Hodgkins actions *anticipate* that much of the evidence in the two cases will be identical and that several witnesses—particularly on the Defendant's side—will be called to provide testimony in both actions") (emphasis added); *see also, Avagliano v. Sumitomo Shoji Am., Inc.,* 37 Fed. R. Serv. 2d 47 (S.D.N.Y. 1983) ("[O]nly after discovery reveals the extent to which these actions involve common questions of law and fact can this Court make a meaningful assessment of whether and to what extent these actions should be consolidated for trial."). Further, Frontier has not disclosed or provided any information in its Initial Disclosures or discovery responses in *Freyer* or *Hodgkins* that Plaintiffs would not have already known and therefore, that their counsel should have known had they performed any reasonable inquiry prior to filing either lawsuit. Therefore, any information gleaned from Frontier's Initial Disclosures and responses to written discovery cannot suddenly support an argument for consolidation.

Even assuming *arguendo* that discovery in both cases will "largely involve the same witnesses, documents and information," this Court has rejected the same argument, concluding that the similarly conclusory statements that "the same witnesses, documents and information are 'largely involved'" is insufficient for purposes of warranting

4

consolidation.[2] *Dillon Companies, Inc. v. United Food & Commercial Workers, Local 7,* No. 14-CV-01473-RM-KMT, 2014 WL 5335853, at *1 (D. Colo. Oct. 20, 2014) (denying plaintiff's motion to consolidate on the grounds that although the three cases involved arose out of out the parties' relationship under a CBA and involved the same named parties, "each case involve[d] facts, circumstances and 'practices' particular to that member's (or members') grievance(s)" and rejecting "[Defendant's] conclusory statement that the same witnesses, documents and information are 'largely involved'" as insufficient for purposes of warranting consolidation).

To the extent Plaintiffs contend that Frontier's agreement to mediate both cases before the same magistrate judge is of any significance,[3] Plaintiffs notably omit the fact that during mediation, they themselves proposed that the cases be negotiated and settled separately, based upon separate merits.

### 2. The Cases Do Not Involve Common Issues Of Fact.

Contrary to Plaintiffs' representation, *Hodgkins* and *Freyer* do not involve common issues of fact to a degree warranting consolidation. The primary and most fundamental factual distinction is that *Freyer* concerns Frontier pilots while *Hodgkins* concerns Frontier flight attendants—separate positions with dramatically different job duties. Critically, pilots and flight attendants are subject to different policies – they are subject to separate

---

[2] While Plaintiffs claim certain discovery responses in *Hodgkins* are "substantially identical" to those served in *Freyer*, they fail to identify the discovery requests to which they refer such that Frontier can respond.

[3] While Frontier considers both the fact of and terms of mediation in these cases confidential, it feels compelled to address Plaintiffs' allegation and provide additional context regarding the mediation for purposes of countering Plaintiffs' argument.

5

collective bargaining agreements, and only the flight attendants are subject to the dependability policy at issue in the flight attendant case.

Plaintiffs' contention that there is "significant overlap of the policies and practices challenged" is therefore a gross overstatement. Dkt. No. 75 at p. 3. At issue in *Freyer* is Frontier's collective bargaining agreement (CBA) with Air Line Pilots Association, International ("ALPA") and other related documents concerning Frontier's policies and practices concerning pilots. In contrast, at issue in *Hodgkins* is Frontier's CBA with the Association of Flight Attendants ("AFA"), Frontier's Flight Attendant Manuals, Frontier's attendance policy ("Dependability Policy"), and other related documents concerning Frontier's policies and practices concerning flight attendants. As just one example of the differences, only the pilots challenge the policy in their CBA grounding pilots after their 32nd week of pregnancy—a policy that did not apply to Frontier flight attendants.

Indeed, a key issue in each case will be safety, and completely different considerations apply in that regard to pilots versus flight attendants. A pilot's request to take regular, 30-minute breaks in flight every two to three hours has different implications than a flight attendant's same request. As a result of the different job duties, there is a significant risk of jury confusion in evaluating Frontier's Bona Fide Occupational Qualification (BFOQ) affirmative defense based on safety.

For instance, Frontier plans to present the jury in *Freyer* with detailed testimony, including from experts, concerning the role of pilots and the specific risks pregnancy presents to their ability to perform their job functions safely and efficiently, which would be entirely irrelevant in *Hodgkins*. Similarly, the FMLA issues and claims presented in

6

*Hodgkins* as applicable to the flight attendants will be entirely irrelevant in *Freyer*. While the fact that one case concerns pilots while the other concerns flight attendants is alone enough to merit the denial of Plaintiffs' Motion for Consolidation, the factual circumstances allegedly giving rise to each Plaintiff's claims are not the same and particularly fact-intensive, an additional reason for denial of the Motion.

Further, Frontier flight attendants and Frontier pilots are in different departments in the organizational structure, and had (and have) different reporting lines and management—the pilots report up through the Chief Pilot's office, and flight attendants report up through the Director of Inflight Services—thus, the two groups did not (and do not) report to the same supervisors. Given that they were part of different unions, they also had different union representatives. While some of the same Frontier employees in the Company's Leave of Absence (LOA) department may have been involved in communications with Plaintiffs regarding their pregnancies, childbirth, and/or related conditions, to the extent those individuals are identified as witnesses in both *Freyer* and *Hodgkins,* they will be testifying about the specific circumstances surrounding each Plaintiff, including the applicable policies, which as previously discussed, differed depending on whether the Plaintiff was a Frontier flight attendant or a Frontier pilot.

Due to these significant factual distinctions, there is simply no risk of inconsistent rulings and consolidation is unwarranted. *See, e.g., Martin v. Bimbo Foods Bakeries Distribution, LLC.,* No. 5:14-CV-17-BR, 2015 WL 2412100, at *1 (E.D.N.C. May 20, 2015) ("In light of the significant factual differences regarding the termination of plaintiffs' respective Agreements and defendant's operation and sale of plaintiffs' routes, the court

7

concludes that any judicial efficiency gained by consolidation would be minimal and outweighed by the risk of possible jury confusion.").

### 3. The Cases Do Not Involve Common Questions Of Law.

*Hodgkins* and *Freyer* also involve different questions of law. Most notably, Plaintiffs brought *Hodgkins* as a class action, seeking to certify two classes of flight attendants pursuant to Rule 23—a "Pregnancy Class" and a "Breastfeeding Class"—and therefore, necessarily involves questions of law concerning class certification absent from *Freyer,* which was not brought as a class action. Further, only *Hodgkins* includes disparate treatment claims based upon Frontier's Dependability Policy, to which pilots were not subject. Also, only *Hodgkins* asserts a claim alleging Frontier interfered with leave taken under the FMLA. While both *Hodgkins* and *Freyer* involve disparate treatment and disparate impact claims under Title VII and corollary state laws as Plaintiffs contend, because *Hodgkins* involves flight attendants and *Freyer* involves pilots, not only will the evaluation of Frontiers' BFOQ defenses be different as discussed in Section III.A.2 *supra,* the comparator groups will necessarily be different given that a pilot cannot point to a flight attendant as a similarly situated employee. Also, unlike in *Freyer*, in *Hodgkins*, Frontier has moved to dismiss *all* of Plaintiffs' claims based upon lack of standing. *See Hodgkins,* Dkt. No. 49. Therefore, consolidation is not only inappropriate because there is a significant legal defense asserted in *Hodgkins* that has not been asserted in *Freyer*, additionally consolidation before any ruling on the Motion to Dismiss would be premature.

Finally, Plaintiffs' reliance on *Skaggs v. Level 3 Commc'ns, Inc.,* No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo. Feb. 24, 2009) for the proposition that having both *Hodgkins* and *Freyer* heard by the same judge is misplaced. Dkt. No. 75 at p. 4. Unlike in this case, *Skaggs* specifically involved separately filed securities class actions, and the Court consolidated the cases *sua sponte*, observing that "a number of federal courts have recognized, 'consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.'" *Id*. at *1 (D. Colo. Feb. 24, 2009), quoting *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006).

### 4. Consolidation Would Create Prejudice, Delay, And Confusion.

Consolidation would also present a significant risk of jury confusion due to the similarity of certain claims alleged in the complaints despite differing sets of facts. *See, e.g., Arroyo v. Chardon,* 90 F.R.D. 603, 606 (D.P.R. 1981) (refusing to consolidate cases on the grounds that "the possible prejudice to defendants due to the likelihood of confusion in the minds of the jurors because of the similarity of issues alleged in the complaints and the possibility of different facts in each case outweigh the benefits of any possible convenience or economy to be obtained from consolidation"). More specifically, the jury may conflate facts that are applicable to only flight attendants, to the *Freyer* Plaintiffs. *See Chen Li v. Jewelers Mut. Ins. Co.*, No. 18-CV-01704-CMA-KLM, 2019 WL 1045769, at *2 (D. Colo. Mar. 5, 2019) ("[T]here is significant risk of jury confusion because a jury in a consolidated case might conflate facts that are applicable to only one of the two Defendants. The same reasoning applies to any affirmative defenses that each

9

Defendant may raise at trial because evidence presented by one Defendant may prejudice Plaintiff's claim with respect to the other Defendant"). This is especially likely assuming, *arguendo,* that the classes identified in the *Hodgkins* Complaint, which Plaintiff contends contain at least one hundred (100) class members, are certified, and as a result, numerous witnesses and significant evidence will presumably be necessary for Plaintiffs to prove the specific acts demonstrating Frontier's engagement in the allegedly discriminatory practices, risking overwhelming the jury who may inadvertently conflate key distinctions in the cases.

Relatedly, the cases are at different procedural postures, and on different discovery schedules, such that consolidation will necessarily be to the detriment of judicial economy and result in delay. Plaintiffs in this case just filed their amended Complaint on January 21, 2021 [*Freyer,* Dkt. No. 74], and are proceeding down a traditional discovery path for a non-class case. In contrast, discovery in *Hodgkins* has been bifurcated into two phases—the first limited to Plaintiffs' individual claims and discovery necessary to support or oppose class certification and the second encompassing discovery regarding the individual facts and circumstances of any absent class members.[4] [*Hodgkins,* Dkt. No. 46].

Assuming, *arguendo,* that the classes identified in the *Hodgkins* Complaint are certified, phase two (2) of discovery is scheduled to conclude six (6) months after the Court's ruling on certification. See *Hodgkins,* Dkt. No. 46 at p. 9. Accordingly,

---

[4] The April 30, 2021 deadline referenced in Plaintiffs' Motion only applies to the first phase of discovery in *Hodgkins*. [Dkt. No. 75].

consolidating the cases will necessarily cause delay in that the parties and the Court would need to revisit a consolidated Scheduling Order, which will necessarily require a significantly longer discovery period than that set forth in *Freyer*, which is scheduled to conclude by April 23, 2021. *See Freyer,* Dkt. No. 46 at p. 10].

## IV.   CONCLUSION

For the foregoing reasons, Frontier respectfully requests that the Court deny Plaintiffs' Motion to Consolidate.

Respectfully submitted this 19th day of February, 2021

*s/ Danielle L. Kitson*
Erin A. Webber
Danielle L. Kitson
Stephen E. Baumann II
Carolyn Bailey Theis
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Facsimile:  303.629.0200
Email: ewebber@littler.com
         dkitson@littler.com
         sbaumann@littler.com
         catheis@littler.com

*Attorney for Defendant Frontier Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of February, 2021, I electronically filed **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONSOLIDATION PURSUANT TO RULE 42(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Galen L. Sherwin, Esq.
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY  10004
gsherwin@aclu.org

Jayme Jonat, Esq.
Vincent G. Levy, Esq.
Karen Sebaski
Holwell, Shuster & Goldberg, LLP
425 Lexington Avenue, 14th Floor
New York, NY  10017
jjonat@hsgllp.com
Vlevy@hsgllp.com
ksebaski@hsgllp.com

Mark Silverstein, Esq.
Sara R. Neel, Esq.
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO  80203
msilverstein@aclu-co.org
sneel@aclu-co.org

*Attorneys for Plaintiffs*

                                                    *s/ Joanna Fox*
                                                    Joanna Fox, Legal Secretary

4829-6348-9244.2 057446.1009