**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

        Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

        Defendant.

---

**JOINT MOTION FOR PROTECTIVE ORDER**

---

Pursuant to Paragraph 11.a. of the Court's Scheduling Order dated August 26, 2020 [ECF No. 46], the parties, by and through their respective undersigned counsel, jointly move the Court to enter the parties' proposed Protective Order, attached as Exhibit A, as an Order of the Court, to protect the discovery and dissemination of personal, confidential, proprietary, or "Sensitive Security Information."  In support of this Joint Motion, the parties state as follow:

1.    Plaintiffs' Amended Complaint alleges generally that Frontier discriminated against them by failing to accommodate their medical needs related to pregnancy and lactation.  *See generally* Am. Compl. [ECF No. 74].   Among other things, Defendant generally denies that they have stated claims for relief, denies that it failed to provide any accommodations permitted in the confines of an aircraft, and states that their state law claims are preempted by the Federal Aviation Act (the "FAAct"), 49 U.S.C. § 40103, *et*

seq., and the Airline Deregulation Act ("ADA"), among other things.  *See generally* Frontier's Mot. to Dismiss Am. Compl. [ECF No. 78].

2.      The parties agree that a protective order is necessary to protect personal, confidential, and proprietary information.

3.      Given the nature of the case, there is good cause to believe that discovery will involve the disclosure of confidential information, all of which normally is required to be maintained confidentially.    Because Plaintiffs' Amended Complaint arises from allegations of discrimination through an alleged failure to accommodate medical needs related to pregnancy and lactation, Plaintiffs' medical records will be at issue, as well as sensitive information related to their pregnancies and lactation choices.  The parties further believe that the employment information for Plaintiffs will be at issue. Furthermore, given that Defendant operates in a heavily regulated, safety-sensitive industry, the parties anticipate that Defendant's "Sensitive Security Information" related to flight operations will be at issue, which is protected by Federal Regulation 49 C.F.R. Part 1520.  As a result, a blanket protective order therefore is appropriate in this case, and a document-by-document showing is not required.  *See Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 386 (D. Colo. 2000).

**WHEREFORE**, the parties respectfully request that this Court enter the stipulated Protective Order as an Order of the Court.

Respectfully submitted this 2nd day of March, 2021.

s/Jayme Jonat
Jayme Jonat
Karen A. Sebaski
Vincent Gregory Levy
Holwell Shuster & Goldberg LLP  425
Lexington Avenue, 14th Floor New
York, NY 10017
646-837-5151

Galen Leigh Sherwin
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
212-519-7819

Mark Silverstein
Sara R. Neel
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO 80203
303-777-5482

**Attorneys for Plaintiffs**

s/ Stephen E. Baumann II
Erin A. Webber
Danielle L. Kitson
Stephen E. Baumann II
Carolyn B. Theis
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: ewebber@littler.com;
dkitson@littler.com;
sbaumann@littler.com;
catheis@littler.com

**Attorneys for Defendant
Frontier Airlines, Inc.**