IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

        Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

        Defendant.

## DEFENDANT'S BRIEF REGARDING DISCOVERY DISPUTES

Defendant Frontier Airlines, Inc. ("Frontier") submits its Discovery Brief consistent with the Court's Minute Order [ECF 98], and states that Plaintiffs are four pilots who assert numerous claims of employment discrimination arising from allegations that Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and lactation. Am. Compl. [ECF 74]. Frontier moved to dismiss all claims against it, save Plaintiff Freyer's Title VII claim arising from her grounding in October 2015 at 32 weeks of pregnancy. Mot. to Dismiss [ECF 78, 93].

The parties have nevertheless propounded and responded to the each other's written discovery requests. The parties have also engaged in extensive conferrals by email and numerous telephone calls and Webex meetings each exceeding one hour in length. The parties have reached agreement on a number of issues, but have reached impasse on the disputes below.

I. **FRONTIER'S DISPUTES WITH PLAINTIFFS' RESPONSES.**

    A. **Plaintiffs' Discovery Searches to Date, ESI Protocol, and Social Media.**

A number of Plaintiff's responses to Frontier's discovery requests indicate that Plaintiffs

"will respond by producing responsive, non-privileged documents . . . subject to their objections and the meet and confer process among the parties." Ex. A. Plaintiffs did **not** indicate that they were withholding production pending entry of an ESI protocol. During conferrals, Plaintiffs indicated that they are "conducting a good-faith, reasonable search" "subject to" an ESI protocol. But it was **Frontier** that proposed one directed to Plaintiffs' responses. Nearly a month later, and rather than redlining Frontier's proposed ESI protocol, Plaintiffs instead proposed their own.

When Frontier sought to understand Plaintiffs' efforts to search for responsive information outside of an ESI protocol, and what they have declined to search for and/or produce (other than through an ESI protocol), Plaintiffs refused to respond. Instead, they indicated documents have been "collected." When a party "simply and unilaterally determined that it need not undertake any search to determine whether it could find such emails," or ask individuals to "search for responsive emails on their respective computers," the party has failed to "comport with the principles of discovery." *Meeker v. Life Care Centers of Am., Inc.*, 2015 WL 7882695, at *4 (D. Colo. Dec. 4, 2015); *A PDX Pro Co. v. Dish Network Serv., LLC*, 311 F.R.D. 642, 653 (D. Colo. 2015).

Among other things, Plaintiffs have completely failed to produce **any** social media content. The very nature of their claims renders relevant communications and feelings related to their pregnancies, their ability to perform their duties as pilots during pregnancy and lactation, their ability to perform other activities during pregnancy and lactation, their lactation choices, their activities while on leave, and their emotional states, among other things. Courts routinely compel production of social media content, including private messages, posts, and other information not publicly available. *E.E.O.C. v. Original Honeybaked Ham Co.*, 2012 WL 5430974, at *1–2 (D. Colo. Nov. 7, 2012); *see also Moore v. Miller*, 2013 WL 2456114 (D. Colo. June 6, 2013); *Robinson v. Jones Lang LaSalle Americas, Inc.*, 2012 WL 3763545, at *2 (D. Or. Aug. 29, 2012).

Of course, Plaintiffs also seek emotional distress damages. When a plaintiff seeks such damages, social media content need not specifically refer to Plaintiffs' mental or emotional state to be discoverable, because social media usage generally demonstrates a snapshot of the user's relevant mental and emotional state. *Bass v. Miss Porter's Sch.,* 2009 WL 3724968, at *1 (D. Conn. Oct. 27, 2009); *Reid v. Ingerman Smith LLP*, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012); *accord Moore,* 2013 WL 2456114, at *1.

Frontier respectfully requests the Court order Plaintiffs to search for responsive documents and supplement their discovery responses with the searches performed (including source of information, search terms used, and limiting scope applied). Plaintiffs should also be ordered to produce **all** social media content. To limit the scope and facilitate the process, Frontier respectfully requests that the ESI Protocol included as a [Proposed] Order be entered as an Order of the Court.

### B. Plaintiffs' Failure to Produce <u>Any</u> Medical Records.

As noted, Plaintiffs' medical conditions generally are squarely at issue, both as to the merits of their claims and as to emotional distress damages. Yet Plaintiffs have failed to produce **any** medical records, and have offered to provide only medical records that relate to pregnancy and/or lactation.

The law is clear that "when a litigant alleges matters that put h[is] medical status at issue, []he waives h[is] right to object to the discovery of h[is] medical records." *Floyd v. SunTrust Banks, Inc.*, 878 F. Supp. 2d 1316, 1327–28 (N.D. Ga. 2012); *Roberts v. River City Care Ctr.*, 2014 WL 12540478, at *1 (W.D. Tex. Feb. 14, 2014). Plaintiffs' medical conditions generally impact their allegations in this lawsuit. If a Plaintiff was at risk of premature birth because of an underlying medical condition, that would be relevant. Likewise, if a Plaintiff had a medical condition that prevented her from breastfeeding for any reason, that would be relevant to any

3

claims about accommodating lactation. Of course, full medical records are also relevant to emotional distress because of what Plaintiffs may have stated to medical providers regarding stressors in their lives and/or what medications Plaintiffs may have been prescribed having an impact on emotional state. *LeFave v. Symbios, Inc.*, 2000 WL 1644154, at *2-4 (D. Colo. Apr. 14, 2000); *Weatherspoon v. Provincetowne Master Owners Ass'n, Inc.*, 2010 WL 936109, at *4 (D. Colo. Mar. 15, 2010). Judge Blackburn has sanctioned a plaintiff seeking emotional distress damages for her refusal to provide "waivers and releases concerning her medical records." *Gomez v. Dillon Cos.*, 2010 WL 1644610, at *2 (D. Colo. Apr. 22, 2010).

Frontier respectfully requests that the Court order Plaintiffs to execute releases for all health care providers from May 2011 through present so Frontier may obtain their medical records.

### C. Plaintiffs' Income and Mitigation.

Frontier also sought full income information for the years 2012 through present to address Plaintiffs' damages and mitigation. Plaintiffs have agreed to produce only "non-Frontier W2s (or 1099s)." But a plaintiff in an employment discrimination case must produce federal and state income tax returns to demonstrate her **entirety** of income, not just selectively chosen W-2s. *Washington v. Integris Health, Inc.*, 2014 WL 1809639, at *1 (W.D. Okla. May 7, 2014); *Carbajal v. Warner*, 2013 WL 1129429, at *8 (D. Colo. Mar. 18, 2013); *Rucinski v. Torian Plum Condo. Owners Ass'n*, 2011 WL 1235517, at *1 (D. Colo. Apr. 1, 2011); *Bjerke v. Nash Finch Co.*, 2000 WL 33339658, at *2 (D.N.D. Feb. 1, 2000). Frontier respectfully requests that the Court order Plaintiffs to produce full tax returns and all other income information from 2012 through present.

### D. Plaintiffs' Deficient Damages Calculations.

To date, Plaintiffs have failed to provide **any** damages calculation, despite the clear dictates of Rule 26(a)(1)(A)(iii). Plaintiffs contend that such calculation is premature, and only offered to

4

provide backpay calculations on April 27, 2021. But Plaintiffs are obligated to provide information about the amount and nature of **all** of the categories of damages they seek. *Cessar v. Brooks*, 2006 WL 1980292, at *1 (D. Colo. July 12, 2006); *see also PDX*, 311 F.R.D. at 658. The same is true with respect to non-economic damages for emotional distress or punitive damages. "While it is true that the ultimate amount of non-economic damages, if any, to be awarded plaintiff[] will be determined by a jury," that "does not relieve the plaintiff[] from disclosing any specific evidence [she] intend[s] to utilize at trial in support of [her] request for emotional distress or from disclosing any dollar range [she] intend[s] to request from the jury." *McCrary v. Country Mut. Ins. Co.*, 2014 WL 1871891, at *4 (N.D. Okla. May 9, 2014); *Szott v. Baxter Healthcare Corp.*, 2007 WL 9702661, at *1 (S.D. Fla. Aug. 20, 2007). Frontier respectfully requests that the Court order Plaintiffs to provide a damages calculation and all information in support of any damages.

## II. PLAINTIFFS' DISPUTES WITH FRONTIER'S RESPONSES.

Frontier has objected to several of Plaintiffs' requests based on the lack of relevance and proportionality under Rule 26(b)(1). Ex. B. "[R]elevancy is not readily apparent" on many of their requests, and Plaintiffs have not made a showing "of many or all of the proportionality factors" to avoid "fishing expedition[s] in the hopes that they may turn up some relevant or useful information." *Strating v. Abound Solar, Inc.*, 2012 WL 882407, at *2 (D. Colo. Mar. 15, 2012); *Davis v. United States VA*, 2017 WL 3608192, at *22 (D. Colo. Aug. 22, 2017).

### A. Temporal Scope

As argued in Frontier's Motion to Dismiss, the relevant time period for Plaintiffs' allegations is January 1, 2015, through October 6, 2017. *Deneffe v. SkyWest, Inc*, 2015 WL 232128, at *4 (D. Colo. Jan. 16, 2015); *O'Neal v. Thompson*, 54 F. App'x 301, 303–04 (10th Cir.

2002). Nevertheless, Frontier has offered to provide documents for an **additional five (5) years**, from 2013 through 2020. Unsatisfied, Plaintiffs seek information for a full **decade** from 2010 through 2020. Such requests are plainly overbroad, and Frontier respectfully requests that the Court enter an order clarifying that, unless otherwise specified, the relevant time period for Plaintiffs' requests is 2013 to 2020.

### B. Documents "Concerning" Policies or Lactation Facilities.

A number of Plaintiffs' discovery requests seek not just policies or lists of lactation facilities, but also communications "concerning" those policies and lists. For example, Interrogatory 5 asks Frontier to "[i]dentify all Documents Concerning policies governing the process by which pilots may seek an Accommodation for a medical condition, disability, or other circumstance that renders them unable to fly without such Accommodation." Such requests for information or documents "concerning" a compound list of issues are facially overbroad and unduly burdensome. *Trs. of Springs*, 2010 WL 1904509, at *5; *Leone*, 2013 WL 2352273, at *3.

Nevertheless, Frontier has gathered and is in the process of producing all relevant policies and collective bargaining agreements, as well as lists of lactation facilities. Plaintiffs remain unsatisfied, insisting on any and all communications related to the policies and facilities.

To further resolve the dispute, Frontier offered to consider a tailored ESI Protocol to run search terms in a two-tiered approach (first to determine the number of "hits" from relevant, appropriate search terms, and then to determine the burden based on the volume of hits for each term). While Plaintiffs appeared amenable to this approach as of April 27, 2021, a quick review of their proposal reveals the continuing lack of relevance, vast overbreadth, and failure to narrowly tailor and tie search terms to their requests. For example, they propose running "polic! and (pilot!)." Of course, not every single policy, nor any communication about any possible policy

6

related to pilots, has bearing on this case: a policy about race, religion, sexual orientation, or the like has nothing to do with this case. Frontier respectfully requests that the Court enter an Order holding that Frontier's production of the policies and lists requested is sufficient. Alternatively, Frontier respectfully requests that the Court order Plaintiffs to propose narrowly tailored search terms relevant to the claims and defenses at issue, and tied to the specific requests.

### C. "Disparate Impact Data" and Studies Regarding Barriers.

Plaintiffs have made vague reference to "data" needed for their disparate impact claim. Frontier moved to dismiss the disparate impact claim because, among other things, Plaintiffs have not identified any **facially neutral** policy at issue. Mot. 27-28; Reply in Supp. 13-14; *Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1006 (10th Cir. 1996). Plaintiffs also argued that Frontier's "practices impact *100%* of pregnant flight attendants and virtually all flight attendants who are breastfeeding . . . while *zero* flight attendants who are not pregnant or breastfeeding are subject to and harmed by them." Opp'n 27 [ECF 84]. If so, there is simply no need for broad-reaching discovery about "data." *Kachel v. City of Pueblo*, 743 F. Supp. 749, 757 (D. Colo. 1990).

Even if there were, the relevant "data" here is the number of people affected (i.e., the total **number** of flight attendants versus the total **number** of those who were pregnant). *Id.*; *Drake v. City of Fort Collins*, 927 F.2d 1156, 1161 (10th Cir. 1991). Frontier is providing this information in the files for those who requested accommodations. But any other "data," including any "studies," goes beyond that relevant to a disparate impact claim. Plaintiffs have not brought an equal pay claim, a failure-to-hire claim, or a failure-to-promote claim. Frontier respectfully requests that the Court enter an Order holding that Frontier's offer to provide personnel files for flight attendants who sought accommodation is sufficient.

**WHEREFORE**, Frontier respectfully requests that the Court enter the orders noted above.

7

Dated: April 30, 2021

                *s/ Stephen E. Baumann II*
                Stephen E. Baumann II
                Littler Mendelson, P.C.
                1900 Sixteenth Street, Suite 800
                Denver, CO 80202
                Telephone: 303.629.6200
                Facsimile: 303.629.0200
                Email: sbaumann@littler.com

                *Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2021, I electronically filed and served the foregoing **DEFENDANT'S BRIEF REGARDING DISCOVERY DISPUTES** via the CM/ECF system, which will send notification of such filing to the following:

Jayme Jonat
Vincent Levy
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE
AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, NY 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: jjonat@hsgllp.com
Email: vlevy@hsgllp.com
Email: ksebaski@hsgllp.com

Sara R. Neel
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org
Email: msilverstein@aclu-co.org
*Attorneys for Plaintiffs*

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@aclu.org

*s/Arlene Aguilar*
Arlene Aguilar

9