UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RANDI FREYER, BRANDY BECK, ERIN ZIELINSKI, and SHANNON KIEDROWSKI

Plaintiffs,

-against-

FRONTIER AIRLINES, INC.,

Defendant.

No. 19 Civ. 03468-CMA-SKC

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT FRONTIER AIRLINES, INC.'S FIRST SET OF WRITTEN DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, and the Local Civil Rules of the United States District Court for the District of Colorado, Plaintiffs, by and through their undersigned counsel, hereby object and respond to Frontier Airlines, Inc.'s ("Frontier") First Set of Written Discovery (the "Written Discovery"), served on Plaintiffs on December 30, 2020.

**PRELIMINARY STATEMENT**

Plaintiffs provide these objections and responses based upon the investigation conducted in the time available since service of the Written Discovery. As of the date of these objections and responses, Plaintiffs have not had a sufficient opportunity to review all documents or otherwise obtain all information that may prove relevant in objecting and responding to the Written Discovery. As a consequence, these objections and responses are based upon information now known to Plaintiffs and that Plaintiffs believe to be pertinent in objecting and responding to the Written Discovery. In the future, Plaintiffs may discover or acquire additional information bearing on the Written Discovery, and Plaintiffs' objections and responses thereto. Without in any way obligating themselves to do so, Plaintiffs reserve the right: (a) to make subsequent revisions or amendments to their objections or

1

# EXHIBIT A

grounds that the phrase "none of the Plaintiffs" is vague and ambiguous and is not designed to provide information with respect to any individual Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiffs admit that they did not file formal grievances with the Air Line Pilots Association related to the allegations in the Complaint, but deny any implication that the applicable Collective Bargaining Agreements required them to do so.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Plaintiffs incorporate by reference each General Objection and Objection to Definitions and Instructions into its Specific Objections to these Interrogatories.

### INTERROGATORY NO. 1:

Identify the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the claims and defenses of any party to this action (regardless of whether or not you may rely on the individual's testimony in support of your claims), and a brief description of the specific information that each such individual is known or believed to possess.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiffs further object that this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other forms of privilege. Plaintiffs further object that this Interrogatory seeks information that is available through less burdensome means of discovery or is equally available to or within the possession of Defendant.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to Plaintiffs' Initial Disclosures. Plaintiffs reserve the right to identify other witnesses in the course of the litigation and to call at trial additional witnesses, including whomever Defendant may designate as witnesses, rebuttal and impeachment witnesses, expert witnesses, and any additional witnesses that may become known as additional facts and issues are identified during the course of Plaintiffs' ongoing factual investigation and discovery. Further, by indicating the general subject matter of

information that the identified individuals may possess, Plaintiffs are in no way limiting the right to call any individual listed to testify concerning other subjects.

**INTERROGATORY NO. 2:**

Identify, by category, the subject matter and location of all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to the claims or defenses of any party to this action (regardless of whether you may rely on them in support of your claims).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiffs further object that this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other forms of privilege. Plaintiffs further object that this Interrogatory seeks information that is available through less burdensome means of discovery or is equally available to or within the possession of Defendant.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to Plaintiffs' Initial Disclosures and to Plaintiffs' responses to Defendant's Requests for Production. Plaintiffs reserve the right to supplement this information as discovery progresses. Plaintiffs further reserve the right to use information contained in and/or referred to in documents disclosed by and otherwise produced by Defendant in this action.

**INTERROGATORY NO. 3:**

Identify and describe in detail each and every verbal or written communication with any person (including but not limited to current or former employees of Frontier) regarding the allegations contained in the Complaint. For each and every instance, identify all individuals who participated in the communication(s); the time, date, and location of the communication(s); the topics discussed; the positions of each party to the communication(s); any representations made to you by the participating individual(s); any actions taken as a result of the alleged communication(s); and any witnesses to the alleged communication(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because, among other reasons, it does not specify a particular time period and

15

(request for information "regarding other judicial or administrative proceedings involving violations of 'any wage and hour laws or regulations'" was overly broad in terms of subject matter and relevant time period). Plaintiffs will meet and confer regarding the scope and time period of this Interrogatory.

**INTERROGATORY NO. 12:**

For each Plaintiff, identify all grievances filed, or that have been filed on behalf of any Plaintiff by any union, against any employer under the terms of a collective bargaining agreement, including without limitation any grievances filed with respect to the allegations in the Complaint. For each grievance identified, provide the approximate date that the grievance was initiated, the parties to the matter, the nature of the grievance, the status of the action, and provide any other identifying information, such as grievance or other matter numbers.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, designed to annoy and harass, and seeks information neither material or necessary to the claims or defenses of this action, including because it seeks information regarding "all grievances filed . . . against any employer under the terms of a collective bargaining agreement" over an unidentified time period and without limit to subject matter.

Subject to and without waiving the foregoing objections, Plaintiffs respond that none of them has filed a formal grievance with the ALPA regarding the allegations in the Complaint.

**INTERROGATORY NO. 13:**

For each Plaintiff, identify each email, social networking, or other Internet-based account or site that each Plaintiff has used or posted on while employed with Frontier, which records, reflects, or comments on each Plaintiff's experience at Frontier or with any individual at Frontier in any way, each Plaintiff's experience during pregnancy or breastfeeding, or any event that would evoke an emotional reaction for each Named Plaintiff. For each such account or site, whether Gmail, Hotmail, BabyCenter, Facebook, Flickr, Foursquare , Friendster, Google+, Glassdoor, Indeed, Instagram, LinkedIn, Meetup, MySpace, Peanut, Pheed, Pinterest, Reddit, Snapchat, Swarm, TikTok, Twitter, Tumblr, Yahoo, YouTube, Vine, What to Expect, WhatsApp, web blogs, or otherwise, provide your username associated with your account and/or posts, the email address associated with your login and/or posts, the website address, and the dates the account has been active or on which you made posts.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly

23

burdensome, designed to annoy and harass, seeks information over a time period beyond what is relevant to the Complaint, and seeks information neither material nor necessary to the claims or defenses of this action. Plaintiffs further object to this Interrogatory on the ground that the phrases "which records, reflects, or comments on each Plaintiff's experience at Frontier or with any individual at Frontier in any way" and "any event that would evoke an emotional reaction" are vague and ambiguous. Plaintiffs further object that, to the extent that any such social media posts are public, the burden of deriving the answers to this Interrogatory from these records is substantially the same for either party.

As Tenth Circuit courts widely recognize, Defendant is not entitled to obtain unfettered access to Plaintiffs' social media content that would result in the disclosure of personal, sensitive and irrelevant information, but is limited to requests reasonably calculated to lead to admissible evidence relating to the issues in the case. *See Gordon v. T.G.R. Logistics, Inc.*, 321 F.R.D. 401, 404 (D. Wyo. 2017) ("the defendant [should not] be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [social networking] account[s]"); *Johnson v. USANA Health Scis. Inc.,* 2020 WL 3270879, at *2 (D. Utah June 17, 2020) ("purely personal communications that do not mention anything related to this case are irrelevant"); *Waters v. Union P. R.R. Co.,* 2016 WL 3405173, at *2 (D. Kan. June 21, 2016) (discovery request limited to relevant time frame and subject matter necessary to protect plaintiff from a "fishing expedition into every thought he reduced to writing on the internet"); *E.E.O.C. v. Original Honeybaked Ham Co. of Georgia, Inc.,* 2012 WL 5430974, at *1 (D. Colo. Nov. 7, 2012) (requiring *in camera* production of social media content to prevent disclosure of personal and non-relevant information).

Subject to and without waiving the foregoing objections, Plaintiffs anticipate producing responsive, non-privileged, non-public social media posts, if any, that relate to their pregnancies or

breastfeeding during their employment at Frontier or Frontier's policies regarding the same. Subject to and without waiving their objections, and subject to the meet and confer process among the parties, Plaintiffs will respond by producing responsive, non-privileged, non-public documents in response to Defendant's Requests for Production. Plaintiffs further respond with the following list of usernames associated with Plaintiffs' respective accounts.

<u>Randi Freyer</u>

    Facebook: Randi Gallegos Freyer
    Instagram: pinkpilot1624

<u>Brandy Beck</u>

    Facebook: Brandy Beck
    Instagram: bstubbs93
    Twitter: @Brandyb2016

<u>Erin Zielinski</u>

    Facebook: Erin Carlson Zielinski
    Pinterest: @erinkc21

<u>Shannon Kiedrowski</u>

    Facebook: Shannon Coursey Kiedrowski

**INTERROGATORY NO. 14:**

For each Plaintiff, identify each and every telephone number and/or mobile phone device you have used from one (1) year prior to the date you became pregnant with your first child through present. For each number and/or device identified, please state the dates you used the number and/or device, the telephone or mobile service carrier which provided service to the number and/or device, and the ultimate disposition of each number and/or device (including, for devices, the device's current physical location).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, designed to annoy and harass, and because it seeks information neither material nor necessary to the claims or defenses of this action. Plaintiffs further object to this request on the ground that the term "became pregnant" is not defined and is vague and ambiguous in this context.

25

asserted in Plaintiffs' Initial Disclosures under Rule 26(a)(1)(A)(iii).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5.**

Plaintiffs object on the ground and to the extent that this Request calls for information to which Frontier has equal access or that is solely in the possession, custody, or control of Frontier. Plaintiffs further object to Request No. 5 to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other forms of privilege. Plaintiffs further object that this Request is premature because Plaintiffs' calculation of damages depends on information likely to be produced by Frontier in discovery.

Subject to and without waiving these objections, Plaintiffs direct Frontier to the contents of their Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 6**: Any electronically stored information, social media posts or messages, diaries, notes, correspondence, memoranda, calendars, journals, or other similar materials which record, reflect, or comments on each Plaintiff's experience at Frontier or with any individual at Frontier in any way, experience during pregnancy or breastfeeding, or any event that would evoke an emotional reaction for each Plaintiff. The response should include, but not be limited to, any electronically stored information, social media posts or messages, diaries, notes, correspondence, memoranda, calendars, journals, or other similar materials from any account identified in response to Interrogatory No. 13 above.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, designed to annoy and harass, seeks information over a time period beyond what is relevant to the Complaint, and seeks information neither material nor necessary to the claims or defenses of this action. Plaintiffs further object to this Request on the ground that the phrase "any event that would evoke an emotional reaction" is vague and ambiguous. Plaintiffs further object that, to the extent that any such social media posts are public, the burden of deriving responsive information from these records is substantially the same for either party.

Subject to and without waiving these objections, and subject to the meet and confer process, Plaintiffs will produce responsive, non-privileged, non-public social media posts within their

30

possession, custody, or control, if any, that can be identified through a reasonable search that relate to their pregnancies or breastfeeding during their employment at Frontier or Frontier's policies regarding the same.

**REQUEST FOR PRODUCTION NO. 7:** Any and all documents reflecting communications between any of the Plaintiffs and anyone else (other than correspondence sent only to your attorneys or documents sent by your attorneys to you and no one else) pertaining to your claims against Frontier.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7**

Plaintiffs object to this Request on the grounds that it is overbroad, unduly burdensome, lacks specificity, and seeks information that is not relevant to any party's claim or defense in this case or proportional to the needs of the case. Plaintiffs further object to Request No. 7 to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other forms of privilege.

Subject to and without waiving these objections, Plaintiffs direct Defendants to the documents produced in response to Request for Production Nos. 1–4.

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents, data, or tangible things containing statements, communications, observations, summaries, or reports of any kind by any person having any direct or indirect knowledge of any matter alleged in the Complaint, which refer or pertain to any of the allegations in the Complaint.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8**

Plaintiffs object to this Request on the grounds that it is overbroad, unduly burdensome, lacks specificity, seeks information that is not relevant to any party's claim or defense in this case or proportional to the needs of the case, seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other forms of privilege, and seeks information that is not within the possession, custody, or control of Plaintiffs. Plaintiffs further object on the ground and to the extent that this Request calls for information to which Frontier has equal access or that is solely in the possession, custody, or control of Frontier.

**REQUEST FOR PRODUCTION NO. 19:** For each Plaintiff, all documents, electronically stored information, or other tangible things pertaining to any Charge or amended Charge of Discrimination filed with the Colorado Civil Rights Division ("CCRD").

**OBJECTIONS AND RESPONSE TO REQUEST NO. 19**

Plaintiffs object to this Request on the grounds that it is overbroad, unduly burdensome, lacks specificity, and seeks information that is not relevant to any party's claim or defense in this case or proportional to the needs of the case, including because, among other reasons, it does not specify a particular time period.

Subject to and without waiving these objections, and the meet and confer process, Plaintiffs will produce non-privileged documents filed by any Plaintiff with the CCRD relating to the subject matter of the Complaint that are within their possession, custody, or control and can be identified through a reasonable search.

Dated: New York, New York
January 29, 2021

By:    /s/ Sara Neel
Sara R. Neel
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org
Email: msilverstein@aclu-co.org

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@alcu.org

Vincent Levy

        Jayme Jonat
        Karen Sebaski
        HOLWELL SHUSTER & GOLDBERG LLP
        IN COOPERATION WITH THE
        AMERICAN CIVIL LIBERTIES UNION
        425 Lexington Avenue, 14th Floor
        New York, New York 10017
        Phone: 646-837-5151
        Fax: 646-837-5150
        Email: vlevy@hsgllp.com
        Email: jjonat@hsgllp.com
        Email: ksebaski@hsgllp.com

        *Attorneys for Plaintiffs*