**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), by and through its undersigned counsel of record, serves the following Responses to Plaintiffs' First Set of Interrogatories:

**PRELIMINARY STATEMENT**

1. These responses and objections are based upon information presently known and available to Defendant. Defendant will supplement these responses with additional information should additional information become available to Defendant.

2. Defendant objects to each and every discovery request to the extent it attempts to impose obligations beyond those established by the Federal Rules of Civil Procedure.

3. Defendant objects to the discovery requests to the extent that they seek information or documents protected from discovery under the attorney-client and/or work product or other applicable privileges or immunities. Any inadvertent disclosure of privileged information or

# EXHIBIT B

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to provide information that has no bearing on any party's claims or defenses, concerns individuals and/or is outside the relevant time period of January 1, 2015, through October 6, 2017. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

**ANSWER:** Subject to and without waiving its objections, Frontier states that, under Rule 33(d) it will produce business records identifying its personnel involved in determining accommodations in 2015, 2016, and 2017.

**INTERROGATORY NO. 5:** Identify all Documents Concerning policies governing the process by which pilots may seek an Accommodation for a medical condition, disability, or other circumstance that renders them unable to fly without such Accommodation.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 1 and incorporates its objections to Interrogatory No. 1 herein. In addition, Frontier objects to this Interrogatory is overbroad, unduly burdensome, not proportional to the

8

issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify documents that governed outside the relevant time period of January 1, 2015, through October 6, 2017 and/or documents that have no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

**ANSWER:** Subject to and without waiving its objections, pursuant to Rule 33(d), Frontier will produce its employee handbooks, pilot manuals, and collective bargaining agreements for the years 2015, 2016, and 2017.

**INTERROGATORY NO. 6:** Identify all pilots employed at Frontier Airlines as of January 1 for each year during the during the Time Period, and for each state (a) the individual's date of hire, pay grade (based on wage/pay-rate tables contained in the applicable Employee Handbook or collectively bargaining agreement in effect at the time); (b) the date(s) of any changes in pay grade and the amount of such new pay grades; and (c) the total number of hours the individual worked each year.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible

9

Respectfully submitted this 15th day of January, 2021.

*s/Danielle L. Kitson*
Erin A. Webber
Danielle L. Kitson
Stephen E. Baumann II
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
Email: ewebber@littler.com
         dkitson@littler.com
         sbaumann@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*