# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.  1:19-cv-03468-CMA-SKC

RANDI FREYER, et al.,

　　　Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

　　　Defendant.

---

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

---

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), by and through its undersigned counsel of record, serves the following Responses to Plaintiffs' First Set of Interrogatories:

**<u>PRELIMINARY STATEMENT</u>**

1.　　These responses and objections are based upon information presently known and available to Defendant.  Defendant will supplement these responses with additional information should additional information become available to Defendant.

2.　　Defendant objects to each and every discovery request to the extent it attempts to impose obligations beyond those established by the Federal Rules of Civil Procedure.

3.　　Defendant objects to the discovery requests to the extent that they seek information or documents protected from discovery under the attorney-client and/or work product or other applicable privileges or immunities.  Any inadvertent disclosure of privileged information or

documents by Defendant are without prejudice to, and is not a waiver of any subsequent assertion of privilege by Defendant as to the information or document disclosed or as to other information.

4.      Defendant objects to the discovery requests to the extent that they seek information or documents prohibited from disclosure by federal law. Any inadvertent disclosure of such information or documents by Defendant are without prejudice to, and is not a waiver of any subsequent assertion by Defendant that federal law prohibits the disclosure of the information or document inadvertently disclosed.

5.      These responses are made solely for the purpose of this action. Each response and/or document produced is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and/or grounds that would require exclusion of any documents, or portions thereof, produced herewith, all of which objections and grounds are reserved and may be interposed at the time of trial.

6.      Defendant objects to the discovery requests to the extent that they seek information or documents in the possession, custody, or control of persons other than Defendant.

7.      Defendant objects to the discovery requests to the extent that the information or documents requested therein are equally accessible to, or in the possession of, Plaintiffs.

8.      Defendant objects to the discovery requests to the extent that they assume facts not in evidence.

9.      Defendant objects to the discovery requests to the extent that they seek personal or confidential information or documents relating to any person who is not a party to this action on the grounds that such requests invade the privacy of such individuals.

10.     Defendant objects to the discovery requests to the extent that they seek confidential business, personnel, operational, and/or financial information or documents.

11.     Defendant objects to the discovery requests to the extent that they are duplicative, redundant, overlapping, and repetitive, and that the requests, therefore, are unduly burdensome and incommensurate with Plaintiffs' legitimate discovery needs.

12.     To the extent that any document request calls for production of Electronically Stored Information ("ESI") or data (including, but not limited to, e-mails), Defendant objects to the production of any such information or data that is not reasonably accessible to Defendant without imposing an undue burden or expense and agrees to produce only that which is readily retrievable and responsive to Plaintiffs' requests.

13.     Defendant objects to the discovery requests to the extent that they are not reasonably limited in time.

14.     Relatedly, Defendant objects to Plaintiffs' definition of the term "Time Period," which spans more than fifteen (15) years and necessarily includes many years prior to the timeframe that could give rise to Plaintiffs' claims pursuant to the applicable statutes of limitations, and therefore, is not reasonably limited, but rather overbroad, resulting in unduly burdensome discovery requests disproportional to the issues and needs of this case and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1).

15.     Defendant also objects to Plaintiffs' definition of "Accommodation" to the extent it differs from any definition(s) of the term "accommodation" under any state or federal statute(s) and/or regulation(s) under which Plaintiffs seek relief.

16.     In addition, Defendant objects to Plaintiffs' definition of "Concerning" on the grounds that even defined, it remains an omnibus term that necessarily encompasses information and documents that have no bearing on any party's claims or defenses, making discovery requests including the term overbroad, unduly burdensome, disproportional to the issues and needs of this case and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1). *See Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (citing cases).

17.     Defendant reserves the right to assert any applicable objections to the disclosure of any such additional information or documents, or to the introduction of the responses or any information contained therein as evidence at any subsequent stage of this proceeding.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all Documents containing Frontier's employment policies, procedures, and practices applicable to pilots at any time during the Time Period, including but not limited to written employment policies, flight operations manuals, personnel manuals, employee handbooks, and Collective Bargaining Agreements (including any Letters of Agreement).

**OBJECTION:** Frontier objects to this Interrogatory to the extent it requests Frontier to identify information or documents protected from discovery under the attorney-client privilege and/or work product doctrine. Frontier further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify documents that have no bearing on or relationship to any party's claim or

defense and/or are outside the relevant time period of January 1, 2015, through October 6, 2017. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

**ANSWER:** Subject to and without waiving its objections, pursuant to Rule 33(d), Frontier will produce its employee handbooks, pilot manuals, and collective bargaining agreements for the years 2015, 2016, and 2017.

**INTERROGATORY NO. 2:** Identify all Documents sufficient to show the policies governing the system used to Bid for and set pilots' duty schedules.

**OBJECTION:** Frontier objects to this Interrogatory to the extent it requests Frontier to identify information or documents protected from discovery under the attorney-client privilege and/or work product doctrine. Frontier further objects to this Interrogatory on the grounds that phrase "policies governing the system used to Bid" is vague and ambiguous, requiring Frontier to speculate as to the information sought. In addition, Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent the Interrogatory asks Defendant to identify documents outside the relevant time period of

January 1, 2015, through October 6, 2017, and/or to the extent the Interrogatory asks Defendant to identify documents that have no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

**ANSWER:** Subject to and without waiving its objections, pursuant to Rule 33(d), Frontier will produce its employee handbooks, pilot manuals, and collective bargaining agreements for the years 2015, 2016, and 2017.

**INTERROGATORY NO. 3:** Identify all Documents sufficient to show the employment benefits (other than wages) provided or made available to pilots, including but not limited to medical and dental insurance, disability insurance, 401(k), retirement benefits, travel benefits, and life insurance.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that phrase "employment benefits" is vague and ambiguous, requiring Frontier to speculate as to the information sought. In addition, Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent the

Interrogatory asks Defendant to identify documents outside the relevant time period of January 1, 2015, through October 6, 2017, and/or asks Defendant to identify documents that have no bearing on any party's claims or defenses. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000). Frontier that this Interrogatory calls for the revelation of private third-party information that is not relevant to any party's claim or defense. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008); *Zinn-Hoshijo v. Comm. for Catholic Secondary Educ. in Colorado Springs*, No. 11-cv-01360-WYD-KMT, 2012 WL 1537919, at *1-2 (D. Colo. May 2, 2012); *Spacecon Speciality Contractors, LLC v. Bensinger*, No. 09-cv-02080-REB-KLM, 2010 WL 3927783, at *7 (D. Colo. Oct. 1, 2010); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720-21 (Colo. 1999).

**ANSWER:** Subject to and without waiving its objections, pursuant to Rule 33(d), Frontier will produce documents summarizing the employment benefits (other than wages) that were offered or made available to Plaintiffs in 2015, 2016, and 2017.

**<u>INTERROGATORY NO. 4:</u>** Identify all individuals or personnel responsible for considering and responding to requests for Accommodation by pilots for a medical condition, disability, or other circumstance that renders them unable to fly without such Accommodation.

**OBJECTION:**   Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to provide information that has no bearing on any party's claims or defenses, concerns individuals and/or is outside the relevant time period of January 1, 2015, through October 6, 2017. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to"  that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

**ANSWER:**   Subject to and without waiving its objections, Frontier states that, under Rule 33(d) it will produce business records identifying its personnel involved in determining accommodations in 2015, 2016, and 2017.

**INTERROGATORY NO. 5:** Identify all Documents Concerning policies governing the process by which pilots may seek an Accommodation for a medical condition, disability, or other circumstance that renders them unable to fly without such Accommodation.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 1 and incorporates its objections to Interrogatory No. 1 herein. In addition, Frontier objects to this Interrogatory is overbroad, unduly burdensome, not proportional to the

issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify documents that governed outside the relevant time period of January 1, 2015, through October 6, 2017 and/or documents that have no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

**ANSWER:** Subject to and without waiving its objections, pursuant to Rule 33(d), Frontier will produce its employee handbooks, pilot manuals, and collective bargaining agreements for the years 2015, 2016, and 2017.

**INTERROGATORY NO. 6:** Identify all pilots employed at Frontier Airlines as of January 1 for each year during the during the Time Period, and for each state (a) the individual's date of hire, pay grade (based on wage/pay-rate tables contained in the applicable Employee Handbook or collectively bargaining agreement in effect at the time); (b) the date(s) of any changes in pay grade and the amount of such new pay grades; and (c) the total number of hours the individual worked each year.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible

scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify individuals other than Plaintiffs and provide information outside the relevant time period of January 1, 2015, through October 6, 2017 and that has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to"  that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

 In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").

Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning hundreds of individuals who are not parties to this action, invading their privacy rights and expectations.

**INTERROGATORY NO. 7**: Identify all pilots who Frontier knows to have carried a pregnancy or pregnancies through birth or delivery, and for each describe (a) the employee's job title, rate of pay, and hours worked each year, including all changes in job title, new rate(s) of pay, and the

date(s) of such changes; (b) the date(s) the pilot gave birth or delivered a child; (c) the beginning and end dates of any "maternity leave," FMLA, unpaid medical leave, or personal requested or leave taken for reasons related to pregnancy, childbirth, recovery from childbirth, post-partum medical issues or conditions, and Lactation; and (d) the employee's last known address, telephone number, and email address.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent that it asks Defendant to identify individuals other than Plaintiffs and provide information outside the relevant time period of January 1, 2015, through October 6, 2017 and that has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate

subjects."). Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations. In addition, Frontier objects to this Interrogatory to the extent it is duplicative of certain information requested in Interrogatory No. 6.

**ANSWER:** Subject to and without waiving its objections, Frontier states that it will identify pilots who requested accommodations for reasons related to pregnancy or lactation from January 1, 2015, through October 6, 2017.

**INTERROGATORY NO. 8:** Identify all pilots whose employment at Frontier was terminated, who resigned, or who otherwise voluntarily separated from Frontier, and for each describe: (a) the date on which the termination, resignation, or separation occurred; (b) the duration of the employee's employment prior to termination, resignation, or separation; and (c) whether the termination was initiated by Frontier or by the employee or mutually agreed to.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent that it asks Defendant to identify individuals other than Plaintiffs and provide information outside the relevant time period of January 1, 2015, through October 6, 2017 and that has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they

incorporated a definition of "relate" or "relating to"  that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects."). Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations. Frontier also objects to this Interrogatory on the grounds that subpart (c) is vague and ambiguous, requiring Frontier to speculate as to the information requested. Frontier also objects to this request to the extent it is duplicative of Interrogatory No. 6.

**INTERROGATORY NO. 9:** Identify all pilots who requested an Accommodation, whether for reasons related to Pregnancy, childbirth, or related conditions or for any other reason, and for each describe: (a) the Accommodation(s) requested; (b) the date(s) the request(s) was made; (c) the reason the Accommodation was sought—including the medical condition or other circumstance, if known; (d) whether the Accommodation request was denied or granted; and (e) what, if any, Accommodation was granted.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1)  to the extent that it asks Defendant to identify individuals other than Plaintiffs and provide information outside the relevant time period

of January 1, 2015, through October 6, 2017 and that has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects."). Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations.

**ANSWER:** Subject to and without waiving its objections, Frontier states that it will identify pilots who, between January 1, 2015 and October 6, 2017, requested any of the same accommodations as those requested by Plaintiffs in that same time period.

**INTERROGATORY NO. 10:** Identify all routes and airports to which Frontier flies.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible

scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to provide information that is outside the relevant time period of January 1, 2015, through October 6, 2017 and has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

**ANSWER:**  Subject to and without waiving these objections, Frontier refers Plaintiffs to its website: https://www.flyfrontier.com/travel/travel-info/airport-info/.

**INTERROGATORY NO. 11:** Identify and Describe any Lactation facilities on the aircraft or at facilities used for ground or concurrent training that Frontier made available to pilots. For purposes of this interrogatory, Describe means a description of the location of the Lactation facility, whether it is located inside or outside of airport security and/or customs, and whether it is secured with a key, code, or other method to restrict access.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to provide information that is outside the relevant time period of January 1, 2015, through October 6, 2017

and has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC*, 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000). Frontier further objects to this Interrogatory on the grounds that the phrases "concurrent training" and "that Frontier made available" are vague and ambiguous, requiring Frontier to speculate as to their meanings.

**ANSWER:** Subject to and without waiving its objections, Frontier states that, under Rule 33(d), it will produce business records identifying lactation facilities in place in the time period during which any of the Plaintiffs inquired about such facilities.

**INTERROGATORY NO. 12:** Identify and Describe any Lactation facilities at any airports to which Frontier flies that Frontier made available to pilots. For purposes of this interrogatory, Describe means provide a description of the location of the Lactation facility, including whether it is located inside or outside of airport security and/or customs, its approximate distance from the gate Frontier flights typically use for arrival and departure, state whether the facility is used for any purpose other than reasons related to Lactation, and indicate whether it is secured with a key, code, or other method to restrict access.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to provide information that is outside the relevant time period of January 1, 2015, through October 6, 2017 and has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

Frontier further objects to this request to the extent that it seeks information beyond its possession, custody, and control. In addition, Frontier further objects to this request on the grounds that the phrase "that Frontier made available" is vague and ambiguous, requiring Frontier to speculate as to its meaning. Frontier also objects to this Interrogatory on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").

**ANSWER:** Subject to and without waiving its objections, Frontier states that, under Rule 33(d), it will produce business records identifying lactation facilities in place for which it had information in the time period during which any of the Plaintiffs inquired about such facilities.

**INTERROGATORY NO. 13:** Identify all pilots who have been placed in ground positions or "non-flying" positions, either for reasons related to pregnancy and related conditions and Lactation, or for reasons other than pregnancy and related conditions and Lactation, including but not limited to on- or off-the-job injury, illness, impairment, medical condition, disability, or loss of medical clearance, and for each such individual describe (a) the reason for such placement(s) and (b) the date(s) and duration of the placement(s).

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify individuals other than Plaintiffs and provide information that is outside the relevant time period of January 1, 2015, through October 6, 2017 and has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").

Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations.

**ANSWER:** Subject to and without waiving its objections, Frontier states that in the 2015-2017 timeframe, the CBA included a collectively-bargained for on-the-job-injury ("OJI") provision, allowing Frontier the discretion to provide pilots injured on the job – but only pilots injured on the job – with temporary light duty assignments in the General Office ("GO"). These assignments were not open job positions. Rather, when a pilot injured on the job was temporarily unable to work, he or she could, at Frontier's discretion, be permitted to help others in the GO with their own light-duty responsibilities. No pilot was "placed" in an open "ground position" or "non-flying position."

**INTERROGATORY NO. 14:** Identify all pilots who have been subject to any disciplinary action, including oral or written counseling or reprimand, temporary or permanent suspension, or imposition of any other penalty, for taking breaks while on duty, and for each, describe (a) the date(s) on which the conduct for which the pilot was disciplined occurred; (b) the conduct for which the pilot was disciplined; and (c) the nature of the disciplinary action taken.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify individuals other than Plaintiffs and provide information from outside the relevant time period of January 1, 2015, through October 6, 2017 and has no bearing on any party's claims or defenses. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to"  that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects."). Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations.

**INTERROGATORY NO. 15:** Identify any charge, complaint, allegation, grievance and/or report, formal or informal, internal or otherwise, brought by a pilot against Frontier or any

individual employee or agent of Frontier, relating to any claims of discrimination on the basis of pregnancy or pregnancy-related conditions including Lactation.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to provide information that has no bearing on any party's claims or defenses, concerns charges, complaints, etc. brought by pilots other than Plaintiffs, and concerns information outside the relevant time period of January 1, 2015, through October 6, 2017. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations. Frontier also objects to this request to the extent it seeks information and documents that are publicly available and therefore, equally available to Plaintiffs.

Respectfully submitted this 15th day of January, 2021.

*s/Danielle L. Kitson*
Erin A. Webber
Danielle L. Kitson
Stephen E. Baumann II
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
Email: ewebber@littler.com
        dkitson@littler.com
        sbaumann@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2021, a true and correct copy of **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served via e-mail on the following:

Galen L. Sherwin, Esq.
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY  10004
gsherwin@aclu.org

Mark Silverstein, Esq.
Sara R. Neel, Esq.
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO  80203
msilverstein@aclu-co.org
sneel@aclu-co.org

Jayme Jonat, Esq.
Karen Sebaski, Esq.
Vincent G. Levy, Esq.
Holwell, Shuster & Goldberg, LLP
425 Lexington Avenue, 14th Floor
New York, NY  10017
jjonat@hsgllp.com
ksebaski@hsgllp.com
Vlevy@hsgllp.com

Juno Turner
Towards Justice
1410 High Street, Suite 300
Denver, CO 80219
Phone: 720-239-2060
juno@towardsjustice.org

*Attorneys for Plaintiffs*

*s/Stephen E. Baumann II*
Stephen E. Baumann II