# Exhibit F

**From:** Jayme Jonat
**Sent:** Tuesday, August 17, 2021 6:31 PM
**To:** Kitson, Danielle L.
**Cc:** Theis, Carolyn; Galen Sherwin (gsherwin@aclu.org); Juno Turner; Sara Neel; Karen A. Sebaski
**Subject:** Frontier Meet and Confer

Danielle,

I'm writing to memorialize our meet and confer last week.  As to the comparator data, here is our understanding:

- For purposes of Plaintiffs' requests, with the exception of requests number 9 for pilots and flight attendants (see "Requests for Accommodations" bullet below), Frontier is defining the "relevant comparator universe" as those who sought accommodations for reasons related to their own medical or physical limitations.  Please confirm.  Plaintiffs continue to dispute this definition and reserve all rights, but for ease of reference for purposes of this negotiation, will refer to that group as the "relevant comparator universe" below.
- Payroll records, W2 forms, pay grades, credit hours, dates of hire, and separation/termination (dates and reasons)
    - For both the pilots and the flight attendants, this data is stored in Ultipro/UltiproUKG.
    - Following the status conference with Judge Hegarty, in meet and confer discussions, Frontier expressed willingness to discuss provision of the requested data for a percentage of flight attendants and pilots outside of the "comparator universe" as defined by Frontier.
    - On our conferral call, you clarified Frontier is now only willing to provide this data in both the <u>Freyer</u> and <u>Hodgkins</u> cases for what it has defined as the "relevant comparator universe."
    - For <u>Hodgkins</u>, please confirm whether Frontier is still willing to negotiate a percentage for purposes of obtaining a random sample.  Frontier had previously offered 5% (see July 12, 2021 Statement to Judge Hegarty at 3, identifying the 5% discussed on our July 1st conferral call).  We would agree to 10%.  Please confirm your position.
- Disciplinary actions/dependability points
    - For the pilots, you will assess the burden of producing the formal files of all pilots in what Frontier defines as the "relevant comparator universe" that have been disciplined for the last 12 months (36 month months for serious offenses).  You are then willing to negotiate search terms that can be run on certain employees' email for additional responsive documents.
    - For the flight attendants, you will assess the burden of producing the p-tracker data/underlying documentation for what Frontier defines as the "relevant comparator universe."
    - Please articulate your reasons for limiting the data in this way given that plaintiffs have asserted claims related to discipline that are not based on failure to accommodate.
    - For the flight attendants, please also confirm whether Frontier is still willing to negotiate a percentage for purposes of obtaining a random sample of those awarded points under the dependability policy.  Frontier had previously offered 5% (see July 12, 2021 Statement to Judge Hegarty at 3, identifying the 5% discussed on our July 1st conferral call).  We would agree to 10%.
- Promotions
    - For the pilots, you are <u>not</u> willing to produce data relating to first officers who have applied to captain positions.
    - For the flight attendants, we are waiting on your responses and objections to our request.
- Requests for Accommodations
    - For both the pilots and the flight attendants, in response to requests number 9, you agree to produce all personnel records for <u>any</u> pilot or flight attendant who requested any type of accommodation for any

1

       reason, including for reasons other than their own physical or medical limitations (e.g. religious reasons).
- Leaves of Absence
    - For both the pilots and the flight attendants, you agree to produce the extracted data from MicroNiche/AbsenceSoft for the "relevant comparator universe." You will consider assessing the feasibility and burden of producing the underlying documentation associated with that data.
    - For Hodgkins, please confirm whether Frontier is still willing to negotiate a percentage for purposes of obtaining a random sample of those outside of what Frontier defines as "the relevant comparator universe."  Frontier had previously offered 5% (see July 12, 2021 Statement to Judge Hegarty at 3, identifying the 5% discussed on our July 1st conferral call).  We would agree to 10%.
    - For Freyer, please confirm your current position with regard to the proposal to use a random sample.

Please note that for a number of these requests relating to the possibility of obtaining a random sample outside of what Frontier defines as the "relevant comparator universe," Plaintiffs had previously agreed to adjourn the scheduled discovery conference with Judge Hegarty based on Frontier's previous offer to negotiate over the appropriate percentage for such a sample.  If Frontier is no longer amenable to such a proposal, we would seek to get the previously-adjourned discovery conference back on the judge's calendar.

Thanks,
Jayme

Jayme Jonat
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, New York 10017
(646) 837-8455 (office)
(516) 567-6562 (mobile)
(646) 837-8602 (fax)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

2