IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-SKC

RANDI FREYER et al.,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

DISCOVERY REQUESTS IN DISPUTE FOR THE COURT'S
AUGUST 13, 2021 DISCOVERY HEARING

As requested by the Court, on behalf of all parties, Defendant Frontier Airlines, Inc. ("Frontier") states that the following discovery requests remain in dispute for the Court's resolution at the hearing set for August 13, 2021:

**INTERROGATORY NO. 6:** Identify all pilots employed at Frontier Airlines as of January 1 foreach year during the during the Time Period, and for each state (a) the individual's date of hire, pay grade (based on wage/pay-rate tables contained in the applicable Employee Handbook or collectively bargaining agreement in effect at the time); (b) the date(s) of any changes in pay grade and the amount of such new pay grades; and (c) the total number of hours the individual worked each year.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify

1

EXHIBIT A

individuals other than Plaintiffs and provide information outside the relevant time period of January 1, 2015, through October 6, 2017 and that has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC*, 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects."). Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning hundreds of individuals who are not parties to this action, invading their privacy rights and expectations.

**INTERROGATORY NO. 8:** Identify all pilots whose employment at Frontier was terminated, who resigned, or who otherwise voluntarily separated from Frontier, and for each describe: (a) the date on which the termination, resignation, or separation occurred; (b) the duration of the employee's employment prior to termination, resignation, or separation; and (c) whether the termination was initiated by Frontier or by the employee or mutually agreed to.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent that it asks Defendant to identify individuals other than Plaintiffs and provide information outside the relevant time period of January 1, 2015, through October 6, 2017 and that has no bearing on any party's claim or defense. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects."). Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations. Frontier also objects to this Interrogatory on the grounds that subpart (c) is vague and ambiguous, requiring Frontier to speculate as to the information requested. Frontier also objects to this request to the extent it is duplicative of Interrogatory No. 6.

3

**INTERROGATORY NO. 14:** Identify all pilots who have been subject to any disciplinary action, including oral or written counseling or reprimand, temporary or permanent suspension, or imposition of any other penalty, for taking breaks while on duty, and for each, describe (a) the date(s) on which the conduct for which the pilot was disciplined occurred; (b) the conduct for which the pilot was disciplined; and (c) the nature of the disciplinary action taken.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) to the extent it asks Defendant to identify individuals other than Plaintiffs and provide information from outside the relevant time period of January 1, 2015, through October 6, 2017 and has no bearing on any party's claims or defenses. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases) *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000).

In addition, Frontier objects to this request on the grounds that it is compound, seeking responses to separate and distinct topics of information. *See* Advisory Committee Notes to Fed. R. Civ. P. 33(a)(1) ("Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate

4

subjects."). Frontier further objects to this request on the grounds that it seeks personal and/or confidential information concerning individuals who are not parties to this action, invading their privacy rights and expectations.

**INTERROGATORY NO. 17:** For each pilot identified in response to Interrogatory No. 8, identify (d) the reason(s) for such termination, resignation or separation, including any internal data or codes associated with such reason(s) maintained by Frontier in the ordinary course of business.

**OBJECTION**: Frontier incorporates by reference its objections to Interrogatory No. 8 as if fully restated herein.

**RESPONSE:** Subject to those objections, and without waiving them, Frontier states that it is in the process of conferring with Plaintiffs with respect to the appropriate scope of the pilot comparator universe, and will produce information and documents in accordance with any agreement reached by the parties or as ordered by the Court.

**INTERROGATORY NO. 19:** Identify any pilot who was offered a promotion during the Time Period, including, for each, describing (a) the nature of the promotion offered; (b) whether such promotion was accepted or declined by the pilot; and (c) for each promotion that was offered and declined, the reason(s) for such declination, including any internal data or codes associated with such reason(s) maintained by Frontier in the ordinary course of business.

**OBJECTION:** Frontier objects to this Interrogatory on the grounds that it is irrelevant to the extent is seeks information about those dissimilar to Plaintiffs in their ability or inability to work, overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1). *See Cuomo v. Clearing*

*House Ass'n, LLC*, 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing).

**RESPONSE:** Subject to those objections, and without waiving them, Frontier states that its pilots are not "offered" "promotions," and Frontier is therefore unaware of any responsive pilot. Under Rule 33(d) of the Federal Rules, Frontier refers Plaintiffs to the pilots' collective bargaining agreements effective during the relevant time period, which govern a system bid process through which a pilot may voluntarily bid on pilot positions (awarded based on seniority and other factors as defined in the agreements).

**REQUEST FOR PRODUCTION NO. 8:** All Documents Concerning the termination of employment of pilots identified in your response to Interrogatory No. 8.

**OBJECTION:** Frontier hereby incorporates by reference its objections to Interrogatory No. 8. Frontier also objects to this Request to the extent it seeks documents protected from discovery under the attorney-client privilege and/or work product doctrine. In addition, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) in that the phrase "All Documents Concerning" is facially overbroad, encompassing documents that have no bearing on any party's claims or defenses, and to the extent the Request seeks documents outside the relevant time period of January 1, 2015, through October 6, 2017. *See Cuomo v. Clearing House Ass'n, LLC*, 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS,

2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it "difficult to imagine what documents or information would not be swept up in this definition") (citing cases); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000) (discovery request seeking all documents regarding involuntary termination of employment of any employee without restriction as to time was overbroad).

**REQUEST FOR PRODUCTION NO. 14:** For each pilot identified in your response to Interrogatory No. 14, all Documents Concerning such disciplinary action, including but not limited to Documents sufficient to show the reason for and nature of the disciplinary action taken.

**OBJECTION:** Frontier hereby incorporates by reference its objections to Interrogatory No. 14. Frontier also objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the issues or needs of this case, and beyond the permissible scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1) in that the phrase "all Documents Concerning" is facially overbroad, encompassing documents that have no bearing on any party's claims or defenses, and to the extent the Request seeks documents outside the relevant time period of January 1, 2015, through October 6, 2017, and/or concerns individuals who are not Plaintiffs or those similarly situated to Plaintiffs in all material respects. *See Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing); *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *5 (D. Colo. May 11, 2010) (observing discovery requests were facially objectionable to the extent they incorporated a definition of "relate" or "relating to" that made it

"difficult to imagine what documents or information would not be swept up in this definition") (citing cases); *Kendrick v. Penske Trans. Svc., Inc.*, 220 F.3d 1220, 1232 ("An employee is similarly situated to the plaintiff if the employee deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline.") (internal quotations and citation omitted); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40 (D. Md. 2000). Defendant further objects to this Request on the grounds that the phrase "sufficient to show" is vague and ambiguous, requiring Defendant to speculate as to its meaning.

Respectfully submitted this 20th day of July, 2021.

*s/Danielle L. Kitson*
Erin A. Webber
Danielle L. Kitson
Stephen E. Baumann II
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
Email: ewebber@littler.com
           dkitson@littler.com
           sbaumann@littler.com
           catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2021, a true and correct copy of **DISCOVERY REQUESTS IN DISPUTE FOR THE COURT'S AUGUST 13, 2021 DISCOVERY HEARING** was served via e-mail on the following:

Galen L. Sherwin, Esq.
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY  10004
gsherwin@aclu.org

Mark Silverstein, Esq.
Sara R. Neel, Esq.
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO  80203
msilverstein@aclu-co.org
sneel@aclu-co.org

Jayme Jonat, Esq.
Karen Sebaski, Esq.
Vincent G. Levy, Esq.
Holwell, Shuster & Goldberg, LLP
425 Lexington Avenue, 14th Floor
New York, NY  10017
jjonat@hsgllp.com
ksebaski@hsgllp.com
Vlevy@hsgllp.com

Juno Turner
Towards Justice
1410 High Street, Suite 300
Denver, CO 80219
Phone: 720-239-2060
juno@towardsjustice.org

*Attorneys for Plaintiffs*

                                        *s/Joanna Fox*
                                        Joanna Fox, Legal Secretary