IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-3468-CMA-MEH
(Consolidated with Civil Action No. 19-cv-03469-CMA-MEH)

In re FRONTIER AIRLINES LITIGATION

---

**ORDER RE: MOTION TO DISMISS (DOC. # 78)**

---

This matter is before the Court on Defendant's Motion to Dismiss the claims of Plaintiffs Randi Freyer, Brandy Beck, Erin Zielinski, and Shannon Kiedrowski ("Plaintiffs"). (Doc. # 78). The Motion is denied for the following reasons.

## I.  BACKGROUND

Plaintiffs are pilots who work for Frontier Airlines. (Doc. # 74, ¶ 1). They allege that Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and breastfeeding. (Doc. # 74, p. 2). They are now suing Frontier, alleging violations of (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (2) the Colorado's Pregnant Workers Fairness Act, C.R.S. § 24-34-402.3 ("PWFA"); (3) Colorado's Workplace Accommodations for Nursing Mothers Act, C.R.S. § 13-1-124(1) ("WANMA"); and (4) the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401 ("CADA"). (Doc. # 75, ¶ 7). Plaintiffs assert a total of thirteen causes of action based on what they describe as "Frontier's systemic, pervasive and discriminatory employment policies and practices." (Doc. # 74, ¶ 7).

1

Frontier now seeks dismissal of all but one of Plaintiffs' claims.[1] Frontier argues that (1) several of Plaintiffs' claims are time barred; (2) Plaintiffs' state law claims are preempted by the Federal Aviation Act of 1958 ("FAA") and the Airline Deregulation Act of 1978 ("ADA"); and (3) Plaintiffs' remaining claims fail to state a claim upon which relief can be granted.

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). However, the court need not accept conclusory allegations without supporting factual averments. *Southern*

---

[1] Defendant concedes that "Plaintiff Freyer's Title VII Claim (Claim # 1)" is "not subject to dismissal at this stage in the proceedings." (Doc # 78, p. 22).

2

*Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted).

Rule 12(b)(1) provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### III.   ANALYSIS

**A.   TIMELINESS**

Defendants first challenge Plaintiffs' claims on timeliness grounds. They argue that most of Plaintiffs' claims are barred by either the applicable statutes of limitation or by their failure to exhaust administrative remedies. Plaintiffs counter that "they remain employed at Frontier and seek forward-looking relief against the operation of discriminatory policies that continue to affect them," (Doc. # 84, p. 10). Further, Plaintiffs argue, "they have made detailed allegations regarding their requests or accommodations and Frontier's discriminatory conduct during the relevant time periods." (Doc. # 84, p. 3). The Court finds that dismissal is not appropriate.

The statute of limitations is an affirmative defense and is more aptly raised in the "defendant's answer than through a motion to dismiss." *Kerby v. Commodity Res. Inc.*, 395 F. Supp. 786, 791 (D. Colo. 1975); see also Fed. R. Civ. P. 8(c)(1). However, "when the dates given in the complaint make clear that the right sued upon has been extinguished," the issue may be raised in a motion to dismiss. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). That is not the case here.

Based on the limited record before the Court and the nature of the claims asserted, it is difficult to discern precisely when the statute of limitations began to run for Plaintiffs' claims. Moreover, the fact that Plaintiffs alleged continuing violations of state and federal law indicate that resolution of the statute-of-limitations question is better left until after there has been some factual development. *See Animal Care Sys., Inc. v. Hydropac/Lab Prod., Inc.*, No. 13-CV-00143-MSK-BNB, 2015 WL 1469513, at *12 (D. Colo. Mar. 26, 2015) (declining to resolve a statute of limitations defense on a motion to dismiss where the allegations were "not specific enough to resolve what precisely forms the basis or timing" of when plaintiff's "claims accrued, and therefore, when the relevant statute of limitations attached); *see also Mearin v. Vidonish*, No. Civ. A. 08-597, 2009 WL 5166258, at *3 (W.D. Pa. Dec. 29, 2009) (finding that "dismissal on the basis of the statute of limitations is not appropriate but is better left to some factual development" where plaintiff evoked the doctrine of equitable tolling in his response). Therefore, Defendant's request for dismissal on timeliness grounds is denied.

**B.     PREEMPTION**

Defendant next contends that Plaintiffs' state-law claims are preempted by the Federal Aviation Act of 1958 ("FAA") and the Airline Deregulation Act ("ADA").

1. FAA Preemption

Frontier first argues that Plaintiffs' state-law claims are preempted by the FAA. The FFA, Defendant contends, is the exclusive source of rules governing "whether and to what extent pilots may level their duty stations in the flight deck for any purpose[.]" (Doc. # 78, pp. 16-17 (internal quotation omitted)). Thus, Defendant argues, to the extent Plaintiffs are claiming that state law requires "on-aircraft breaks," those laws "intrude upon the federally occupied field of aviation safety," and are preempted. (Doc. # 78, p. 16). The Court disagrees.

First, it is not apparent from the pleadings that the state laws invoked by Plaintiffs' lawsuit impact airline safety. Plaintiffs' Complaint alleges, in relevant part, that Frontier violated state anti-discrimination and pregnancy-accommodation laws by refusing to provide accommodations related to pregnancy and lactation, while providing accommodations for other medical needs and disabilities. Nothing about these allegations, on their face, implicate a field of law occupied by the FAA.

Further,

Further, preemption under these circumstances is generally an affirmative defense and not, as Frontier contends, a basis for dismissal under Rule 12(b)(1). *See In re Air Crash Disaster at Stapleton Int'l Airport*, 721 F. Supp. 1185, 1186 (D. Colo. 1988) (preemption is a defense in the nature of avoidance properly "claimed as an affirmative defense in [an] answer"); *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash*

*Carlsbad, Inc.*, 693 F.3d 1195, 1203 n.4 (10th Cir. 2012) ("preemption may be invoked in . . . federal court as an affirmative defense to the allegations in a plaintiff's complaint"). Determining whether a party should prevail on its affirmative defense, such as preemption, is better left until the underlying facts have been further developed. Accordingly, Frontier's motion to dismiss the state law claims because they are preempted by the FAA is denied.

2. ADA Preemption

Defendant also contends that "Plaintiffs' state-law claims, to the extent that they are related to the use of breaks in aircraft lavatories, are . . . preempted" by the ADA. (Doc. # 78, p. 21). The ADA prohibits states from enacting or enforcing laws "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). Defendant argues that "the provision of an aircraft lavatory is a 'service' within the meaning of the ADA," and that therefore, any claim that mentions or relates to an aircraft lavatory is preempted. (Doc. # 78, p. 20). The Court is not convinced.

The Complaint in this case does not clearly implicate any service regulated by the ADA. Rather, the Complaint alleges, in relevant part, that Plaintiffs were refused pregnancy and lactation accommodations that were mandated under state law. State law claims are preempted by the ADA only when they have a "significant effect" or a "significant impact" on rates, routes, or services. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388-90 (1992). The Court agrees with Plaintiffs that the question of whether the requested accommodations would have a "significant" effect or impact on airline services is, at the very least, a question of fact that is cannot be resolved on a

6

dismissal motion. Therefore, Defendant's request for dismissal based on ADA preemption is denied.

   3. <u>Extraterritorial Application of WANMA</u>

Defendants contend that Plaintiffs' WANMA claims must be dismissed to the extent they are based "on Frontier's purported failure to provide sufficient lactation facilitates [sic] outside the state of Colorado," because "WANMA has no application extraterritorially." (Doc. # 78, p. 21). It is not clear from the Complaint whether, or to what extent, Plaintiffs' WANMA claim is "based on" conduct that occurred outside the state of Colorado. Defendant's Motion cites only a single paragraph in the Complaint that references "other airports." (Doc. # 78, p. 21; Doc. # 74, ¶ 68). However, it is clear from the Complaint that at least some of the alleged violations of WANMA took place in Colorado, and that further factual development is necessary to determine whether Plaintiffs are seeking extraterritorial application of the statute. Therefore, Defendant's Motion to Dismiss the WANMA claim on this basis is denied.

**C. FAILURE TO STATE A CLAIM**

Defendants argue that Plaintiffs have failed to state a claim for disparate treatment or disparate impact under either Title VII or CADA. The Court disagrees.

   1. <u>Disparate Treatment</u>

"The Pregnancy Discrimination Act ["PDA"] makes clear that Title VII's prohibition against sex discrimination applies to discrimination based on pregnancy." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 135 S. Ct. 1338, 1343 (2015). Thus, pursuant to Title VII, employers must treat "women affected by pregnancy, childbirth, or other

related conditions . . . the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).[2] A plaintiff can establish a prima facie case of pregnancy discrimination by showing, "[1] that she belongs to the protected class, [2] that she sought accommodation, [3] that the employer did not accommodate her, and [4] that the employer did accommodate others 'similar in their ability or inability to work.'" *Young*, 135 S. Ct. at 1354. Defendant's Motion centers on the fourth prong of this test. Specifically, Defendant argues that Plaintiffs' claims are subject to dismissal because Plaintiffs fail "to identify non-lactating comparators 'similar in their ability or inability to work' who were granted the accommodation that Plaintiffs were denied." (Doc. # 78, p. 26 (quoting *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1335 (2015)). The Court disagrees.

Plaintiffs' Complaint specifically alleges that Frontier provided accommodations to pilots who were "unable to fly" for "reasons unrelated to pregnancy," while declining to provide those accommodations to pilots who were pregnant or nursing. (*See, e.g.* Doc. # 74, ¶ 104). These allegations, if true, are sufficient to demonstrate that Frontier provided accommodations to other pilots who were "similar [to Plaintiffs] in their inability to work," while denying those accommodations to Plaintiffs. Such allegations are sufficient, at this stage of the proceedings, to state a plausible claim to relief for a failure

---

[2] "CADA discrimination . . . claims are subject to the same legal standards as Title VII claims." *Agassounon v. Jeppesen Sanderson, Inc.*, 688 F. App'x 507, 509 (10th Cir. 2017) (citing *Johnson v. Weld County*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010)). Therefore, the Court will not distinguish between the Title VII claims and the CADA claims for purposes of this analysis.

to accommodate. *See e.g., Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961, 978 (C.D. Cal. 2015) (denying defendants' motion to dismiss a pregnancy discrimination claim for failure to accommodate where the plaintiff alleged she was a "member of a protected class of women affected by pregnancy-related conditions, that she sought accommodation for her pregnancy-related condition, and that she was denied an accommodation . . . but that defendants accommodate[d] other employees with disabilities or medical conditions that require[d] reasonable accommodations"); *see also Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1286-87 (11th Cir. 2020) (explaining that the plaintiff "satisfied the fourth prong of her prima facie case" for failure to accommodate under the PDA where her temporary lifting restriction based on her pregnancy was akin to that of her colleague's lifting restriction stemming from an on-the-job injury). Accordingly, Frontier's motion to dismiss Plaintiffs' disparate treatment claims is denied.

    2.    <u>Disparate Impact</u>

Defendant also seeks dismissal of Plaintiffs' disparate impact claims. Defendants argue that these claims must fail because "Plaintiffs do not identify any <u>facially neutral</u> policies or practices" that have a disparate impact on pilots who are pregnant or nursing; they allege only "that Frontier's policies and practices <u>intentionally</u> single out and discriminate against pregnant and lactating pilots." (Doc. # 78, p. 27). This argument fails.

"Disparate-impact claims may be based on any employment policy, not just a facially neutral policy." *Adams v. City of Indianapolis*, 742 F.3d 720, 731 (7th Cir. 2014)

(discussing *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 991 (1988) ("We conclude, accordingly, that subjective or discretionary employment practices may be analyzed under the disparate impact approach in appropriate cases."). In the context of Title VII, disparate impact claims "challenge 'employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" *Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1006 (10th Cir. 1996) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609 (1993)). "To establish a prima facie case of disparate impact discrimination, plaintiff must prove a 'specific identifiable employment practice or policy caused a significant disparate impact on a protected group.'" *Chavez v. Coors Brewing Co.*, 176 F.3d 488 (10th Cir. 1999) (citation omitted).

Plaintiffs allege Frontier enacted and enforced policies related to medical leave and on-the-job accommodations that have a disparate effect on pregnant and breastfeeding employees. Plaintiffs also allege that the harms they suffered as a result of Frontier's pregnancy-related policies were disproportionate to those suffered by pilots who required accommodations for medical needs not related to pregnancy. Thus, the complaint provides "fair notice" of the disproportionate impact of Frontier's employment policies, and it sufficient to survive dismissal. Accordingly, Frontier's motion to dismiss Plaintiffs' disparate impact claims is denied.

    3.    <u>WANMA</u>

Finally, Defendant seeks dismissal of Plaintiffs' WANMA claim "concerning the lactation room at DIA." (Doc. # 78, p. 28). WANMA requires employers to "provide

reasonable unpaid break time or permit an employee to use paid break time, meal time, or both, each day to allow the employee to express breast milk" and states that the "employer shall make reasonable efforts to provide a room or other location in close proximity to the work area, other than a toilet stall, where an employee can express breast milk in privacy" for up to two years after the child's birth. C.R.S. § 8-13.5-104(1)-(2). Defendants argue that Plaintiffs' claims must fail as a mater of law because "Plaintiffs do not dispute" that Frontier satisfied these provisions by providing "a passcode-protected, lockable, private lactation room for Plaintiffs' use at DIA." (Doc. # 78). This argument is unavailing.

      Plaintiffs' Complaint plausibly alleges that Frontier violated WANMA both by failing to provide required break time and by failing to make reasonable efforts to provide an appropriate "room or other location" for lactation. (*See, e.g.* Doc. # 74, ¶¶ 77, 108, 113, 132-34- 158-59, 215). Defendant's argument to the contrary – that the existence of a single lactation room at Denver International Airport definitively establishes that Frontier made all "reasonable efforts" required by WANMA – is not persuasive. Therefore, Defendant's request to dismiss Plaintiff's WANMA claim on this basis is denied.

11

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. # 78) is DENIED.

DATED: September 30, 2021

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge