IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:      1:19-cv-03468-CMA-MEH
Member Case No:        1:19-cv-03469-CMA-MEH

RANDI FREYER, *et al.*,

     Plaintiffs,

MELISSA HODGKINS, *et al.*,

     Consolidated Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

     Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**

     Prior to consolidation, Plaintiffs in both cases filed substantially similar Motions to Compel Comparator Data. 19-cv-03468-CMA-MEH, ECF 116; 19-cv-03469-CMA-MEH, ECF 98. Plaintiffs seek "data from Frontier regarding how its treatment of pregnant and breastfeeding [pilots and flight attendants] compares to its treatment of all others similar in their ability or inability to work, regardless of the reason." ECF 116, Mot. at 2; ECF 98, Mot. at 2. This request contradicts itself. The statute at issue, the Pregnancy Discrimination Act, states: "[W]omen affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). The Supreme Court has rejected the interpretation offered by Plaintiffs: "[The statute] does not say that the employer must treat pregnant employees the

'same' as '*any* other persons' (who are similar in their ability or inability to work)." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 135 S. Ct. 1338, 1350 (2015) (emphasis added). Indeed, the Supreme Court expressly stated that the clause quoted above "refer[s] to nonpregnant persons with similar disabilities." *Id.* For this reason, I adopt the Defendant's proposed comparator universe, as amended by the Court:

> [A]ll flight attendants over the relevant time period who were unable to work **for any length of** time due to their own **disabilities, medical conditions,** physical limitations or restrictions of any kind without some form of accommodation.

19-cv-03468-CMA-MEH, ECF 130, Resp. at 7.[1]

Plaintiffs have not established at this point that production of comparator information on such a broad scope as they request (involving virtually all Frontier employees, regardless of the existence of any physical limitation or disability whatsoever) is warranted. In the event, after production of such information as ordered herein, Plaintiffs have a reasoned argument that the scope of this discovery will be insufficient to advance their arguments in their anticipated motion to certify a class, they may request a supplemental discovery conference for the purpose of expanding production of comparator information. I believe this is consistent with Fed. R. Civ. P. 1 and the requirements of proportionality and relevance. Further, taking at least this intermediate step will permit me to better determine whether production on a broader scope is proportionate to the case and not unduly burdensome, considerations that are not well defined in the current briefing.

Accordingly, in adopting Defendant's proposed comparator universe (as amended by the Court), Plaintiffs' motions filed in 19-cv-03468-CMA-MEH [filed August 27, 2021; ECF 116] and 19-cv-03469-CMA-MEH [filed September 24, 2021; ECF 98] are **denied**.

---

[1] The same is true for pilots. 19-cv-03468-CMA-MEH, ECF 122, Resp. at 7.

Dated at Denver, Colorado, this 25th day of October, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge