## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-MEH
(Consolidated with Civil Action No. 19-cv-03469-CMA-MEH)

IN RE FRONTIER AIRLINES LITIGATION

---

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND [ECF #74]

---

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), by and through its undersigned counsel, respectfully submits its Answer and Defenses to Plaintiffs' Amended Complaint and Jury Demand ("Complaint") [ECF #74]. Defendant denies all allegations not expressly admitted herein and further answers as follows:

### INTRODUCTION

1.       Defendant admits Plaintiffs are female pilots employed or previously employed by Defendant. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 1 of Plaintiffs' Complaint and therefore, denies them.

2.       Defendant denies the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3.       Defendant denies the allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4.       The allegations set forth in Paragraph 4 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

5.       The allegations set forth in Paragraph 5 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

6.       The allegations set forth in Paragraph 6 of Plaintiffs' Complaint, including its subparts, state a legal conclusion to which no response is required.

7.      The allegations set forth in Paragraph 7 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

8.      The allegations set forth in Paragraph 8 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

9.      The allegations set forth in Paragraph 9 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

10.     The allegations set forth in Paragraph 10 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

11.     The allegations set forth in Paragraph 11 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

12.     The allegations set forth in Paragraph 12 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

13.     The allegations set forth in Paragraph 13 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

14.     Defendant denies the allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15.     Defendant denies the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

## PARTIES

16.     Defendant admits Plaintiff Brandy Beck has been employed by Defendant as a commercial airline pilot. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendant admits Plaintiff Randi Freyer has been employed by Defendant as a commercial airline pilot. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendant admits Plaintiff Erin Zielinski has been employed by Defendant as a commercial airline pilot. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendant admits Plaintiff Shannon Kiedrowski has been employed by Defendant as a commercial airline pilot. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendant admits that Frontier Airlines, Inc. is a Colorado corporation with a principal place of business located in Denver, Colorado, and employs 15 of more employees.

## FACTUAL ALLEGATIONS

21.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and therefore, denies them.

22.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and therefore, denies them.

23.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and therefore, denies them.

24.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and therefore, denies them.

25.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and therefore, denies them.

26.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and therefore, denies them.

27.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and therefore, denies them.

28.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 28 of Plaintiffs' Complaint and therefore, denies them.

29.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and therefore, denies them.

30.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint and therefore, denies them.

31.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31 of Plaintiffs' Complaint and therefore, denies them.

32.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint and therefore, denies them.

33.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint and therefore, denies them.

34.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and therefore, denies them.

35.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and therefore, denies them.

36.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and therefore, denies them.

37.     Defendant denies the allegations set forth in Paragraph 37 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the written policy to which they refer, which speaks for itself and is the best evidence of its contents.

38.     Defendant denies the allegations set forth in Paragraph 38 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the FAA regulations to which they refer, which speak for themselves and are the best evidence of their contents.

39.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 39 of Plaintiffs' Complaint and therefore, denies them.

40.     Defendant denies the allegations set forth in Paragraph 40 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the publication to which they refer, which speaks for itself and is the best evidence of its contents.

41.     Defendant denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the guide to which they refer, which speaks for itself and is the best evidence of its contents.

42.     Defendant denies the allegations set forth in Paragraph 42 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policies to which they refer, which speak for themselves and are the best evidence of their contents.

43.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 43 of Plaintiffs' Complaint and therefore, denies them.

44.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint and therefore, denies them.

45.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint and therefore, denies them.

46.     The allegations set forth in Paragraph 46 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

47.     Defendant denies the allegations set forth in Paragraph 47 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

48.     The allegations set forth in Paragraph 48 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

49.     Defendant denies the allegations set forth in Paragraph 49 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

50.     Defendant denies the allegations set forth in Paragraph 50 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

51.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 51 of Plaintiffs' Complaint and therefore, denies them.

52.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint and therefore, denies them.

53.     Defendant denies the allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

54.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 54 of Plaintiffs' Complaint and therefore, denies them.

55.     Defendant denies the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 56 of Plaintiffs' Complaint and therefore, denies them.

57.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 57 of Plaintiffs' Complaint and therefore, denies them.

58.     Defendant admits the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 59 of Plaintiffs' Complaint and therefore, denies them.

60.     Defendant denies the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendant denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendant denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 63 of Plaintiffs' Complaint and therefore, denies them.

64.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 64 of Plaintiffs' Complaint and therefore, denies them.

65.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 65 of Plaintiffs' Complaint and therefore, denies them.

66.     The allegations set forth in Paragraph 66 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

67.     Defendant denies the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68.     Defendant denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69.     The allegations set forth in Paragraph 69 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

70.     Defendant denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the FAA guidance to which they refer, which speaks for itself and is the best evidence of its contents.

71.     The allegations set forth in Paragraph 71 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

72.     The allegations set forth in Paragraph 72 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

73.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 73 of Plaintiffs' Complaint and therefore, denies them.

74.     Defendant denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

75.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 75 of Plaintiffs' Complaint and therefore, denies them.

76.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 76 of Plaintiffs' Complaint and therefore, denies them.

77.     Defendant denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

78.     Defendant admits Plaintiff Randi Freyer has been employed by Defendant as a commercial airline pilot. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

79.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 79 of Plaintiffs' Complaint and therefore, denies them.

80.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 80 of Plaintiffs' Complaint and therefore, denies them.

81.     Defendant denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

82.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 82 of Plaintiffs' Complaint and therefore, denies them.

83.     Defendant denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Freyer's personnel records, which speak for themselves and are the best evidence of their contents.

84.     Defendant denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 84 of Plaintiffs' Complaint, and therefore, denies them.

85.     Defendant denies the allegations set forth in Paragraph 85 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 85 of Plaintiffs' Complaint concerning telephone calls to Defendant's Human Resources Department and therefore, denies them.

86.     Defendant denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 87 of Plaintiffs' Complaint and therefore, denies them.

88.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 88 of Plaintiffs' Complaint and therefore, denies them.

89.     Defendant denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint

90.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 90 of Plaintiffs' Complaint and therefore, denies them.

91.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 91 of Plaintiffs' Complaint and therefore, denies them.

92.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 92 of Plaintiffs' Complaint and therefore, denies them.

93.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 93 of Plaintiffs' Complaint and therefore, denies them.

94.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 94 of Plaintiffs' Complaint and therefore, denies them.

95.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 95 of Plaintiffs' Complaint and therefore, denies them.

96.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 93 of Plaintiffs' Complaint and therefore, denies them.

97.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 97 of Plaintiffs' Complaint and therefore, denies them.

98.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 98 of Plaintiffs' Complaint and therefore, denies them.

99.     Defendant denies the allegations set forth in Paragraph 99 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they

refer, which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 99 of Plaintiffs' Complaint and therefore, denies them.

100.    Defendant denies the allegations set forth in Paragraph 100 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

101.    Defendant denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

102.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 102 of Plaintiffs' Complaint and therefore, denies them.

103.    Defendant denies the allegations set forth in Paragraph 103 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Freyer's personnel records, which speak for themselves and are the best evidence of their contents.

104.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 104 of Plaintiffs' Complaint and therefore, denies them.

105.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 105 of Plaintiffs' Complaint and therefore, denies them. If the allegations in Paragraph 105 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

106.   Defendant denies the allegations set forth in Paragraph 106 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

107.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 107 of Plaintiffs' Complaint and therefore, denies them. If the allegations in Paragraph 107 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

108.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 108 of Plaintiffs' Complaint and therefore, denies them. If the allegations in Paragraph 108 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

109.   Defendant denies the allegations set forth in Paragraph 109 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

110.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 110 of Plaintiffs' Complaint and therefore, denies them. If the allegations in Paragraph 110 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

111.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 111 of Plaintiffs' Complaint and therefore denies them. If the

allegations in Paragraph 111 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

112.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 113 of Plaintiffs' Complaint and therefore, denies them. If the allegations in Paragraph 113 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

113.   Defendant denies the allegations set forth in Paragraph 113 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

114.   Defendant denies the allegations set forth in Paragraph 114 Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

115.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 115 of Plaintiffs' Complaint and therefore, denies them. If the allegations in Paragraph 115 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

116.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 116 of Plaintiffs' Complaint and therefore, denies them.

117.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 117 of Plaintiffs' Complaint and therefore, denies them.

118.    Defendant denies the allegations set forth in Paragraph 118 Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

119.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 119 of Plaintiffs' Complaint.

120.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 120 of Plaintiffs' Complaint.

121.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 121 of Plaintiffs' Complaint and therefore, denies them.

122.    Defendant denies the allegations set forth in Paragraph 122 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the document to which they refer, which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 122 of Plaintiffs' Complaint and therefore, denies them.

123.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 123 of Plaintiffs' Complaint and therefore, denies them.

124.    Defendant denies the allegations set forth in Paragraph 124 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the document to which they refer, which speaks for itself and is the best evidence of its contents.

125.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 125 of Plaintiffs' Complaint and therefore, denies them.

126.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 126 of Plaintiffs' Complaint and therefore, denies them.

127.     Defendant denies the allegations set forth in Paragraph 127 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the documents to which they refer, which speak for themselves and are the best evidence of their contents.

128.     Defendant denies the allegations set forth in Paragraph 128 of Plaintiffs' Complaint.

129.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 129 of Plaintiffs' Complaint and therefore, denies them. If the allegations in Paragraph 129 concern email correspondence, Defendant denies them to the extent they mischaracterize or are inconsistent with that correspondence, which speaks for itself and is the best evidence of its contents.

130.     Defendant admits Ms. Freyer filed an amended Charge of Discrimination with the EEOC. Defendant denies the allegations set forth in Paragraph 130 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with that amended Charge, which speaks for itself and is the best evidence of its contents.

131.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 131 of Plaintiffs' Complaint and therefore, denies them.

132.     Defendant denies the allegations set forth in Paragraph 132 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

133.     Defendant denies the allegations set forth in Paragraph 133 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

134.     Defendant denies the allegations set forth in Paragraph 134 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

135.     Defendant denies the allegations set forth in Paragraph 135 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

136.     Defendant denies the allegations set forth in Paragraph 136 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Frontier's personnel records and the email correspondence reference, which speak for themselves and are the best evidence of their contents.

137.     Defendant denies the allegations set forth in Paragraph 137 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

138.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 138 of Plaintiffs' Complaint and therefore, denies them.

139.     Defendant denies the allegations set forth in Paragraph 139 of Plaintiffs' Complaint.

140.     The allegations set forth in Paragraph 140 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

141.     The allegations set forth in Paragraph 141 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

142.     Defendant admits the allegations set forth in Paragraph 142 of Plaintiffs' Complaint.

143.     Defendant denies the allegations set forth in Paragraph 143 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the Ms. Beck's personnel records, which speak for themselves and are the best evidence of their contents.

144.     Defendant denies the allegations set forth in Paragraph 144 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the Ms. Beck's personnel records, which speak for themselves and are the best evidence of their contents.

145.     Defendant denies the allegations set forth in Paragraph 145 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the Ms. Beck's personnel records, which speak for themselves and are the best evidence of their contents.

146.     Defendant denies the allegations set forth in Paragraph 146 of Plaintiffs' Complaint.

147.     Defendant denies the allegations set forth in Paragraph 147 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the Ms. Beck's personnel records, which speak for themselves and are the best evidence of their contents.

148.     Defendant denies the allegations set forth in Paragraph 148 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Beck's personnel records, which speak for themselves and are the best evidence of their contents.

149.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 149 of Plaintiffs' Complaint. To the extent that the allegations set forth in Paragraph 149 of Plaintiffs' Complaint refer to email correspondence between Ms. Beck and Ms. Zeier, Defendant denies them to the extent they mischaracterize or are inconsistent with that email correspondence, which speaks for itself and is the best evidence of its contents.

150.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 150 of Plaintiffs' Complaint and therefore, denies them.

151.    Defendant denies the allegations set forth in Paragraph 151 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the letter to which they refer, which speaks for itself and is the best evidence of its contents.

152.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 152 of Plaintiffs' Complaint and therefore, denies them.

153.    Defendant denies the allegations set forth in Paragraph 153 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Beck's personnel records, which speak for themselves and are the best evidence of their contents.

154.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 154 of Plaintiffs' Complaint and therefore, denies them.

155.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 155 of Plaintiffs' Complaint and therefore, denies them.

156.    Defendant denies the allegations set forth in Paragraph 156 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

157.    Defendant denies the allegations set forth in Paragraph 157 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

158.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 158 of Plaintiffs' Complaint and therefore, denies them.

159. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 159 of Plaintiffs' Complaint and therefore, denies them.

160. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 160 of Plaintiffs' Complaint and therefore, denies them. Defendant further denies them to the extent they mischaracterize or are inconsistent with correspondence, which speaks for itself and is the best evidence of its contents.

161. Defendant denies the allegations set forth in Paragraph 161 of Plaintiffs' Complaint.

162. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 162 of Plaintiffs' Complaint and therefore, denies them.

163. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 163 of Plaintiffs' Complaint and therefore, denies them.

164. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 164 of Plaintiffs' Complaint and therefore, denies them.

165. Defendant denies the allegations set forth in Paragraph 165 of Plaintiffs' Complaint.

166. The allegations set forth in Paragraph 166 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

167. The allegations set forth in Paragraph 167 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

168. Defendant admits Ms. Beck filed an amended Charge of Discrimination with the EEOC. Defendant denies the allegations set forth in Paragraph 168 of Plaintiffs' Complaint to the

extent they mischaracterize or are inconsistent with that amended Charge, which speaks for itself and is the best evidence of its contents.

169.    Defendant admits the allegations set forth in Paragraph 169 of Plaintiffs' Complaint.

170.    Defendant denies the allegations set forth in Paragraph 170 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with  Ms. Zielinski's personnel records, which speak for themselves and are the best evidence of their contents.

171.    Defendant denies the allegations set forth in Paragraph 171 of Plaintiffs' Complaint.

172.    Defendant denies the allegations set forth in Paragraph 172 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Zielinski's personnel records, which speak for themselves and are the best evidence of their contents.

173.    Defendant denies the allegations set forth in Paragraph 173 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

174.    Defendant denies the allegations set forth in Paragraph 174 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

175.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 175 of Plaintiffs' Complaint and therefore, denies them.

176.    Defendant denies the allegations set forth in Paragraph 176 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

177.    Defendant denies the allegations set forth in Paragraph 177 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

178.    Defendant denies the allegations set forth in Paragraph 178 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

179.    Defendant denies the allegations set forth in Paragraph 179 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.

180.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 180 of Plaintiffs' Complaint and therefore, denies them.

181.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 181 of Plaintiffs' Complaint and therefore, denies them.

182.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 182 of Plaintiffs' Complaint and therefore, denies them.

183.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 183 of Plaintiffs' Complaint and therefore, denies them.

184.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 184 of Plaintiffs' Complaint and therefore, denies them.

185.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 185 of Plaintiffs' Complaint and therefore, denies them.

186.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 186 of Plaintiffs' Complaint and therefore, denies them.

187.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 187 of Plaintiffs' Complaint and therefore, denies them.

188.    Defendant denies the allegations set forth in Paragraph 188 of Plaintiffs' Complaint.

189.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 189 of Plaintiffs' Complaint and therefore, denies them.

190.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 190 of Plaintiffs' Complaint and therefore, denies them.

191.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 191 of Plaintiffs' Complaint and therefore, denies them.

192.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 192 of Plaintiffs' Complaint and therefore, denies them.

193.    Defendant denies the allegations set forth in Paragraph 193 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Zielinski's personnel records, which speak for themselves and are the best evidence of their contents.

194.    Defendant denies the allegations set forth in Paragraph 194 of Plaintiffs' Complaint.

195.    Defendant denies the allegations set forth in Paragraph 195 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Zielinski's personnel records, which speak for themselves and are the best evidence of their contents.

196.    Defendant admits Ms. Zielinski filed an amended Charge of Discrimination with the EEOC. Defendant denies the allegations set forth in Paragraph 196 of Plaintiffs' Complaint to

the extent they mischaracterize or are inconsistent with that amended Charge, which speaks for itself and is the best evidence of its contents.

197.    The allegations set forth in Paragraph 197 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

198.    Defendant admits Ms. Zielinski filed an amended Charge of Discrimination with the EEOC. Defendant denies the allegations set forth in Paragraph 198 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with that amended Charge, which speaks for itself and is the best evidence of its contents.

199.    Defendant denies the allegations set forth in Paragraph 199 of Plaintiffs' Complaint.

200.    The allegations set forth in Paragraph 200 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

201.    Paragraph 201 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

202.    Defendant admits the allegations set forth in Paragraph 202 of Plaintiffs' Complaint.

203.    Defendant denies the allegations set forth in Paragraph 203 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Kiedrowski 's personnel records, which speak for themselves and are the best evidence of their contents.

204.    Defendant denies the allegations set forth in Paragraph 204 of Plaintiffs' Complaint.

205.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 205 of Plaintiffs' Complaint and therefore, denies them.

206.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 206 of Plaintiffs' Complaint and therefore, denies them.

207.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 205 of Plaintiffs' Complaint regarding when Ms. Kiedrowski became pregnant with her second child and therefore, denies them. Defendant denies the remaining allegations set forth in Paragraph 207 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Kiedrowski 's personnel records, which speak for themselves and are the best evidence of their contents.

208.    Defendant denies the allegations set forth in Paragraph 208 of Plaintiffs' Complaint.

209.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 209 of Plaintiffs' Complaint regarding when Ms. Kiedrowski gave birth to her second child and therefore, denies them. Defendant denies the remaining allegations set forth in Paragraph 209 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Kiedrowski 's personnel records, which speak for themselves and are the best evidence of their contents.

210.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 210 of Plaintiffs' Complaint and therefore, denies them.

211.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 211 of Plaintiffs' Complaint and therefore, denies them.

212.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 212 of Plaintiffs' Complaint and therefore, denies them.

213.    Defendant denies the allegations set forth in Paragraph 213 of Plaintiffs' Complaint.

214.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 214 of Plaintiffs' Complaint and therefore, denies them.

215.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 215 of Plaintiffs' Complaint and therefore, denies them.

216.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 216 of Plaintiffs' Complaint and therefore, denies them.

217.    Defendant denies the allegations set forth in Paragraph 217 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the letter to which they refer, which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 217 of Plaintiffs' Complaint and therefore, denies them.

218.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 218 of Plaintiffs' Complaint and therefore, denies them.

219.    Defendant denies the allegations set forth in Paragraph 219 of Plaintiffs' Complaint.

220.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 220 of Plaintiffs' Complaint and therefore, denies them.

221.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 221 of Plaintiffs' Complaint and therefore, denies them.

222.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 222 of Plaintiffs' Complaint and therefore, denies them.

223.   Defendant denies the allegations set forth in Paragraph 223 of Plaintiffs' Complaint.

224.   Defendant denies the allegations set forth in Paragraph 224 of Plaintiffs' Complaint.

225.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 225 of Plaintiffs' Complaint and therefore, denies them.

226.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 226 of Plaintiffs' Complaint and therefore, denies them.

227.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 227 of Plaintiffs' Complaint and therefore, denies them.

228.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 228 of Plaintiffs' Complaint and therefore, denies them.

229.   Defendant denies the allegations set forth in Paragraph 229 of Plaintiffs' Complaint.

230.   Defendant denies the allegations set forth in Paragraph 230 of Plaintiffs' Complaint.

231.   The allegations set forth in Paragraph 231 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

232.   Defendant admits Ms. Kiedrowski filed an amended Charge of Discrimination with the EEOC. Defendant denies the allegations set forth in Paragraph 232 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with that amended Charge, which speaks for itself and is the best evidence of its contents.

233.     Defendant denies the allegations set forth in Paragraph 233 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the letter to which they refer, which speaks for itself and is the best evidence of its contents. The remaining allegations set forth in Paragraph 233 of Plaintiffs' Complaint, including its subparts, state a legal conclusion to which no response is required.

234.     Defendant denies the allegations set forth in Paragraph 234 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the letter to which they refer, which speaks for itself and is the best evidence of its contents.

235.     Defendant admits Plaintiffs Freyer, Beck, Kiedrowski, and Zielinski filed amended Charges of Discrimination with the EEOC and cross-filed with the CCRD. Defendant denies the allegations set forth in Paragraph 235 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the amended Charges, which speak for themselves and are the best evidence of their contents.

236.     The allegations set forth in Paragraph 236 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

237.     Defendant denies the allegations set forth in Paragraph 237 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the letters to which they refer, which speak for themselves and are the best evidence of their contents.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a), 2000e(k)**
**Disparate Treatment Because of Sex (Pregnancy)**

238.     Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-237 of Plaintiffs' Complaint.

27

239.     Defendant denies the allegations set forth in Paragraph 239 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

240.     Defendant denies the allegations set forth in Paragraph 240 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

241.     Defendant denies the allegations set forth in Paragraph 241 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policies and FAA standards to which they refer, which speak for themselves and are the best evidence of their contents.

242.     Defendant denies the allegations set forth Paragraph 242 of Plaintiffs' Complaint.

243.     The allegations set forth in Paragraph 243 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

244.     The allegations set forth in Paragraph 244 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

245.     The allegations set forth in Paragraph 245 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

## SECOND CAUSE OF ACTION
### Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e
### Disparate Treatment Because of Sex (Pregnancy)

246.     Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-245 of Plaintiffs' Complaint.

247.     Defendant denies the allegations set forth in Paragraph 247 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

248.    The allegations set forth in Paragraph 248 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

249.    Defendant denies the allegations set forth in Paragraph 249 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policies to which they refer, which speak for themselves and are the best evidence of their contents.

250.    The allegations set forth in Paragraph 250 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

251.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 251 of Plaintiffs' Complaint and therefore, denies them.

252.    The allegations set forth in Paragraph 252 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

253.    The allegations set forth in Paragraph 253 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

254.    The allegations set forth in Paragraph 254 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

255.    The allegations set forth in Paragraph 255 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

256.    The allegations set forth in Paragraph 256 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

257.    The allegations set forth in Paragraph 257 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

### THIRD CAUSE OF ACTION
**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e**
**Disparate Impact Because of Sex (Pregnancy)**

258.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-257 of Plaintiffs' Complaint.

259.    Defendant denies the allegations set forth in Paragraph 259 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policies to which they refer, which speak for themselves and are the best evidence of their contents.

260.    Defendant denies the allegations set forth in Paragraph 260 of Plaintiffs' Complaint.

261.    Defendant denies the allegations set forth in Paragraph 261 of Plaintiffs' Complaint.

262.    The allegations set forth in Paragraph 262 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

263.    Defendant denies the allegations set forth in Paragraph 263 of Plaintiffs' Complaint.

264.    The allegations set forth in Paragraph 264 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

265.    The allegations set forth in Paragraph 265 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

### FOURTH CAUSE OF ACTION
### Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e
### Disparate Treatment Because of Sex (Pregnancy and Lactation)

266.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-265 of Plaintiffs' Complaint.

267.    The allegations set forth in Paragraph 267 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

268.    Defendant denies the allegations set forth in Paragraph 268 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policies to which they refer, which speak for themselves and are the best evidence of their contents.

269.    The allegations set forth in Paragraph 269 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

270.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 270 of Plaintiffs' Complaint and therefore, denies them.

271.    The allegations set forth in Paragraph 271 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

272.    Defendant denies the allegations set forth in Paragraph 272 of Plaintiffs' Complaint.

273.    Defendant denies the allegations set forth in Paragraph 273 of Plaintiffs' Complaint.

274.    Defendant denies the allegations set forth in Paragraph 274 of Plaintiffs' Complaint.

275.    The allegations set forth in Paragraph 275 of Plaintiffs' Complaint state a legal conclusion to which new response is required.

276.    The allegations set forth in Paragraph 276 of Plaintiffs' Complaint state a legal conclusion to which new response is required.

277.    The allegations set forth in Paragraph 277 of Plaintiffs' Complaint state a legal conclusion to which new response is required.

278.    The allegations set forth in Paragraph 278 of Plaintiffs' Complaint state a legal conclusion to which new response is required.

279.    The allegations set forth in Paragraph 279 of Plaintiffs' Complaint state a legal conclusion to which new response is required.

## FIFTH CAUSE OF ACTION
### Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e
### Disparate Impact Because of Sex (Pregnancy and Lactation)

280.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-279 of Plaintiffs' Complaint.

281.    The allegations set forth in Paragraph 281 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

282.    Defendant denies the allegations set forth in Paragraph 282 of Plaintiffs' Complaint.

283.    The allegations set forth in Paragraph 283 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

284.    The allegations set forth in Paragraph 284 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

285.    The allegations set forth in Paragraph 284 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

286.    The allegations set forth in Paragraph 286 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

287.    The allegations set forth in Paragraph 287 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

288.    Defendant denies the allegations set forth in Paragraph 288 of Plaintiffs' Complaint.

289.    The allegations set forth in Paragraph 289 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

## SIXTH CAUSE OF ACTION
### WANMA, C.R.S. § 8-13.5-101, et seq.

290.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-289 of Plaintiffs' Complaint.

291.    Defendant denies the allegations set forth in Paragraph 291 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the statute to which they refer, which speaks for itself and is the best evidence of its contents.

292.    The allegations set forth in Paragraph 292 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

293.    Defendant denies the allegations set forth in Paragraph 293 of Plaintiffs' Complaint.

294.    Defendant denies the allegations set forth in Paragraph 294 of Plaintiffs' Complaint.

295.    The allegations set forth in Paragraph 295 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

296.    The allegations set forth in Paragraph 296 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

297.    The allegations set forth in Paragraph 297 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

## SEVENTH CAUSE OF ACTION
### Colo. Rev. Stat. Ann. § 24-34-402
### Disparate Treatment Because of Sex (Pregnancy)

298.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-297 of Plaintiffs' Complaint.

299.    Defendant denies the allegations set forth in Paragraph 299 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

300.    Defendant denies the allegations set forth in Paragraph 300 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

301.    Defendant denies the allegations set forth in Paragraph 301 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policies and FAA standards to which they refer, which speak for themselves and are the best evidence of their contents.

302.    Defendant denies the allegations set forth in Paragraph 302 of Plaintiffs' Complaint.

303.    The allegations set forth in Paragraph 303 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

304.    The allegations set forth in Paragraph 304 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

305.    The allegations set forth in Paragraph 305 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

306.    The allegations set forth in Paragraph 306 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

## EIGTH CAUSE OF ACTION
### Colo. Rev. Stat. Ann. § 24-34-402.3
### Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions

307.   Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-306 of Plaintiffs' Complaint.

308.   Defendant denies the allegations set forth in Paragraph 308 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with CADA to which they refer, which speaks for itself and is the best evidence of its contents.

309.   The allegations set forth in Paragraph 309 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

310.   The allegations set forth in Paragraph of 310 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

311.   Defendant denies the allegations set forth in Paragraph 311 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the provision of CADA to which they refer, which speaks for itself and is the best evidence of its contents.

312.   The allegations set forth in Paragraph 312 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

313.   Defendant denies the allegations set forth in Paragraph 313 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the provision of CADA to which they refer, which speaks for itself and is the best evidence of its contents.

314.   The allegations set forth in Paragraph 314 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

315.   The allegations set forth in Paragraph 315 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

316.   The allegations set forth in Paragraph 316 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

317.   The allegations set forth in Paragraph 317 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

318.   The allegations set forth in Paragraph 318 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

## NINTH CAUSE OF ACTION
### Colo. Rev. Stat. Ann. § 24-34-402
### Disparate Treatment Because of Sex (Pregnancy)

319.   Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-318 of Plaintiffs' Complaint.

320.   Defendant denies the allegations set forth in Paragraph 320 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

321.   The allegations set forth in Paragraph 321 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

322.   Defendant denies the allegations set forth in Paragraph 322 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

323.   The allegations set forth in Paragraph 323 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

324.   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 324 of Plaintiffs' Complaint and therefore, denies them.

325.   The allegations set forth in Paragraph 325 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

326.    The allegations set forth in Paragraph 326 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

327.    The allegations set forth in Paragraph 327 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

328.    The allegations set forth in Paragraph 328 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

329.    The allegations set forth in Paragraph 329 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

330.    The allegations set forth in Paragraph 330 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

**TENTH CAUSE OF ACTION**
**Colo. Rev. Stat. Ann. § 24-34-402**
**Disparate Impact Because of Sex (Pregnancy)**

331.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-330 of Plaintiffs' Complaint.

332.    Defendant denies the allegations set forth in Paragraph 332 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

333.    The allegations set forth in Paragraph 333 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

334.    Defendant denies the allegations set forth in Paragraph 334 of Plaintiffs' Complaint.

335.    The allegations set forth in Paragraph 335 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

336.    The allegations set forth in Paragraph 336 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

337.    The allegations set forth in Paragraph 337 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

338.    The allegations set forth in Paragraph 338 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

<u>**ELEVENTH CAUSE OF ACTION**</u>
**Colo. Rev. Stat. Ann. § 24-34-402.3**
**Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions**

339.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-337 of Plaintiffs' Complaint.

340.    The allegations set forth in Paragraph 340 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

341.    The allegations set forth in Paragraph 341 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

342.    Defendant denies the allegations set forth in Paragraph 342 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the law to which they refer, which speaks for itself and is the best evidence of its contents.

343.    Defendant denies the allegations set forth in Paragraph 308 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the statute to which they refer, which speaks for itself and is the best evidence of its contents.

344.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 344 of Plaintiffs' Complaint and therefore, denies them.

345.    The allegations set forth in Paragraph 345 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

346.    The allegations set forth in Paragraph 346 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

347.    The allegations set forth in Paragraph 347 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

348.    The allegations set forth in Paragraph 348 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

**TWELFTH CAUSE OF ACTION**
**Colo. Rev. Stat. Ann. § 24-34-402**
**Disparate Treatment Because of Sex (Pregnancy and Lactation)**

349.    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-348 of Plaintiffs' Complaint.

350.    The allegations set forth in Paragraph 350 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

351.    Defendant denies the allegations set forth in Paragraph 351 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.

352.    The allegations set forth in Paragraph 352 in Plaintiffs' Complaint state a legal conclusion to which no response is required.

353.    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 353 of Plaintiffs' Complaint and therefore, denies them.

354.    The allegations set forth in Paragraph 354 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

355.     Defendant denies the allegations set forth in Paragraph 355 of Plaintiffs' Complaint.

356.     Defendant denies the allegations set forth in Paragraph 356 of Plaintiffs' Complaint.

357.     Defendant denies the allegations set forth in Paragraph 357 of Plaintiffs' Complaint.

358.     The allegations set forth in Paragraph 358 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

359.     The allegations set forth in Paragraph 359 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

360.     The allegations set forth in Paragraph 360 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

361.     The allegations set forth in Paragraph 361 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

362.     Defendant denies the allegations set forth in Paragraph 362 of Plaintiffs' Complaint.

## THIRTEENTH CAUSE OF ACTION
### Colo. Rev. Stat. Ann. § 24-34-402
### Disparate Impact Because of Sex (Pregnancy and Lactation)

363.     Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-362 of Plaintiffs' Complaint.

364.     The allegations set forth in Paragraph 364 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

365.     Defendant denies the allegations set forth in Paragraph 365 of Plaintiffs' Complaint.

366.     The allegations set forth in Paragraph 366 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

367.     The allegations set forth in Paragraph 367 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

368.     The allegations set forth in Paragraph 368 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

369.     The allegations set forth in Paragraph 369 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

Responding to the "WHEREFORE" paragraph of Plaintiffs' Complaint, Defendant denies Plaintiffs are entitled to any of the relief sought in Plaintiffs' Complaint.

## JURY DEMAND

Responding to the "JURY DEMAND" paragraph in Plaintiffs' Complaint, Defendant states that the paragraph states a legal conclusion to which on response is required.

Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant reserves the right to rely upon the foregoing and following denials, affirmative and other defenses to the claims asserted in the Complain to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs and with the reservation of its rights to amend or supplement

its responses to the Complaint, as well as its defenses, as information is gathered through discovery.

1.      The Complaint fails to allege facts sufficient to state a claim that would support an award of any damages, including compensatory and punitive damages, against Defendant.

2.      Plaintiffs' claims are limited or barred to the extent they fall outside the scope of their Charges of Discrimination.

3.      Plaintiffs' claims are limited to or barred to the extent they failed to exhaust their administrative remedies.

4.      Plaintiffs' claims, or certain of them, are subject to statutory caps on damages and any damages awarded must be reduced to the level of the caps.

5.      Plaintiffs were not treated differently from similarly situated employees outside their protected class.

6.      Each and every action taken by Defendant with regard to Plaintiffs' employment was based on legitimate, non-discriminatory factors unrelated to gender, pregnancy, or pregnancy-related conditions, including but not limited to bona fide occupational qualifications and bona fide seniority systems.

7.      Plaintiffs' claims are barred because they failed to report any complaints or concerns regarding any alleged gender or pregnancy discrimination to Defendant's management.

8.      Defendant acted at all times in good faith, and Defendant consistently maintained, implemented, and enforced its policies in the workplace against discrimination and otherwise exercised reasonable care to prevent and promptly correct any claims of discrimination to which Plaintiffs claim they were subjected. Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities or to otherwise avoid harm.

9.      Plaintiffs are not entitled to punitive damages because the Complaint and the claims set forth therein fail to plead sufficient facts to support recovery of punitive damages.

10.     Plaintiffs are not entitled to special damages, double damages, liquidated damages, injunctive relief, and/or punitive damages because all actions regarding Plaintiffs were taken in good faith and for legitimate reasons, and without malice, willfulness, reckless indifference to Plaintiffs' protected rights, evil intent, discriminatory intent, or intent to violate any law.

11.     Plaintiffs' claims are barred, in whole or in part, because Defendant would have taken the same actions, irrespective of any alleged impermissible motivating factor(s), for legitimate, non-discriminatory and non-retaliatory reasons.

12.     Plaintiffs lack standing because they do not remain pregnant or breastfeeding and because they have no and cannot demonstrate that they have suffered a redressable injury.

13.     This Court lacks jurisdiction over Plaintiffs' claims, in whole or in part.

14.     Plaintiffs' state law claims are preempted by federal law.

15.     Plaintiffs' claims are time-barred in whole or in part by the applicable statutes of limitations.

16.     Plaintiffs' proposed classes are facially overbroad pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

17.     Plaintiffs' claims are barred, in whole or in part, to the extent they failed to provide timely notice of the need to take leave or to be provided with an accommodation and/or failed to provide Defendant sufficient information that any such leave or accommodation was for a qualifying reason.

18.     Plaintiffs' claims are barred, in whole or in part, because Defendant did not take any adverse action against Plaintiffs.

19.     To the extent any third party, agent, or employee of Defendant engaged in any unlawful conduct, such conduct was committed outside the course and scope of such individual's scope of authority, and was not authorized, adopted, or ratified by Defendant, and/or Defendant did not know nor should it have known of such conduct.

20.     Plaintiffs' claims are barred, in whole or in part, because Defendant neutrally applied the policies at issue.

21.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to seek or request mediation before filing their WANMA claim.

22.     Plaintiffs' claims are barred, in whole or in part, in that the policies and practices at issue in this case were reasonably necessary to the normal operation of Defendant's business.

23.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' pregnancies and/or lactation and/or the accommodations requested related to their pregnancies and/or lactation interfered with their ability to perform their jobs as pilots.

24.     Plaintiffs' claims are barred, in whole or in part, to the extent that providing Plaintiffs with the accommodations they requested would have caused Defendant undue hardship.

25.     Plaintiffs' claims are barred, in whole or in part, to the extent that the policies and practices challenged by Plaintiffs were job related and consistent with business necessity.

26.     Plaintiffs' claims are barred, in whole or in part, to the extent that a safety bona fide occupational qualification applies.

27.     Plaintiffs' claims are barred, in whole or in part, to the extent that accommodations requested by Plaintiffs would have violated a collective bargaining agreement.

28.     Plaintiffs' claims are barred, in whole or in part, to the extent that the accommodations they requested from Defendant would have encroached upon or violated a bona fide seniority system and/or merit system.

29.     Plaintiffs' claims are barred, in whole or in part, to the extent that the accommodations they requested from defendant would have encroached upon or violated a bona fide seniority system and/or merit system.

30.     Plaintiffs' claims are barred, in whole or in part, to the extent that Defendant based the challenged policies and practices on a bona fide seniority system and/or merit system.

31.     Plaintiffs' claims are barred, in whole or in part, in that having bargained for the benefits in their collective bargaining agreement, Plaintiffs cannot now complain that the very same policies they voluntarily agreed to discriminate against them.

32.     Plaintiffs' claims for damages or other relief may be barred or limited by the after-acquired evidence doctrine.

33.     Any acts or omissions by Defendant were not the proximate cause of any injuries allegedly suffered by Plaintiffs.

34.     Plaintiffs' damages, if any, are limited or barred because they are speculative.

35.     If the actions of any third party, agent, or former or current employees of Defendant are found to be wrongful in any way, then those actions cannot be attributed to Defendant, and Defendant is not vicariously liable.

36.     Plaintiffs' state-law claims are barred, in whole or in part, to the extent that Plaintiffs attempt to apply them extra-territorially outside of Colorado.

37.     Plaintiffs' claims fail to the extent they are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, and/or unclean hands.

38.     To the extent that Plaintiffs have failed to comply with their duties to mitigate their alleged damages, Plaintiffs' damages are barred or limited.

WHEREFORE, Defendant Frontier Airlines, Inc. requests that the Court: (1) dismiss Plaintiffs' Amended Complaint and Jury Demand [ECF #74] with prejudice; (2) deny Plaintiffs' demands and prayer for relief; (3) award Defendant its costs and reasonable attorneys' fees incurred in defense of this action; and (4) grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of October, 2021.

/s/ Danielle Kitson
Erin A. Webber
Danielle L. Kitson
Stephen E. Baumann , II
Carolyn B. Theis
Littler Mendelson P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
Email: ewebber@littler.com
        dkitson@littler.com
        sbaumann@littler.com
        catheis@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2021, I electronically filed and served the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND [ECF #74]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Galen L. Sherwin, Esq.
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY  10004
gsherwin@aclu.org

Mark Silverstein, Esq.
Sara R. Neel, Esq.
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO  80203
msilverstein@aclu-co.org
sneel@aclu-co.org

Jayme Jonat, Esq.
Karen Sebaski, Esq.
Vincent G. Levy, Esq.
Holwell, Shuster & Goldberg, LLP
425 Lexington Avenue, 14th Floor
New York, NY  10017
jjonat@hsgllp.com
ksebaski@hsgllp.com
Vlevy@hsgllp.com

*Attorneys for Plaintiffs*

s/Arlene Aguilar
Arlene Aguilar