# EXHIBIT D

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO | |
| RANDI FREYER, BRANDY BECK, ERIN ZIELINSKI, and SHANNON KIEDROWSKI<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>FRONTIER AIRLINES, INC.,<br><br>　　　　　　　　　　　　Defendant. | No. 19 Civ. 03468-CMA-SKC |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO FRONTIER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Frontier Airlines, Inc. ("Frontier") answer the following interrogatories and afterward supplement such interrogatory answers as necessary to comply with the requirements of Rule 33(b)(2)(A).

**DEFINITIONS AND INSTRUCTIONS**

　　1.　"Accommodation" means to take account of a medical condition, illness, on- or off-the-job injury or impairment, disability (temporary or permanent), loss of medical clearance, or other circumstance that renders a pilot unable to fly without such accommodation including but not limited to by modifying work duties or schedules, temporarily reassigning to a less strenuous or hazardous position or to a non-flying position, permitting more frequent or longer breaks, providing assistance with job duties, and/or granting leave.

　　2.　"Action" means the above-captioned civil action pending in the United States District Court for the District of Colorado.

1

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

4. "Any," "all," and "each" shall be construed broadly, and each shall mean each, any, and all as necessary to bring within the scope of the Requests all information that otherwise could be construed to be outside of their scope.

5. "Bid" means preferences submitted by a pilot through the Electronic Bid System.

6. "Concerning" means comprising, consisting of, concerning, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually concerned with the matter described, referred to, or discussed.

7. "Document" is used in its broadest sense and means any written, typed, printed, electronic, recorded, or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, emails, facsimiles, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices,

microfilm, voice-mails, instant messages, or other memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, and all similar documents. A draft or non-identical copy is a separate Document within the meaning of this term.

8. "Electronic Bid System" means an internet-based method for Pilots to access and modify their schedules.

9. "Identify" as to a Person means (a) first and last name, (b) date of birth, (c) sex, (d) present or last known address; (e) job title, and (f) date(s) of employment, and, as to employees, (g) an employee identification number or other unique identifier, specific to each such employee. "Identify" as to a Document means (a) the type of Document; (b) the general subject matter; (c) the date of the Document; (d) the author or authors; and (e) the recipients.

10. "Lactation" means the production and secretion of human milk by the mammary glands, including nursing, breastfeeding, chestfeeding, pumping and/or otherwise expressing breast milk."

11. "Lactation facility" means a permanent or temporary space designated for use by pilots and other employees to express breast milk.

12. "Person" means any natural person or any legal entity, regardless of form (e.g., corporation, partnership, LLC), including, without limitation, any business or governmental entity or association. Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person(s) who acted or purported to act on that person's behalf.

13. "Plaintiffs" means, collectively, Randi Freyer, Brandy Beck, Erin Zielinski, and Shannon Kiedrowski.

14. "Physiological needs break" means a break taken during non-critical phases of flight for purposes of satisfying any physiological need, as permitted under FAA regulations.

15. "Pregnancy, childbirth, and related conditions" means pregnancy, childbirth and delivery, and any physical or medical condition or impairment related to pregnancy, childbirth and delivery, including recovery from childbirth, post-partum complications or conditions, and Lactation.

13. The singular form of a word shall be construed as the plural and the plural as the singular, as necessary, to bring within the scope of these Interrogatories all information which may otherwise be considered to be beyond their scope.

14. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of these Interrogatories all information which might otherwise be considered to be beyond their scope.

15. Each Interrogatory should be interpreted broadly, so as to include all information that could be responsive to each Interrogatory. The fact that information may be responsive to more than one Interrogatory shall in no way limit the scope of any Interrogatory.

16. The Interrogatories shall be continuing, and prompt supplemental responses shall be required if Frontier obtains, or learns of the existence of, further or different information from the time of the answers hereto.

17. If you object to any part of an Interrogatory, answer all parts of such Interrogatory to which you do not object and, as to each part to which you do object, set forth the basis for the objection with specificity.

5

18.     Time Period. The time period covered by these Interrogatories, unless indicated otherwise in a specific Interrogatory, is from and including January 1, 2006 through the present.

19.     If Frontier should learn that any response to these Interrogatories was inaccurate or misleading, Frontier shall amend its response promptly after learning such information so as to cure any such inaccuracy or misleading nature.

# INTERROGATORIES

1. Identify all Documents containing Frontier's employment policies, procedures, and practices applicable to pilots at any time during the Time Period, including but not limited to written employment policies, flight operations manuals, personnel manuals, employee handbooks, and Collective Bargaining Agreements (including any Letters of Agreement).

2. Identify all Documents sufficient to show the policies governing the system used to Bid for and set pilots' duty schedules.

3. Identify all Documents sufficient to show the employment benefits (other than wages) provided or made available to pilots, including but not limited to medical and dental insurance, disability insurance, 401(k), retirement benefits, travel benefits, and life insurance.

4. Identify all individuals or personnel responsible for considering and responding to requests for Accommodation by pilots for a medical condition, disability, or other circumstance that renders them unable to fly without such Accommodation.

5. Identify all Documents Concerning policies governing the process by which pilots may seek an Accommodation for a medical condition, disability, or other circumstance that renders them unable to fly without such Accommodation.

6. Identify all pilots employed at Frontier Airlines as of January 1 for each year during the during the Time Period, and for each state (a) the individual's date of hire, pay grade (based on wage/pay-rate tables contained in the applicable Employee Handbook or collectively bargaining agreement in effect at the time); (b) the date(s) of any changes in pay grade and the amount of such new pay grades; and (c) the total number of hours the individual worked each year.

7. Identify all pilots who Frontier knows to have carried a pregnancy or pregnancies through birth or delivery, and for each describe (a) the employee's job title, rate of pay, and hours worked each year, including all changes in job title, new rate(s) of pay, and the date(s) of such changes; (b) the date(s) the pilot gave birth or delivered a child; (c) the beginning and end dates of any "maternity leave," FMLA, unpaid medical leave, or personal requested or leave taken for reasons related to pregnancy, childbirth, recovery from childbirth, post-partum medical issues or conditions, and Lactation; and (d) the employee's last known address, telephone number, and email address.

8. Identify all pilots whose employment at Frontier was terminated, who resigned, or who otherwise voluntarily separated from Frontier, and for each describe: (a) the date on which the termination, resignation, or separation occurred; (b) the duration of the employee's employment prior to termination, resignation, or separation; and (c) whether the termination was initiated by Frontier or by the employee or mutually agreed to.

9. Identify all pilots who requested an Accommodation, whether for reasons related to Pregnancy, childbirth, or related conditions or for any other reason, and for each describe: (a) the Accommodation(s) requested; (b) the date(s) the request(s) was made; (c) the reason the Accommodation was sought—including the medical condition or other circumstance, if known; (d) whether the Accommodation request was denied or granted; and (e) what, if any, Accommodation was granted.

10. Identify all routes and airports to which Frontier flies.

11. Identify and Describe any Lactation facilities on the aircraft or at facilities used for ground or concurrent training that Frontier made available to pilots. For purposes of this interrogatory, Describe means a description of the location of the Lactation facility, whether

it is located inside or outside of airport security and/or customs, and whether it is secured with a key, code, or other method to restrict access.

12. Identify and Describe any Lactation facilities at any airports to which Frontier flies that Frontier made available to pilots. For purposes of this interrogatory, Describe means provide a description of the location of the Lactation facility, including whether it is located inside or outside of airport security and/or customs, its approximate distance from the gate Frontier flights typically use for arrival and departure, state whether the facility is used for any purpose other than reasons related to Lactation, and indicate whether it is secured with a key, code, or other method to restrict access.

13. Identify all pilots who have been placed in ground positions or "non-flying" positions, either for reasons related to pregnancy and related conditions and Lactation, or for reasons other than pregnancy and related conditions and Lactation, including but not limited to on- or off-the-job injury, illness, impairment, medical condition, disability, or loss of medical clearance, and for each such individual describe (a) the reason for such placement(s) and (b) the date(s) and duration of the placement(s).

14. Identify all pilots who have been subject to any disciplinary action, including oral or written counseling or reprimand, temporary or permanent suspension, or imposition of any other penalty, for taking breaks while on duty, and for each, describe (a) the date(s) on which the conduct for which the pilot was disciplined occurred; (b) the conduct for which the pilot was disciplined; and (c) the nature of the disciplinary action taken.

15. Identify any charge, complaint, allegation, grievance and/or report, formal or informal, internal or otherwise, brought by a pilot against Frontier or any individual employee

or agent of Frontier, relating to any claims of discrimination on the basis of pregnancy or pregnancy-related conditions including Lactation.

Dated: New York, New York

December 16, 2020

By:    */s/ Jayme Jonat*

Jayme Jonat
Vincent Levy
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE
AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, New York 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: jjonat@hsgllp.com

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@alcu.org

Sara R. Neel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org

*Attorneys for Plaintiffs*