# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MELISSA HODGKINS, STACY REWITZER, RENEE SCHWARTZKOPF, and HEATHER CROWE, on behalf of themselves, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | No. 19 Civ. 03469-RM-MEH |

**PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO FRONTIER**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Frontier Airlines, Inc. ("Frontier") produce the documents in its possession, custody, or control that are responsive to the requests set forth below (the "Requests") within thirty days of service at the offices of Holwell Shuster & Goldberg LLP, 425 Lexington Avenue, New York, New York, 10017.

**DEFINITIONS AND INSTRUCTIONS**

1. "Accommodation" means to take account of a medical condition, illness, on- or off-the-job injury or impairment, disability (temporary or permanent), loss of medical clearance, or other circumstance that renders a flight attendant unable to fly without such accommodation, including but not limited to by modifying work duties or schedules, temporarily reassigning to a less strenuous or hazardous position or to a non-flying position,

1

permitting more frequent or longer breaks, providing assistance with job duties, and/or granting leave.

2. "<u>Action</u>" means the above-captioned civil action pending in the United States District Court for the District of Colorado.

3. "<u>And</u>" and "<u>or</u>" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

4. "<u>Any</u>," "<u>all</u>," and "<u>each</u>" shall be construed broadly, and each shall mean each, any, and all as necessary to bring within the scope of the Requests all information that otherwise could be construed to be outside of their scope.

5. "<u>Automated Bid System</u>" means a system that constructs monthly schedules for flight attendants based on his/her preference and seniority.

6. "<u>Bid</u>" means preferences submitted by a flight attendant through the Automated Bid System.

7. "<u>Concerning</u>" means comprising, consisting of, concerning, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually concerned with the matter or Document described, referred to, or discussed.

8. "<u>Document</u>" is used in its broadest sense and means any written, typed, printed, electronic, recorded, or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, emails, facsimiles, memoranda, notations, reports, analyses,

2

summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, voice-mails, instant messages, or other memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, and all similar documents. A draft or non-identical copy is a separate Document within the meaning of this term.

9. "Lactation" means the production and secretion of human milk by the mammary glands, including nursing, breastfeeding, chestfeeding, pumping and/or otherwise expressing breast milk.

10. "Lactation facility" means a permanent or temporary space designated for use by flight attendants and other employees to express breast milk.

11. "Named Plaintiffs" means, collectively, Melissa Hodgkins, Stacy Rewitzer, Renee Schwartzkopf, and Heather Crowe; individually, each a "Named Plaintiff."

12. "Person" means any natural person or any legal entity, regardless of form (e.g., corporation, partnership, LLC), including, without limitation, any business or governmental entity or association. Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person(s) who acted or purported to act on that person's behalf.

13. "Pregnancy, childbirth, and related conditions" means pregnancy, childbirth, and delivery, and any physical or medical condition or impairment related to pregnancy, childbirth and delivery, including recovery from childbirth, post-partum complications or conditions, and Lactation.

13. The singular form of a word shall be construed as the plural and the plural as the singular, as necessary, to bring within the scope of these Requests all information which may otherwise be considered to be beyond their scope.

14. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of these Requests all information which might otherwise be considered to be beyond their scope.

15. When Documents, data, knowledge or information in Frontier's possession, custody or control are requested, such Requests include the Documents, data, knowledge and information in the possession, custody or control of Frontier's attorneys, accountants, agents, representatives and experts, and any professional or Person retained by Frontier.

16. The Documents responsive to these Requests shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the enumerated categories in these Requests, but in either event shall be produced in a manner so as to indicate the file from which they were produced.

17. Electronic Documents should be produced in their native format.

18. Continuing Request. These Requests are continuing. If, after producing the requested Documents, Frontier obtains or becomes aware of further Documents responsive to these Requests, Frontier is required to produce such additional Documents.

19. <u>Privileged Matter.</u> In the event any Document is withheld, whether in whole or in part, on the basis of any privilege, Frontier shall produce as much of the Document concerned as to which no claim of privilege is made. With respect to Documents or portions of Documents for which a claim of privilege is made, state the following:

    a) The date of the Document;

    b) The general character type of Document (*i.e.*, letter, memorandum, notes of meeting, etc.);

    c) The identity of the Person in possession of the Document;

    d) The identity of the author of the Document;

    e) The identity of the original recipient(s), including any copied recipient(s) (indicated or blind) or holder(s) of the Document;

    f) The relationship of the author, addressee, and any other recipient;

    g) The general subject matter of the Document; and

    h) The legal basis, including each basis upon which the Document, or any part, has been withheld.

20. <u>Lost or Destroyed Documents.</u> If any Document responsive to these Requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such Document as completely as possible, including the following information: (a) contents; (b) author(s); (c) recipient(s); (d) sender(s); (e) copied recipient(s) (indicated or blind); (f) date prepared or received; (g) date of destruction or disposal; (h) manner of disposition; (i) Person(s) currently in possession of the Document; (j) Person(s) who participated in, or were involved in, the decision to destroy or dispose of such Document; (k) any Document retention or destruction policy under which such Document was destroyed or

5

disposed of and any and all Persons who participated in, or were involved in, the formulation of any such policy; and (l) the reason for the destruction or disposition of such Document.

21. **Partial Production.** If any Document responsive to these Requests cannot be produced in full, produce such Document to the extent possible, stating the reasons for Frontier's inability to produce the remainder, and stating whatever information, knowledge, or belief that Frontier has concerning the unproduced portion.

22. **Time Period.** The time period covered by these Requests, unless indicated otherwise in a specific request, is from and including January 1, 2006 through the present.

23. These Requests should be interpreted broadly, so as to include all Documents that could be responsive to these Requests.

24. If Frontier should learn that any response to these Requests was inaccurate or misleading, Frontier shall amend its response promptly after learning such information so as to cure any such inaccuracy or misleading nature.

## **DOCUMENT REQUESTS**

1. All Documents identified in your response to Interrogatory No. 1.

2. All Documents Concerning Frontier's written policies governing maternity, Pregnancy, childbirth, or related conditions such as Lactation.

3. All Documents Concerning Frontier's policies governing the system used to Bid for and set flight attendants' duty schedules.

4. All Documents Concerning Frontier's policies governing the process by which flight attendants may seek Accommodation for a medical condition, disability, or other circumstance that renders them unable to fly without such Accommodation.

5. For each flight attendant at Frontier, including but not limited to the Named Plaintiffs, complete payroll records and W-2 forms for every year of their employment with Frontier during the Time Period.

6. Documents sufficient to show the employment benefits (other than wages) Frontier provided or made available to flight attendants, including but not limited to medical and dental insurance, disability insurance, 401(k), retirement benefits, travel benefits, and life insurance, each year during the Time Period, including but not limited to Documents sufficient to show the average and median annual per-employee value of each such benefit.

7. For each flight attendant identified in your response to Interrogatory No. 7, all Documents Concerning the birth or delivery of their child, including their due date and any "maternity leave," FMLA, unpaid medical leave, or personal leave requested or taken for reasons related to pregnancy, childbirth, recovery from childbirth, post-partum medical issues or conditions, or lactation.

8. All Documents Concerning the termination of employment of flight attendants identified in your response to Interrogatory No. 8.

9. For each flight attendant identified in your response to Interrogatory No. 9, all Documents Concerning the request(s) for Accommodation sought by such flight attendant.

10. All Documents containing or describing any policies or practices, training materials, or safety protocols governing use of breaks for flight attendants while on duty.

11. All Documents Concerning any Lactation facilities on the aircraft or at facilities used for ground or concurrent training that Frontier made available to flight attendants during the Time Period.

12. All Documents Concerning Lactation facilities at any airports to which Frontier flies that Frontier made available to flight attendants during the Time Period.

13. For each flight attendant identified in your response to Interrogatory No. 13, all Documents Concerning that individual's placement in a ground position or "non-flying" position, including but not limited to Documents sufficient to show the basis for such placement.

14. For each flight attendant identified in your response to Interrogatory No. 14, all Documents Concerning such disciplinary action, including but not limited to Documents sufficient to show the reason for and nature of the disciplinary action taken.

15. For each flight attendant identified in your response to Interrogatory No. 15, All Documents Concerning any quantification, tallying, or analysis of flight attendants' accrual of points under the Dependability Policy during the Time Period, as described by the Employee Handbook, including but not limited to Documents sufficient to show (a) each point assigned or accrued; (b) the reason each such point was assigned or accrued (e.g. tardiness or

8

missed trip); (c) the date that each such point was given; and (d) for any points that were removed, Identify the date of and reason for such removal.

16. For each charge, complaint, allegation, grievance, and/or report identified in your response to Interrogatory No. 16, all Documents sufficient to show the basis for and outcome of such charge, complaint, allegation, grievance and/or report.

17. All Documents Concerning the EEOC charges filed by Named Plaintiffs relating to the claims in this matter.

18. For each Named Plaintiff, the complete personnel file(s), including the jacket or cover of the file.

19. For each Named Plaintiff, all correspondence or personnel records Concerning each such Named Plaintiff, regardless of whether they are contained in each such Person's respective personnel file, including, but not limited to, contracts, memoranda, email correspondence, and correspondence related to pregnancy and/or pregnancy-related conditions, including post-partum issues and Lactation.

20. All Documents Concerning the use or approval for use of portable electronic devices on the aircraft, including but not limited to any policies that were in effect or under consideration during the Time Period governing the use or approval for use of such devices, correspondence regarding approval of such devices, or a list of such approved devices.

Dated: New York, New York

December 16, 2020

By:    */s/ Jayme Jonat*

Vincent Levy
Jayme Jonat
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE
AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, New York 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: jjonat@hsgllp.com

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@alcu.org

Sara R. Neel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org

Juno Turner
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80219
Phone: 720-239-2060
Email: juno@towardsjustice.org

*Attorneys for Plaintiffs*

10