# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RANDI FREYER, BRANDY BECK, ERIN ZIELINSKI, and SHANNON KIEDROWSKI,

                              Plaintiffs,

-against-

FRONTIER AIRLINES, INC.,

                              Defendant.

No. 19 Civ. 03468-CMA-SKC

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO FRONTIER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Frontier Airlines, Inc. ("Frontier") answer the following interrogatories and afterward supplement such interrogatory answers as necessary to comply with the requirements of Rule 33(b)(2)(A).

**DEFINITIONS AND INSTRUCTIONS**

1. "Accommodation" means to take account of a medical condition, illness, on- or off-the-job injury or impairment, disability (temporary or permanent), loss of medical clearance, or other circumstance that renders a pilot unable to fly without such accommodation, including but not limited to by modifying work duties or schedules, temporarily reassigning to a less strenuous or hazardous position or to a non-flying position, permitting more frequent or longer breaks, providing assistance with job duties, and/or granting leave.

2. "Action" means the above-captioned civil action pending in the United States District Court for the District of Colorado.

1

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

4. "Any," "all," and "each" shall be construed broadly, and each shall mean each, any, and all as necessary to bring within the scope of the Requests all information that otherwise could be construed to be outside of their scope.

5. "Concerning" means comprising, consisting of, concerning, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually concerned with the matter described, referred to, or discussed.

6. "Document" is used in its broadest sense and means any written, typed, printed, electronic, recorded, or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, emails, facsimiles, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, voice-mails, instant messages, or other memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing,

and all similar documents. A draft or non-identical copy is a separate Document within the meaning of this term.

7. "<u>Identify</u>" as to a Person means (a) first and last name, (b) date of birth, (c) sex, (d) present or last known address; (e) job title, and (f) date(s) of employment, and, as to employees, (g) an employee identification number or other unique identifier, specific to each such employee. "Identify" as to a Document means (a) the type of Document; (b) the general subject matter; (c) the date of the Document; (d) the author or authors; and (e) the recipients.

8. "<u>Person</u>" means any natural person or any legal entity, regardless of form (e.g., corporation, partnership, LLC), including, without limitation, any business or governmental entity or association. Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person(s) who acted or purported to act on that person's behalf.

9. "<u>Plaintiffs</u>" means, collectively, Randi Freyer, Brandy Beck, Erin Zielinski, and Shannon Kiedrowski; individually, each a "Plaintiff."

10. "<u>Promotion</u>" means the advancement of an employee to a position that commands a higher rate of pay, higher level of responsibility, and/or higher level of authority.

11. The singular form of a word shall be construed as the plural and the plural as the singular, as necessary, to bring within the scope of these Interrogatories all information which may otherwise be considered to be beyond their scope.

12. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of these Interrogatories all information which might otherwise be considered to be beyond their scope.

13. Each Interrogatory should be interpreted broadly, so as to include all information that could be responsive to each Interrogatory. The fact that information may be responsive to more than one Interrogatory shall in no way limit the scope of any Interrogatory.

14. The Interrogatories shall be continuing, and prompt supplemental responses shall be required if Frontier obtains, or learns of the existence of, further or different information from the time of the answers hereto.

15. If you object to any part of an Interrogatory, answer all parts of such Interrogatory to which you do not object and, as to each part to which you do object, set forth the basis for the objection with specificity.

16. <u>Time Period.</u> The time period covered by these Interrogatories, unless indicated otherwise in a specific Interrogatory, is from and including January 1, 2010 through Dec. 31, 2020.

17. If Frontier should learn that any response to these Interrogatories was inaccurate or misleading, Frontier shall amend its response promptly after learning such information so as to cure any such inaccuracy or misleading nature.

4

## **INTERROGATORIES**

16. For each pilot identified in response to Interrogatory No. 7, identify (e) the date(s) the pilot notified Frontier that she was pregnant, (f) the pilot's due date, if known, (g) all requests by each such pilot for any type of leave under the Collective Bargaining Agreement, and/or federal or state law, including short-term disability, and (h) the type(s) of leave authorized.

17. For each pilot identified in response to Interrogatory No. 8, identify (d) the reason(s) for such termination, resignation or separation, including any internal data or codes associated with such reason(s) maintained by Frontier in the ordinary course of business.

18. For each pilot identified in response to Interrogatory No. 9, describe (f) for any Accommodation request that was denied, the reason(s) the Accommodation request was denied, including any internal data or codes associated with such reason(s) maintained by Frontier in the ordinary course of business.

19. Identify any pilot who was offered a promotion during the Time Period, including, for each, describing (a) the nature of the promotion offered; (b) whether such promotion was accepted or declined by the pilot; and (c) for each promotion that was offered and declined, the reason(s) for such declination, including any internal data or codes associated with such reason(s) maintained by Frontier in the ordinary course of business.

Dated: New York, New York

    June 14, 2021

By:    /s/ *Sara Neel*

Sara R. Neel
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org
Email: msilverstein@aclu-co.org

Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@alcu.org

Vincent Levy
Jayme Jonat
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE
AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, New York 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: vlevy@hsgllp.com
Email: jjonat@hsgllp.com
Email: ksebaski@hsgllp.com

*Attorneys for Plaintiffs*