IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03468-CMA-MEH
(Consolidated with Civil Action No. 19-cv-03469-CMA-MEH)


IN RE FRONTIER AIRLINES LITIGATION

---

**[PROPOSED] SCHEDULING ORDER**

---

## 1. APPEARANCES OF COUNSEL

| For the Plaintiffs | For the Defendant |
|---|---|
| Sara R. Neel<br>Mark Silverstein<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO<br>303 East 17thAvenue, Suite 350<br>Denver, CO 80203<br>Phone: 720-402-3107<br>Fax: 303-777-1773<br>Email: sneel@aclu-co.org<br>Email: msilverstein@aclu-co.org<br><br>Galen Sherwin<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>WOMEN'S RIGHTS PROJECT<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>Phone: 212-519-7819<br>Email: gsherwin@aclu.org<br><br>Vincent Levy<br>Jayme Jonat<br>Karen Sebaski<br>HOLWELL SHUSTER & GOLDBERG LLP<br>IN COOPERATION WITH THE AMERICAN CIVIL LIBERTIES UNION<br>425 Lexington Avenue, 14th Floor<br>New York, NY 10019<br>Phone: 646-837-5151<br>Fax: 646-837-5150<br>Email: vlevy@hsgllp.com<br>Email: jjonat@hsgllp.com<br>Email: ksebaski@hsgllp.com<br><br>Juno Turner<br>TOWARDS JUSTICE<br>P.O. Box 371680<br>PMB 44465<br>Denver, Colorado 80237 | Erin A. Webber<br>Danielle L. Kitson<br>LITTLER MENDELSON P.C.<br>1900 16th Street<br>Suite 800<br>Denver, CO 80202<br>Phone: 303-629-6200<br>Fax: 303-629-0200<br>Email: ewebber@littler.com<br>Email: dkitson@littler.com |

| Phone: 720-441-2236<br>Email: juno@towardsjustice.org | |
|---|---|

### 2. STATEMENT OF JURISDICTION

a. **Plaintiffs:**

The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because these consolidated cases raise claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). The Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has supplemental jurisdiction over Plaintiffs' Colorado state law claims under 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as Plaintiffs' federal statutory claims.

b. **Defendant:**

Defendant Frontier Airlines, Inc. ("Frontier") does not dispute that this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Frontier does dispute, however, that the Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act "does not create its own substantive cause of action; rather, it is 'remedial only, and is not itself a basis for federal subject matter jurisdiction.'" *Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 381 (D.S.C. 2019) (collecting cases and quoting *Volvo GM Heavy Truck Corp. v. United States*

*DOL*, 118 F.3d 205, 210 (4th Cir. 1997)). While Frontier does not dispute that the Court has supplemental jurisdiction over Plaintiffs' Colorado state law claims under 28 U.S.C. § 1367, Frontier takes the position that those claims are preempted by the Federal Aviation Act and Airline Deregulation Act. With respect to *Hodgkins et al. v. Frontier Airlines Inc.*, (the "Hodgkins Action"), Frontier further states that the Court's subject matter jurisdiction with respect to any putative class member or plaintiff joined in this action must be assessed to determine, among other things, such individual's standing to proceed and other justiciability challenges.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs:**

Plaintiffs in *Freyer et al. v. Frontier Airlines Inc.* (the "Freyer Action")—Randi Freyer, Brandy Beck, Erin Zielinski, and Shannon Keidrowski—are four female pilots at Frontier Airlines, with several decades of flying experience between them, who had children and breastfed their babies during their employment with Frontier. Named Plaintiffs in the Hodgkins Action—Melissa Hodgkins, Stacy Rewitzer, Renee Schwartzkopf, and Heather Crowe—are four female flight attendants at Frontier Airlines, with several decades of flying experience between them, who had children and breastfed their babies during their employment with Frontier. Named Plaintiffs in Hodgkins filed a putative class action on behalf of themselves and a class of similarly situated flight attendants.

Plaintiffs allege that Frontier Airlines unlawfully discriminated against them (and, as to Named Plaintiffs in the Hodgkins Action, the classes they represent) by forcing them onto unpaid leave during their pregnancies, failing to provide them with any

alternatives that would have enabled them to continue earning an income, and refusing to accommodate their medical needs related to lactation and breastfeeding upon their return to work. In addition, Named Plaintiffs in Hodgkins allege that Frontier Airlines unlawfully discriminated against them, and the classes they seek to represent, by penalizing pregnancy-related absences under its "Dependability Policy." Each of the Plaintiffs has been subject to and harmed by Frontier's unlawful policies and practices.

Plaintiffs allege that Frontier's policies and practices related to the treatment of pilots and flight attendants who are pregnant or breastfeeding has violated and continues to violate state and federal law, including: Title VII; the Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions, Colo. Rev. Stat. Ann. § 24-34-402.3; the Colorado Workplace Accommodations for Nursing Mothers Act, Colo. Rev. Stat. § 13-1- 124(1) ("WANMA"); and the Colorado Anti-discrimination Act, Colo. Rev. Stat. § 24-34- 401, *et seq*. ("CADA"). In the Hodgkins Action, Plaintiffs also challenge the Dependability Policy to which they are subject, bringing claims under Title VII and CADA, as well as under the Family and Medical Leave Act, 5 U.S.C. § 6381, *et seq*. ("the FMLA").  Plaintiffs seek declaratory and injunctive relief and monetary damages to redress the effects of Frontier's systemic, pervasive and discriminatory employment policies and practices.

  b. **Defendant:**

As to the Freyer Action: Plaintiffs in this Title VII action are four pilots who assert that Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and lactation. Among other things, they claim that Frontier should

have provided them with paid medical leave – even though no applicable law requires it. They further assert that the job-protected unpaid leave provided by Frontier (at least three years for Plaintiff Beck; 14 months for Plaintiffs Freyer and Zielinski; and seven months for Plaintiff Kiedrowski) was insufficient – even though the amount of leave granted was well in excess of what any applicable law requires.

Plaintiffs' 67-page Complaint, laced with inflammatory rhetoric and legal conclusion, is largely devoid of substance. The vast majority of the actions that Plaintiffs challenge are long time-barred, some extending as far back as 2010. Plaintiffs' Colorado statutory claims are preempted by federal law occupying the fields of aviation safety and air transportation services. Further, most of Plaintiffs' remaining causes of action fail to state a claim upon which relief can be granted.

When distilled down, Plaintiffs' timely claims in essence relate to Plaintiff Beck's and Plaintiff Freyer's requests for breaks of up to 25 minutes every two to four hours – while on duty, in flight – to pump breast milk in the aircraft's cockpit or lavatory. Their claims fail as a matter of law for a number of reasons, including, but not limited to the fact that they have not pointed to any other individuals or groups similar in their ability or inability to work who were granted the same accommodations. Plaintiffs' claims should be dismissed as a matter of law in their entirety, with the one exception of Plaintiff Freyer's First Cause of Action (as to Plaintiff Freyer only), and limited to her grounding in October 2015 at 32 weeks of pregnancy.

<u>As to the Hodgkins Action</u>: Plaintiffs in this Title VII action are four flight attendants who assert, on behalf of themselves an all others similarly situated under Rule 23, that

Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and lactation. Among other things, they claim that Frontier should have provided them with paid medical leave – even though no applicable law requires it. They further assert that the job-protected unpaid leave provided by Frontier was insufficient – even though the amount of leave granted was well in excess of what any applicable law requires.

Plaintiffs' 67-page Complaint, laced with inflammatory rhetoric and legal conclusion, is largely devoid of substance. The vast majority of the actions that Plaintiffs challenge are long time-barred, some extending as far back as 2013. Plaintiffs' Colorado statutory claims are preempted by federal law occupying the fields of aviation safety and air transportation services. Further, most of Plaintiffs' remaining causes of action fail to state a claim upon which relief can be granted.

<u>As to Both Actions</u>: For its defenses, Frontier asserts that Plaintiffs' Complaints fail to state a claim upon which relief may be granted. Plaintiffs' claims further fail because Plaintiffs did not timely exhaust their administrative remedies. Plaintiffs' claims are additionally barred, in whole or in part, by the applicable statutes of limitations. Moreover, Plaintiffs' state law claims are preempted by federal law. Plaintiffs' WANMA claim fails to the extent it is based on extraterritorial application.

As additional defenses, without limitation, Frontier will assert that Plaintiffs had a duty to mitigate any damages, and that any failure on their part to do so limits or eliminates any right to recovery. Plaintiffs' claims are subject to statutory caps or other limitations on remedies, and any damages awarded must be reduced to the level of the

caps or pursuant to other limitations.

Further, the challenged policies applied by Frontier do not result in a disparate impact on protected classes. In any event, there is no alternative policy that exists that would serve Frontier's legitimate goals with less discriminatory effect than the challenged policies. Some or all of the challenged policies are based on bona fide occupational qualifications. The challenged policies and practices are job related and consistent with business necessity.

Frontier will establish that its actions were at all times taken without malice, and without reckless indifference to Plaintiffs' federally protected rights. All actions taken by Frontier were taken in good faith, and were based on legitimate, non-discriminatory reasons. Frontier at all times has made good faith attempts to comply with the law, including but not limited to, by adopting policies and procedures designed to prevent unlawful discrimination.

Additionally, Plaintiffs' request for declaratory relief fails because no administratively exhausted substantial controversy of sufficient immediacy exists between the parties now, on a going forward basis. A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply proclaim liability from a past act. Plaintiffs here seek a declaration based entirely on past acts.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

a. Defendant Frontier Airlines, Inc., is a Colorado corporation with a principal

      place of business located in Denver, Colorado.

  b. Plaintiffs in the Freyer Action are all currently employed as pilots for Frontier.

  c. On May 6, 2016, Plaintiffs in the Freyer Action each filed charges with the Equal Employment Opportunity Commission, cross-filed with the Colorado Civil Rights Division.

  d. As to the Freyer Action, all Plaintiffs gave birth to at least one child during the time period when they were employed as pilots at Frontier.

  e. Named Plaintiffs in the Hodgkins Action are all currently employed as flight attendants for Frontier.

  f. As to the Hodgkins Action, the terms and conditions of Plaintiffs' employment with Frontier were governed by the applicable collective bargaining agreement with the Association of Flight Attendants as that agreement changed from time to time during Plaintiffs' employment.

Further undisputed facts may be determined upon Frontier's filing of an Answer, or in the course of discovery and filing of any dispositive motions.

**5. COMPUTATION OF DAMAGES**

  a. **<u>Plaintiffs:</u>**

Plaintiffs seek economic and non-economic damages, including compensatory damages, restitution, penalties, liquidated damages, exemplary damages, punitive damages, and pre-judgment and post-judgment interest, as provided by law (and, in the Hodgkins Action, both on behalf of themselves individually and on behalf of the class they seek to represent). Additional detail regarding Plaintiffs' preliminary

computation of damages has been set forth in Plaintiffs' initial disclosures and interrogatory responses. A more complete and precise computation of Plaintiffs' damages, to the extent Plaintiffs' damages are subject to such computation, will be provided during the normal course of discovery and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter. Damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000). Plaintiffs also seek attorney's fees and costs under federal and Colorado law.

  b. **Defendant:**

Frontier is not seeking damages per se, but reserves its right to seek prevailing party attorneys' fees and costs.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

   a. **Date of Rule 26(f) meeting.**

      1. **Freyer Action:** August 12, 2020.

      2. **Hodgkins Action:** October 22, 2020.

   b. **Names of each participant and party he/she represented.**

      1. **Freyer Action:** Galen Sherwin for the Plaintiffs; Danielle Kitson for Frontier.

      2. **Hodgkins Action:** Galen Sherwin and Jayme Jonat for the Plaintiffs; Danielle Kitson and Stephen Bauman for Frontier.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**
   1. **Freyer Action:** Were made on **August 31, 2020**. Plaintiffs made supplemental initial disclosures on **May 28, 2021**.
   2. **Hodgkins Action:** Were made on **November 19, 2020.** Plaintiffs made supplemental initial disclosures on **May 28, 2021**.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

   In the Freyer Action, the parties agreed to exchange initial disclosures on or before August 31, 2020. In the Hodgkins Action, the parties agreed to exchange initial disclosures on or before November 19, 2020. Plaintiffs served supplemental initial disclosures on May 28, 2021.

e. **Statement concerning any agreements to conduct informal discovery.**

   None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

   Counsel for the parties have agreed to work together to resolve discovery disputes as they may arise. Counsel for the parties will agree on a unified exhibit numbering system. The parties have agreed to make all productions electronically wherever possible.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

   The parties do not anticipate that the case will involve extensive electronically

stored information. The parties are conferring on an ESI protocol and search terms in connection with their production of documents. .

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

In the Hodgkins Action, the parties have participated in four settlement conferences, on May 14, 2020, June 4, 2020, July 21, 2020, and September 24, 2020. In the Freyer Action, the parties have participated in three settlement conferences conducted by Judge Hegarty, on May 13, 2020, June 4, 2020, and July 15, 2020. In each action, the settlement conferences were conducted by Judge Hegarty in an attempt to reach a mutually acceptable resolution. Although the discussions in both actions reached an impasse, the parties now are considering private mediation.

**7. CONSENT**

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

<u>As to the Hodgkins Action</u>: As directed by the Court at the parties' Scheduling Conference, discovery will proceed in two phases. In the first phase, the parties will conduct discovery only regarding Plaintiffs' individual claims and discovery necessary to support or oppose class certification pursuant to Fed. R. Civ. P. 23 ("Phase One Discovery"). Any remaining discovery, such as expert and fact discovery about the individual facts and circumstances of any absent class members (beyond the facts and circumstances relevant to class certification, such as those necessary to address

commonality, typicality, or predominance pursuant to Fed. R. Civ. P. 23) ("Phase Two Discovery"), will be deferred until after the Court's ruling on class certification.

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

   **Freyer Action:** Each side may take 10 depositions and each side may serve 25 interrogatories including discreet subparts.

   **Hodgkins Action:**

   - Phase One Discovery: Limit of 10 depositions and 25 interrogatories per side.
   - Phase Two Discovery: Limit of 25 interrogatories per side. Deposition limits to be determined by the parties and the Court after the size of the class has been determined, if a class is certified.

b. **Limitations which any party proposes on the length of depositions.**

   Depositions shall not exceed 1 day of 7 hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

   **Freyer Action:** 30 Requests for Production per side. 30 Requests for Admission per side.

   **Hodgkins Action:**

   - Phase One Discovery: 25 requests for production, and 25 requests for admission per side.
   - Phase Two Discovery: 25 requests for production, and 25 requests for admission per side.

d. **Other Planning or Discovery Orders**

   The parties proposed and the Court has entered a Protective Order in each action.

9.  **CASE PLAN AND SCHEDULE**

    a.  **Deadline for Joinder of Parties and Amendment of Pleadings:**

        1.  **Freyer Action: December 23, 2020**

        2.  **Hodgkins Action: December 21, 2020**

    b.  **Discovery Cut-off:**

        <u>Parties to Substantially Complete Productions</u>:

        Initial Substantial Completion: All comparator data permitted under D.E. 135, *Freyer*, and D.E. 105, *Hodgkins*, and all responsive, non-privileged documents that hit on search terms agreed upon by the parties shall be produced within 90 days of entry of this Consolidated Amended Scheduling Order.

        Final Substantial Completion: 90 days after a Court's final decision on Plaintiff's respective Motions to Compel, including any objections raised thereto pursuant to FRCP 72(a).

        <u>Last Day to Serve Written Fact Discovery</u>: 45 days before the fact discovery cutoff

        <u>Fact Discovery Cutoff</u>:

        Freyer Action: 120 days after final substantial completion

        Hodgkins Action (Phase 1): 150 days after final substantial completion

        <u>Expert Discovery Cutoff</u>:

        Freyer Action: 60 days after the designation of experts

        Hodgkins Action (Phase 1): 60 days after the designation of experts

        <u>Opening of Phase Two Discovery (Hodgkins)</u>: Upon the Court's ruling on Plaintiffs' motion for class certification

        <u>Phase Two Discovery Cutoff (Hodgkins)</u>: Six months after the Court's ruling on Plaintiffs' motion for class certification, including final resolution of any appeals.

        <u>Dispositive Motion Deadline:</u>

Freyer Action: 30 days after expert discovery cutoff

Hodgkins Action:

- Motions for class certification to be filed 30 days after Phase One Expert Discovery Cutoff.

- Dispositive motions as to the named Plaintiffs to be filed 60 days after Phase One Expert Discovery Cut-off.

- Dispositive motions as to absent class members to be filed within 30 days following the close of Phase Two Discovery.

c. **Expert Witness Disclosure:**

1. **The parties shall identify anticipated fields of expert testimony, if any**

    At this time, both sides anticipate possibly using expert witnesses in the fields of lactation, airline safety, company policies and practices, as well as damages.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

    Each side is limited to 3 retained experts in each of the two consolidated cases.

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) as follows:**

    Freyer Action: 30 days after the Fact Discovery Cutoff.

    Hodgkins Action (Phase One): 30 days after the designation of experts in the Freyer Action.

    Hodgkins Action (Phase Two): 60 days prior to the Phase Two Discovery Cutoff

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) as follows:**

    Freyer Action: 30 days after expert witness disclosures.

    Hodgkins Action (Phase One): 30 days after expert witness disclosures.

Hodgkins Action (Phase Two): 30 days prior to the Phase Two Discovery Cutoff

   d. **Identification of Persons to Be Deposed:**

The parties are continuing to exchange discovery and therefore are not able to identify the particular persons to be deposed.

   e. **Deadline for Interrogatories:**

Parties must serve interrogatories no later than 45 days before the Fact Discovery Cutoff.

   f. **Deadline for Requests for Production of Documents and/or Admissions**

Parties must serve requests for admissions and requests for production of documents no later than 45 days before the Fact Discovery Cutoff.

10. **DATES FOR FURTHER CONFERENCES**

   a. A **telephone** final pretrial conference will be held in this case on **a date to be set at a future time.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

11. **OTHER SCHEDULING MATTERS**

   a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

   The parties were unable to reach an agreement on the production of comparator data. Plaintiffs moved to compel in the Freyer and Hodgkins Actions, and their objection to the resulting discovery order is *sub judice*.

   b. **Anticipated length of trial and whether trial is to the court or jury.**

   This is a jury trial. The parties anticipate that a jury trial will take approximately 7

days.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amend only upon a showing of good cause.

DATED at Denver, Colorado, this ____day of November, 2021.

BY THE COURT:

_____
Magistrate Judge Michael Hegarty