1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03468-CMA-MEH

RANDI FREYER, et al.,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

**[PROPOSED] SCHEDULING ORDER**

---

## 1. APPEARANCES OF COUNSEL

| For the Plaintiffs | For the Defendant |
|---|---|
| Sara R. Neel<br>Mark Silverstein<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO<br>303 East 17thAvenue, Suite 350<br>Denver, CO 80203<br>Phone: 720-402-3107<br>Fax: 303-777-1773<br>Email: sneel@aclu-co.org<br>Email: msilverstein@aclu-co.org<br><br>Aditi Fruitwala<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION WOMEN'S RIGHTS PROJECT<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>Phone: 332-204-2768<br>Email: afruitwala@aclu.org<br><br>Vincent Levy<br>Jayme Jonat<br>Karen Sebaski<br>HOLWELL SHUSTER & GOLDBERG LLP IN COOPERATION WITH THE AMERICAN CIVIL LIBERTIES UNION<br>425 Lexington Avenue, 14th Floor<br>New York, NY 10019<br>Phone: 646-837-5151<br>Fax: 646-837-5150<br>Email: vlevy@hsgllp.com<br>Email: jjonat@hsgllp.com<br>Email: ksebaski@hsgllp.com | Erin A. Webber<br>Carolyn Theis<br>LITTLER MENDELSON P.C.<br>1900 16th Street<br>Suite 800<br>Denver, CO 80202<br>Phone: 303-629-6200<br>Fax: 303-629-0200<br>Email: ewebber@littler.com<br>Email: catheis@littler.com<br><br>Peter Petesch<br>LITTLER MENDELSON P.C.<br>815 Connecticut Avenue, NW, Suite 400<br>Washington, DC  20006-4046<br>Phone: 202-842-3400<br>Fax: 202-842-0011<br>Email: ppetesch@littler.com |

### 2. STATEMENT OF JURISDICTION

   a. **Plaintiffs:**

The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case raises claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). The Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has supplemental jurisdiction over Plaintiffs' Colorado state law claims under 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as Plaintiffs' federal statutory claims.

   b. **Defendant:**

Defendant Frontier Airlines, Inc. ("Frontier") does not dispute that this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Frontier does dispute, however, that the Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act "does not create its own substantive cause of action; rather, it is 'remedial only, and is not itself a basis for federal subject matter jurisdiction.'" *Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 381 (D.S.C. 2019) (collecting cases and quoting *Volvo GM Heavy Truck Corp. v. United States DOL*, 118 F.3d 205, 210 (4th Cir. 1997)). While Frontier does not dispute that the Court has supplemental jurisdiction over Plaintiffs' Colorado state law claims under 28 U.S.C. § 1367, Frontier takes the position that those claims are preempted by the Federal Aviation Act and Airline Deregulation Act.

### 3. STATEMENT OF CLAIMS AND DEFENSES

  a. **Plaintiffs:**

Plaintiffs in this case are four female pilots at Frontier Airlines, with several decades of flying experience between them, who had children and breastfed their babies during their employment with Frontier. Plaintiffs allege in their amended complaint, filed on January 21, 2021, that Frontier Airlines unlawfully discriminated against them by forcing them onto unpaid leave during their pregnancies, failing to provide them with any alternatives that would have enabled them to continue earning an income, and refusing to accommodate their medical needs related to lactation and breastfeeding upon their return to work. Each of the Plaintiffs has been subject to and harmed by Frontier's unlawful policies and practices.

Plaintiffs allege that Frontier's policies and practices related to the treatment of pilots who are pregnant or breastfeeding has violated and continues to violate state and federal law, including: Title VII; the Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions, Colo. Rev. Stat. Ann. § 24-34-402.3; the Colorado Workplace Accommodations for Nursing Mothers Act, Colo. Rev. Stat. § 13-1- 124(1) ("WANMA"); and the Colorado Anti-discrimination Act, Colo. Rev. Stat. § 24-34- 401, *et seq*. ("CADA"). Plaintiffs seek declaratory and injunctive relief and monetary damages to redress the effects of Frontier's systemic, pervasive and discriminatory employment policies and practices.

On February 4, 2021, Defendants filed a motion to dismiss Plaintiffs' amended complaint, which motion this court denied in its entirety on September 30, 2021.

b. **Defendant:**

Plaintiffs in this multi-count action are four pilots who assert that Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and lactation. Among other things, they claim that Frontier should have provided them with paid medical leave – even though no applicable law requires it. They further assert that the job-protected unpaid leave provided by Frontier (at least three years for Plaintiff Beck; 14 months for Plaintiffs Freyer and Zielinski; and seven months for Plaintiff Kiedrowski) was insufficient – even though the amount of leave granted was well in excess of what any applicable law requires.

Plaintiffs' 70-page Amended Complaint, containing unnecessary narratives and legal conclusions, is largely devoid of substance. Substantial portions of the actions that Plaintiffs challenge are time-barred, some tracing to factual allegations extending as far back as 2010-13. Plaintiffs' Colorado statutory claims are preempted by federal law occupying the fields of aviation safety and air transportation services. Further, most of Plaintiffs' remaining causes of action fail to state a claim upon which relief can be granted. Upon the completion of discovery, Defendant maintains and expects to support the defenses previously argued in its prior motion to dismiss.

When distilled down, Plaintiffs' timely claims in essence relate to Plaintiff Beck's and Plaintiff Freyer's requests for breaks of up to 25 minutes every two to four hours – while on duty, in flight – to pump breast milk in the aircraft's flight deck (a/k/a cockpit) or lavatory. Their claims fail as a matter of law for a number of reasons, including, but not limited to the fact that they have not pointed to any other individuals or groups similar

in their ability or inability to work who were granted the same accommodations.

For its defenses, Frontier further asserts that Plaintiffs' claims fail because Plaintiffs did not timely exhaust their administrative remedies. Plaintiffs' claims are additionally barred, in whole or in part, by the applicable statutes of limitations. Moreover, Plaintiffs' state law claims are preempted by federal law. Plaintiffs' WANMA claim also fails to the extent it is based on extraterritorial application.

As additional defenses, without limitation, Frontier will assert that Plaintiffs had a duty to mitigate any damages, and that any failure on their part to do so limits or eliminates any right to recovery. Plaintiffs' claims are subject to statutory caps or other limitations on remedies, and any damages awarded must be reduced to the level of the caps or pursuant to other limitations.

Further, the challenged policies applied by Frontier do not result in a disparate impact on protected classes. In any event, there is no alternative policy that exists that would serve Frontier's legitimate air safety goals with less discriminatory effect than the challenged policies. Some or all of the challenged policies are based on bona fide occupational qualifications. The challenged policies and practices are job related and consistent with business necessity.

Frontier will establish that its actions were at all times taken without malice, and without reckless indifference to Plaintiffs' federally protected rights. All actions taken by Frontier were taken in good faith, and were based on legitimate, non-discriminatory reasons. Frontier at all times has made good faith attempts to comply with the law, including but not limited to, by adopting policies and procedures designed to prevent

unlawful discrimination.

Additionally, Plaintiffs' request for declaratory relief fails because no administratively exhausted substantial controversy of sufficient immediacy exists between the parties now, on a going forward basis. A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply proclaim liability from a past act. Plaintiffs here seek a declaration based entirely on past acts.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

a. Defendant Frontier Airlines, Inc., is a Colorado corporation with a principal place of business located in Denver, Colorado.

b. Plaintiffs are all currently employed as pilots for Frontier.

c. On May 6, 2016, Plaintiffs each filed charges with the Equal Employment Opportunity Commission, cross-filed with the Colorado Civil Rights Division.

d. All Plaintiffs gave birth to at least one child during the time period when they were employed as pilots at Frontier.

Further undisputed facts may be determined in the course of discovery and filing of any dispositive motions.

**5. COMPUTATION OF DAMAGES**

a. **Plaintiffs:**

Plaintiffs seek economic and non-economic damages, including compensatory damages, restitution, penalties, liquidated damages, exemplary damages, punitive

7

damages, and pre-judgment and post-judgment interest, as provided by law. Additional detail regarding Plaintiffs' preliminary computation of damages has been set forth in Plaintiffs' initial disclosures and interrogatory responses. A more complete and precise computation of Plaintiffs' damages, to the extent Plaintiffs' damages are subject to such computation, will be provided during the normal course of discovery and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter. Damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000). Plaintiffs also seek attorney's fees and costs under federal and Colorado law.

b. **Defendant:**

Frontier is not seeking damages but reserves its right to seek prevailing party attorneys' fees and costs.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P.26(f)**

   a. **Date of Rule 26(f) meeting.** August 12, 2020.

   b. **Names of each participant and party he/she represented.**

   Galen Sherwin and Jayme Jonat for the Plaintiffs.

   Danielle Kitson for Frontier.

   c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

   Rule 26(a)(1) disclosures were made on August 31, 2020. Plaintiffs made

8

supplemental initial disclosures on May 28, 2021.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties agreed to exchange initial disclosures on or before August 31, 2020. Plaintiffs served supplemental initial disclosures on May 28, 2021.

e. **Statement concerning any agreements to conduct informal discovery.**

None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Counsel for the parties have agreed to work together to resolve discovery disputes as they may arise. Counsel for the parties will agree on a unified exhibit numbering system. The parties have agreed to make all productions electronically wherever possible.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have agreed to negotiated search terms from which to provide responsive and non-privileged material; they also conferred and finalized an ESI protocol in connection with their production of documents. Plaintiffs' productions were substantially complete as of June 30, 2022. Defendant also substantially completed production of approximately 12,000 documents and encountered an unexpected volume of material for review, resulting in ongoing supplementation of its production

electronically stored information (ESI) and an ongoing privilege review.

   h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have participated in three settlement conferences conducted by Judge Hegarty, on May 13, 2020, June 4, 2020, and July 15, 2020. In each action, the settlement conferences were conducted by Judge Hegarty in an attempt to reach a mutually acceptable resolution. The parties also participated in a private mediation on June 3, 2022, though they were unable to resolve their dispute.

7. **CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

8. **DISCOVERY LIMITATIONS**

   a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Each side may take 10 fact depositions and each side may serve 25 interrogatories including discreet subparts.

   b. **Limitations which any party proposes on the length of depositions.**

Depositions shall not exceed 1 day of 7 hours.

   c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

30 Requests for Production per side.

30 Requests for Admission per side.

   d. **Other Planning or Discovery Orders**

The parties proposed and the Court has entered a Protective Order.

9. **CASE PLAN AND SCHEDULE**

    a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

    December 23, 2020

    b. **Discovery Cut-off:**

    Last Day to Serve Requests for Admission:  December 20, 2022

    Fact Discovery Cutoff:  January 20, 2023

    Expert Discovery Cutoff:  May 22, 2023

    c. **Dispositive Motion Deadline:**

    June 22, 2023

    d. **Expert Witness Disclosure:**

    1. **The parties shall identify anticipated fields of expert testimony, if any**

        At this time, both sides anticipate possibly using expert witnesses in the fields of lactation, airline safety, company policies and practices, as well as damages.

    2. **Limitations which the parties propose on the use or number of expert witnesses.**

        Each side is limited to 3 retained experts.

    3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 10, 2023.**

    4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 21, 2023.**

e. **Identification of Persons to Be Deposed:**

The parties are continuing to exchange discovery and therefore are not able to identify all of the particular persons to be deposed, beyond the Plaintiffs and certain Frontier employees previously identified as likely deponents by Plaintiffs.

f. **Deadline for Interrogatories:**

Parties must serve interrogatories no later than October 10, 2022

g. **Deadline for Requests for Production of Documents and/or Admissions**

Parties must serve requests for production of documents no later October 10, 2022. Parties must serve requests for admission no later than December 20, 2022.

10. **DATES FOR FURTHER CONFERENCES**

a. A **telephone** final pretrial conference will be held in this case on **a future date mutually convenient for the Court and the parties.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

11. **OTHER SCHEDULING MATTERS**

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

 None at this time.

b. **Anticipated length of trial and whether trial is to the court or jury.**

This is a jury trial for those portions of the claims triable by jury. The parties anticipate that a jury trial will take approximately 7 days.

    c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amend only upon a showing of good cause.

DATED at Denver, Colorado, this ___day of November, 2022.

                                                                      BY THE COURT:

_____
Magistrate Judge Michael Hegarty